David R. Stickney, Esq. (CA State Bar No. 188574)
BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel.: (858) 793-0070
Fax: (858) 793-0323
davids@blbglaw.com

*Liaison Counsel for Plaintiff and Putative Class*

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL TORCZYNER, individually, on behalf of himself, and all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>STAPLES, INC.,<br><br>                Defendant. | Case No. **'16CV2965 JLS  JLB**<br><br>CLASS ACTION COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. JURISDICTION AND VENUE ..............................................................................3

III. PARTIES ..................................................................................................................4

IV. CLASS ACTION ALLEGATIONS ........................................................................4

V. SUBSTANTIVE ALLEGATIONS ..........................................................................6

    A. Background ..................................................................................................6

    B. Defendant Unfairly And Deceptively Discounts Qualifying Purchase Amounts ..............................................................................7

FIRST CLAIM FOR RELIEF .............................................................................................10

SECOND CLAIM FOR RELIEF .........................................................................................11

THIRD CLAIM FOR RELIEF .............................................................................................12

Plaintiff, Neil Torczyner, individually and on behalf of all others similarly situated, by the undersigned attorneys, for his class action complaint alleges as follows:

## I. INTRODUCTION

1. It is alleged that Staples, Inc. ("Staples") engaged in a deceptive scheme whereby it purported to offer and provide to Plaintiff and the Class—as Staples Rewards Program Members ("Members")—credit for a certain percentage of his/her/their total Qualifying Purchase Amount ("Rewards Points") for purchases made during the applicable calendar quarter when, in fact, Members received credit in amounts far less than the represented percentage of their Qualifying Purchase Amount. Specifically, Staples took affirmative steps to ensure that its Members received Program credit at rates well *below* the percentage represented of Purchase Amount by applying coupons used on exempted items (*i.e.,* items that do not constitute as a "Qualifying Purchase") on a pro rata basis across all purchases made—including "Qualifying Purchases" which should be added in their entirety to a Member's quarterly total Qualifying Purchase Amount causing them to accrue fewer Rewards Points than represented. By employing this deceptive method of calculating Rewards Points, Staples shorted its Members' account credit which could have been used towards the purchase of most merchandise in Staples' stores, online at staples.com, or by phone.

2. For example, on February 20, 2013, Plaintiff purchased two Lysol sanitizing wipes at $3.99 each and one Poland Spring water at $4.49. Plaintiff further redeemed a $1.50 coupon for the Poland Spring water during this transaction. This coupon was to be specifically applied to the purchase of Poland Spring water and could not be applied to anything else purchased at Staples. The Poland Spring water constituted a non-qualifying purchase under the Program and Plaintiff received zero rewards points as a result. The more commonly scrutinized cash register receipt accurately reflected that the $1.50 coupon was being applied directly to the Poland

Spring water purchase. Plaintiff should have received $7.98 in rewards points (two Lysol sanitizing wipes at $3.99 each). However, to Plaintiff's surprise, after logging into his Rewards Program account on the www.Staples.com website, he learned that he had received only $7.02 in rewards points for this transaction. Upon further investigation, Plaintiff discovered that Staples deceptively applied the $1.50 coupon on a pro rata basis across all three purchases—despite its applicability to only the non-qualifying purchase. As reflected, only in the Rewards Program webpage, Staples applied $0.96 of the $1.50 Poland Spring water coupon to the two Lysol wipes purchases (and $0.54 to the Poland Spring water purchase—which, in any event, could not be added to Plaintiff's rewards account in any amount as a non-qualifying purchase). Plaintiff's February 20, 2013 sales receipt for one Poland Spring water (for $4.49) and two Lysol Sanitizing wipes (for $3.99 each) and an itemized print-out of the Rewards Points Plaintiff received for said transaction are annexed hereto as Exhibit A.

3. Thus, Staples engaged in, and continues to engage in, an egregious misleading and deceptive practice designed to take advantage of its Members. Per the Staples Rewards Program and Conditions (the "Program")that were in effect when Plaintiff made his purchase (annexed hereto as Exhibit B), "Members' accounts will receive credit for Qualifying Purchases . . . made during the applicable calendar quarter if the Reward minimum . . . is met. Qualifying Purchase Amount is the amount paid at checkout after application of all promotions, coupons and Rewards redemption." It is simply unfair and deceptive to apply coupons redeemable only for non-qualifying purchases under the Program on a pro rata basis across all purchases made in the same transaction—including merchandise qualifying under the Program. Indeed, Defendant's sale receipts conceal this practice and apply coupons only to a single item—the item for which the coupon applies. This practice violates statutory and common law.

4. It is alleged that Defendant's misconduct violates the Massachusetts

Consumer Protection Act, Massachusetts General Laws Chapter 93A, which prohibits unfair and deceptive business practices, and constitutes common law breach of contract and breach of the implied covenant of good faith and fair dealing.

5. Plaintiff brings this action on behalf of himself and all other similarly situated United States Staples Rewards Program Members who, during the Class Period, [1] bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, and [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting. Plaintiff's allegations are based upon knowledge as to himself and upon information and belief based upon, among other things, the investigation of his attorneys, including a review of Defendant's public documents, Defendant's company website, Staples Rewards Program brochures, Staples Rewards Program Terms and Conditions, and news articles and information readily obtainable on the Internet.

## II. JURISDICTION AND VENUE

6. The claims asserted herein involve violations of the Massachusetts General Laws Chapter 93A, which prohibits unfair and deceptive acts and practices, and common law breaches of contract and the duty of good faith and fair dealing. In compliance with Mass. Gen. Law Ch. 93A, on March 25, 2013, Plaintiff served a demand letter on the general counsel of Staples, Inc.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d) (diversity). Plaintiff is a citizen of New York and other members of the proposed Class, numbering thousands, are citizens of states different from that of the Defendant (Massachusetts). See 28 U.S.C. § 1332(d)(2)(A). Additionally, the matter in controversy exceeds the sum of $5,000,000, exclusive of interests and costs. See *id.* § 1332(d)(2).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Defendant transacts substantial business or has agents in this District.

## III. PARTIES

9. Plaintiff resides in the State of New York, County of Nassau. Plaintiff is a Staples Rewards Program Member. As a Rewards Program Member, Plaintiff is entitled to obtain credit based on a percentage of his total Qualified Purchase Amount every calendar quarter so long as he reaches the minimum amount. This credit can then be used towards the purchase of most merchandise at Staples stores, on its company website, and ordered via its "800" telephone number. On several occasions, including but not limited to January 4, 2013 and February 20, 2013, Plaintiff purchased merchandise at Staples' Garden City Park, New York store where he redeemed at least one coupon for a non-qualifying purchase. On such occasions, the sale receipt showed coupon deductions applied in toto for one particular item (i.e., the item for which the item-specific coupon could be used). Upon later discovery, however, Plaintiff learned that coupons redeemed for non-qualifying purchases under the Rewards Program were being applied pro rata across all purchases made in a single transaction—including qualifying items—for the purposes of calculating his rewards points (i.e., his total qualifying purchase amount).

10. Defendant Staples, Inc. ("Staples") is a corporation organized under the laws of the State of Delaware, with its principal executive headquarters located at 500 Staples Drive, Framingham, Massachusetts 01702. Staples is a large office products company. It provides businesses and consumers in North America, Europe, Australia, South America, and Asia with a variety of products, an integrated retail and online shopping experience, and a wide range of copy, print, and technology services.

## IV. CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class, consisting of all Staples Rewards Program Members who, [1] bought a Rewards-eligible product and a non-

Rewards eligible product in the same transaction, [2] used an item-specific coupon on a non-Rewards eligible product, and [3] were negatively impacted by Staples' pro-rata coupon accounting since on or about March 24, 2009 up to the present (the "Class Period"). The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are many thousands of Class members. Class members may be identified from records maintained by Defendant.

12. Plaintiff's claims are typical of the claims of the Class, as all Class members were and are similarly affected by Defendant's wrongful conduct in violating state consumer protection statutes and the common laws that are complained of herein. Plaintiff and each of the Class members entered into uniform contracts to become Staples Rewards Program Members in exchange for receiving a percentage of all qualifying purchases made at Staples in the form of Rewards credit. Defendant's deceptive and unfair practices, misrepresentations, omissions, and concealed facts, were uniformly directed to the Class by Defendant. Plaintiff and the other Class members have sustained monetary damages resulting from Defendant's deceitful and improper practices.

13. Plaintiff will fairly and adequately represent and protect the interests of the other Class members and has retained counsel competent and experienced in class action litigation.

14. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to the Class are:

    (a) whether Defendant violated Massachusetts Consumer Protection Act Chapter 93A through its deceitful and improper conduct as alleged herein;

(b) whether Defendant breached its contracts with customers, including the implied covenant of good faith and fair dealing; and

(c) whether Plaintiff and Class members suffered damages, and to what extent.

15. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. As the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

16. Each of the Class members maintains or maintained membership in Defendant's Rewards Program and received fewer Rewards points per transaction—and thus fewer Rewards credit—that included at least one qualifying item and one coupon redeemable for a non-qualifying item.

## V. **SUBSTANTIVE ALLEGATIONS**

### A. **Background**

17. Rewards programs are utilized by retailers in order to track consumer purchases with regard to location, merchandise type, and quantity. Members of such programs generally give various personal information including names, mailing addresses, phone numbers, and email addresses in exchange for the opportunity to earn store credit and receive special coupons. Information of this kind enables retailers to plan future locations, help improve current locations, and to help marketing departments build a successful brand image. Indeed, often targeted advertisements are emailed or mailed to members of rewards programs with inducements—such as coupons—to make purchases with that particular retailer. It is the hope of many retailers to gain brand loyalty among its rewards program members and to serve as a one-stop-shop for all of a consumer's needs.

18. Plaintiff became a Staples Rewards Program Member in December 2005 and remains a Member to date. Staples induced Plaintiff to join its Rewards Program by offering varying percentages of money spent on certain items back in the form of Rewards (*i.e.*, store credit redeemable within a certain period of time). In exchange for the opportunity to receive Rewards on purchases, Staples asked for certain personal information including, but not limited to, name, mailing address, and email address. Upon enrolling in the Staples' Rewards Program by providing said information, Plaintiff became a Rewards Program Member.

19. Over the past several years, Staples has varied what constitutes a "qualified purchase" (*i.e.*, which items or services are eligible for receiving reward credit) and the percentage of money spent on such qualifying purchases that a member could receive in the form of credit, but it has always maintained a consistent policy regarding the use of coupons. Indeed, the use of coupons by members in its Rewards Program is only pertinent with regards to the terms and conditions of the program when calculating the Qualifying Purchase Amount. The terms go on to state that "Qualifying Purchase Amount is the amount paid at checkout after application of all promotions, coupons and Rewards redemption" (Exhibit B).

**B.   Defendant Unfairly And Deceptively Discounts Qualifying Purchase Amounts**

20. Defendant induced Plaintiff to become a member of its Rewards Program through the offer of Rewards credit which could be used on future purchases made with Defendant. Plaintiff entered into this agreement with the understanding, and Defendant represented, that the Qualifying Purchase Amount for each qualifying item would equal the total pre-tax purchase price of the item less promotional discounts, coupons and Rewards redemption that could be applied to that particular item. Indeed, Defendant uses item-specific deductions for coupons on its sale receipts (Exhibit A). Defendant unfairly and deceptively, however, applies coupons on a pro rata basis across all items purchased in a single transaction, thereby

discounting the Qualifying Purchase Amount of each qualifying item. Going unnoticed by Plaintiff and the Class for some time, Defendant's unfair and deceptive practice of discounting Qualifying Purchase Amount has enabled it to improperly gain a marketing advantage and brand loyalty under the guise that it was most loyal to its Rewards Program Members.

21. In addition to Plaintiff, numerous, if not almost all, Staples' Rewards Program Members have fallen victim to Defendant's deceptive and unfair practice of applying coupons on a pro rata basis across all items in a single transaction, thereby discounting the Member's qualified purchase amount. Internet discussion boards concerning consumer products reveal numerous accounts of Staples Rewards Program Members falling victim to the same practice that Plaintiff alleges herein. Indeed, Members' surprise and displeasure with the practice upon discovering it evinces the unreasonableness and lack of mutual assent between each Member and Defendant. An Internet search for discussion boards evincing other instances of Members injured as a result of Defendant's unfair and deceptive practice reveals as follows:

| Date | Name | Text | Source |
|---|---|---|---|
| 1/13/2011 | Hellyea81 | "I bought the batteries this last cycle and saw errors in my rewards payouts. Here's what happens if you used a coupon on any item on your receipt. The system adds up the total coupon amount used, and prorates it across ALL of your items on your receipt, including those items that the coupon was not applied to. In my case, I used the 20% off Office Supplies Coupon and got some savings on the binders I bought. The coupon did not deduct anything from my $12.99 Battery Purchase.<br>On   my Staples Rewards,   it shows:<br>Item No Item Description Qty. Price Coupons Total Spend Rewards           Earned<br>846026         DURACELL COPPERTOP AAA 20 PK 100% back on select Batteries 2 $12.99 -$3.12 $22.86 $22.86<br>So even though I paid $12.99 x 2 = $25.98, I only got back $22.86 in rewards.<br>I called their 800 # (Impossible to find, its 800-793-3320) and they sent me a separate reward for $3.12. The rep agreed with the error.<br>Personally I bet this applies to a lot of us, and would move to Hot Deals, but I'll let the Mods decide that." | http://www.fatwallet.com/forums/deal-discussion/1065653/ |

| Date | Name | Text | Source |
|---|---|---|---|
| 1/08/2012 | The2AMBearArms responding | "Yeah, it's really stupid. Even coupons that are intended for one specific product get prorated over all items by their register system. If you call them, they'll probably issue you a courtesy coupon (by mail) for the difference." | http://slickdeals.net/f/3801986-Staples-Rewards-is-reducing-reward-for-coupons-that-don-t-apply-to-items |

# FIRST CLAIM FOR RELIEF

## Violation of Massachusetts Regulation of Business Practice and Consumer Protection Act

22. Plaintiff repeats and realleges the allegations set forth above as if set forth fully herein.

23. Section 2 of Chapter 93A the Massachusetts General Laws states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." This practice was aimed at the loyal consumers of a large retailer of office goods and services.

24. Defendant's misconduct and actions, as described above, constitute deceptive and unfair business practices in violation of the Massachusetts Consumer Protection Act.

25. Defendant's deceptive acts, practices, and scheme, and its false representations and omissions concerning its calculation of qualified purchase amount, were made in the course of conducting its business, trade, commerce and services in Massachusetts and through the United States.

26. Defendant's conduct, which was directed at consumers, including Plaintiff and other Class members, violated the Massachusetts Consumer Protection Act, which requires proper disclosure and equitable relationships between businesses and consumers.

27. Defendant's conduct also contravened its duty of good faith and fair

dealing, which the Massachusetts Consumer Protection Act implies in transactions between consumers and businesses.

28. Defendant's misrepresentations and omissions were likely to mislead reasonable consumers acting reasonably under the circumstances.

29. The damages sustained by Plaintiff and the other Class members were a direct and foreseeable result of, and were proximately caused by, Defendant's deceptive business practices.

30. Defendant acted at least negligently, but also recklessly or intentionally, and with improper intent, knowledge constructive knowledge, and willfulness, requiring the trebling of damages.

31. As a result of Defendant's actions, Plaintiff and other Class members have been injured and damaged in an amount to be determined at trial.

32. On March 25, 2013, pursuant to the Massachusetts Consumer Protection Act, c. 93A, Plaintiff sent a letter by first class mail, annexed hereto as Exhibit C, to Defendant informing it of Plaintiff's anticipated claim under c. 93A for damages as a result of Defendant's unfair and deceptive business practices. On April 24, 2013, Defendant responded to Plaintiff's letter, however, Defendant's response was meritless and its offer of settlement was inadequate and unreasonable.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

33. Plaintiff and the other Class members expressly contracted with Staples to provide Rewards credit in exchange for supplying it with personal information and allowing it to track their purchases. The contracts entered into by Plaintiff and the other Class members expressly provided that Qualifying Purchase Amount would equal the pre-tax purchase price of qualifying items less promotions, coupons and rewards redemption as they applied to a particular item.

34. As alleged above, in breach of its express contracts with Plaintiff and the other Class members, Staples took affirmative steps to distribute coupons

effective only for non-qualifying items on a pro rata basis across all items purchased in a single transaction.

35. By employing this discounting technique while calculating its Members' qualified purchase amount, Staples breached its contracts with Plaintiff and the other Class members.

36. As a direct, foreseeable, and proximate result of Defendant's aforesaid misconduct, Plaintiff and the other Class members sustained substantial damages, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### Breach of Implied Covenant of Good Faith and Fair Dealing

37. Plaintiff repeats and reiterates the allegations forth above as though fully set forth herein.

38. Implied in every contract, including the uniform Staples Rewards Program agreements between Defendant and Plaintiff and the Class members, is a covenant of good faith and fair dealing.

39. Staples had a duty of good faith and fair dealing in its performance of the agreement alleged herein. Staples had a duty to desist from doing anything that would have the effect of destroying or injuring the right of Plaintiff and the other Class members to receive the fruits of their contracts (i.e., Rewards credit). Staples' bad faith conduct in developing a scheme or practice to discount its Members' qualified purchase amount per transaction prevents the same from receiving the full rewards benefits as agreed upon. Indeed, Staples' use of applying coupons to single items on sale receipts evinces its bad faith and attempt to deceive its loyal Members. Staples has thus breached its contracts with Plaintiff and the other Class members, including each contract's implied covenant of good faith and fair dealing.

40. As a direct, foreseeable, and proximate result of Defendant's aforesaid misconduct, Plaintiff and the other Class members sustained substantial damages, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, and certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory and punitive damages in favor of Plaintiff and the other Class members against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be determined at trial, including pre- and post-judgment interest thereon;

(c) Requiring Defendant to account for and/or pay in damages to Plaintiff and the other Class members the amounts by which Defendant benefited due to Defendant's wrongful conduct;

(d) Awarding Plaintiff and the other Class members their reasonable costs and expenses incurred in this action, including counsel fees and costs, and expert fees and costs; and

(e) Such other and further relief as the Court may deem just and proper.

# JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: December 6, 2016

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

By: */s/ David R. Stickney*
    David R. Stickney

12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com

*Liaison Counsel for Plaintiff and Proposed Putative Class*

HACH ROSE SCHIRRIPA & CHEVERIE LLP
Frank R. Schirripa
Michael A. Rose
185 Madison Avenue, 14th Floor
New York, New York 10016
Tel: (212) 213-8311
Fax: (212) 779-0028
fschirripa@hrsclaw.com
mrose@hrsclaw.com

*Counsel for Plaintiff and Proposed Putative Class*