David R. Stickney, Esq. (CA State Bar No. 188574)
BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel.: (858) 793-0070
Fax: (858) 793-0323
davids@blbglaw.com

*Liaison Counsel for Plaintiff and Putative Class*

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL TORCZYNER, individually, on behalf of himself, and all others similarly situated,<br><br>                       Plaintiff,<br><br>      v.<br><br>STAPLES, INC.,<br><br>                     Defendant. | Case No.  16cv2965 JLS JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (2) PROVISIONAL CLASS CERTIFICATION, (3) DISTRIBUTION OF CLASS NOTICE, AND (4) SCHEDULING OF FAIRNESS HEARING** |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................iii-iv

I.      INTRODUCTION ........................................................................................1

II.     STATEMENT OF THE FACTS ..................................................................2

     A.    Plaintiff's Allegations ........................................................................2

     B.    Relevant Procedural History ..............................................................3

     C.    Plaintiff's Extensive Investigation And Efforts ................................4

     D.    Mediation And Settlement Negotiations ............................................5

III.    THE SETTLEMENT TERMS .....................................................................5

     A.    The Settlement Class ..........................................................................5

     B.    Relief To The Class ............................................................................5

     C.    Proposed Class Representative's Incentive Payment..........................6

     D.    Attorneys' Fees And Costs.................................................................7

     E.    Settlement Administration And Notice...............................................7

     F.    Objections And Opt-Out Procedures .................................................8

IV.     ANALYSIS...................................................................................................9

     A.    The Law Favors Settlement................................................................9

     B.    The Preliminary Approval Process ..................................................10

     C.    The Settlement Should Be Preliminarily Approved .........................10

          1.    The Settlement Enjoys A Presumption Of Fairness Because The Negotiations Were Conducted At Arm's Length .......................................................................11

          2.    Counsel Engaged In Extensive Investigation And Prosecution....................................................................12

          3.    The Settlement Suffers From No Obvious Deficiencies...................................................................12

          4.    The Incentive Award Is Reasonable .........................12

          5.    The Attorneys' Fees And Costs Are Reasonable .....13

          6.    The Proponents Of The Settlement Are Experienced In Similar Litigation................................15

7.    The Proposed Settlement Class Warrants Certification ...............................................................15

D.    The Proposed Form And Method Of Class Notice Satisfies Due Process.............................................18

V.    CONCLUSION.............................................................19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Activision Sec. Litig.*,
    723 F. Supp. 1373 (N.D. Cal. 1989)...................................................................14

*Alberto v. GMRI, Inc.*,
    252 F.R.D. 652 (E.D. Cal. 2008) .......................................................................10

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)....................................................................................10, 15

*Browning v. Yahoo! Inc.*,
    2007 WL 4105971 (N.D. Cal. Nov. 16, 2007) ...................................................18

*Gautreaux v. Pierce*,
    690 F.2d 616 (7th Cir.1982) .............................................................................11

*Gen. Tel. Co. of the Nw., Inc. v. EEOC*,
    446 U.S. 318 (1980)..........................................................................................16

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ..............................................................14, 16, 17

*In re HP Laser Printer Litig.*,
    2011 WL 3861703 (C.D. Cal. Aug 31, 2011) ....................................................11

*Jaffe v. Morgan Stanley & Co., Inc.*,
    2008 WL 346417 (N.D. Cal. Feb. 7, 2008) .......................................................15

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
    350 F.3d 1018 (9th Cir. 2003) ..........................................................................17

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004).......................................................................10

*Officers for Justice v. Civil Serv. Comm'n of the City and County of
    San Francisco*,
    688 F.2d 615 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983) ...............9, 10

*In re Pac. Enter. Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995) ..............................................................................14

*In re Portal Software, Inc. Sec. Litig.*,
    2007 WL 1991529 (N.D. Cal. Jun. 30, 2007) ...................................................16

*Rannis v. Recchia*,
    380 Fed. Appx. 646 (9th Cir. 2010)...................................................................16

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ..............................................................................13

*Singer v. Becton Dickinson and Co.*,
    2010 WL 2196104 (S.D. Cal. June 1, 2010) ......................................................13

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008) ..............................................................................9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    2011 WL 7575003 (N.D. Cal. Dec. 27, 2011).....................................................13

*In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales*
    *Practices Litig.*,
    2011 WL 1877630 (N.D. Cal. May 17, 2011).....................................................13

*Williams v. MGM-Pathe Comm'n Co.*,
    129 F.3d 1026 (9th Cir. 1997) ............................................................................14

*Young v. Polo Retail, LLC*,
    2006 WL 3050861 (N.D. Cal. Oct. 25, 2006) ....................................................11

**Statutes, Rules & Regulations**

*2 Newberg on Class Actions*, § 11.41 (4th ed. 2002) .............................................11

Federal Rules of Civil Procedure Rule 23 ........................................................*passim*

Manual for Complex Litigation (Fourth) § 21.632 (2004) ..........................10, 11, 15

Massachusetts Regulation of Business Practice and Consumer
    Protection Act, M.G.L. Ch. 93A, § 1, *et seq.* ......................................................3

# I.    **INTRODUCTION**

Plaintiff and Proposed Class Representative Neil Torczyner ("Torczyner" or "Plaintiff" or "Proposed Class Representative"), and Defendant Staples, Inc. ("Staples"), have reached an agreement resolving all claims asserted in this Action on a Class-wide basis.   Accordingly, the Plaintiff seeks an order from this Court: (a) preliminarily approving the proposed settlement; (b) provisionally certifying the Class and appointing the Proposed Class Representative and appointing Class Counsel; (c) approving the proposed notice and authorizing its dissemination; and (d) setting dates and procedures for the fairness hearing, including deadlines for Class members to object to or request exclusion from the settlement.

This action arises out of claims that certain members of Staples Rewards Program ("Rewards Program") should have earned more Rewards when they made certain types of purchase transactions.  Although both sides believe their respective positions in the action are meritorious, they have concluded that it is in the best interests of Plaintiff, the putative Class, and Staples to resolve this Action on the terms provided in the proposed Settlement.

This Settlement that is the subject of this motion for preliminary approval will offer benefits to Class members who were enrolled in, and made purchases in connection with, the Rewards Program from March 24, 2009 to the present.[1]  With a maximum estimated value of more than ***$2 million***, the proposed settlement provides meaningful relief to the Class members. Specifically, the settlement provides that the Defendant will distribute, to each Class member who submits a claim, Settlement Rewards of $10.  In addition to this sum, Staples agrees to make meaningful changes to its Terms and Conditions for product-specific coupons that would disclose the manner in which they are used to calculate Staples Rewards Points ("Rewards Points"), providing additional value to all Class members as well

---

[1] Defendants have stated that they do not and will not oppose this motion.

as future Staples consumers.

Each Class member will receive direct and indirect notice advising them of their rights under the Settlement Agreement And Release ("Settlement Agreement"), including their rights to make a claim to the Settlement Rewards, opt out of the Settlement, or be heard by the Court. This will ensure that Class members are fully informed and have ample opportunity to participate or exclude themselves from the proposed Settlement.

Overall, the proposed Settlement Agreement provides a fair resolution of hotly contested claims and novel issues of law.  Indeed, this case is one of a handful of federal lawsuits challenging the practice of retailers using deceptive practices under the cover of promotions or incentives.

Plaintiff and Class Counsel vigorously pursued the claims set forth in the Complaint for almost three years in the face of great risk and at substantial costs and effort.  Only after lengthy pre-complaint investigation, a letter complaint, extensive informal discovery and numerous settlement conferences – including private mediation -did the Parties agree to the terms set forth in the Settlement Agreement. For these reasons and those set forth in further detail below, the proposed Settlement Agreement is fair and reasonable, serves the best interests of the Class members and is worthy of this Court's approval.

## II.     STATEMENT OF THE FACTS

### A.     Plaintiff's Allegations

Plaintiff's allegations are extensive, as set forth in the Complaint.  (ECF. No. 1).  In summary, they allege that Staples engaged in a deceptive scheme whereby it purported to offer and provide to Plaintiff and the Class—as Staples Rewards Program Members ("Members")—credit, in the form of Rewards for a certain percentage of his/her/their total Qualifying Purchase Amount ("QPA") for purchases made during the applicable calendar period.  However, it is alleged that Members were receiving credit in amounts less than the represented percentage of their QPA.

Specifically, it is further alleged Staples took affirmative steps to ensure that its Members received Program credit at rates well *below* the percentage represented of purchase amount by applying coupons used on exempted items (*i.e.,* items that do not constitute as a "Qualifying Purchase") on a pro rata basis across all purchases made—including "Qualifying Purchases" which should be added in their entirety to a Member's quarterly total Qualifying Purchase Amount – causing them to accrue fewer Rewards Points than represented.  By employing this deceptive method of calculating Rewards Points, the Complaint alleges that Staples shorted its Members' accounts credit which could have been used towards the purchase of most merchandise in Staples' retail stores, online at staples.com, or by phone.  Plaintiff challenged Defendant's conduct as constituting a deceptive and unfair business practice, violating the Massachusetts Regulation of Business Practice and Consumer Protection Act, M.G.L. Ch. 93A, § 1, *et seq.* ("Massachusetts Consumer Protection Act"), and alleged that the conduct constituted breach of contract, and breach of the implied covenant of good faith and fair dealing.

Defendant denies Plaintiff's allegations, contending *inter alia* that the Rewards Program details were adequately disclosed to Plaintiff.

## B.    Relevant Procedural History

On March 25, 2013, Plaintiff wrote, pursuant to the Massachusetts Consumer Protection Act, to provide notice to Staples, a Massachusetts corporation, that he intended to bring a claim under Ch. 93A for damages incurred as a result of unfair and deceptive business practices.  The letter further stated that Plaintiff intended to style the Complaint as a class action on behalf of all similarly situated Staples Rewards Members.  *See* Schirripa Decl., ¶ 2.

On April 10, 2014, the Parties entered into a Tolling Agreement, which has been successively extended while the Parties have engaged in extensive pre-filing informal discovery, extensive negotiations and settlement discussions.  *Id*., ¶ 3.

On December 6, 2016, Plaintiff filed the Complaint in the United States

District Court for the Southern District of California.  (ECF No. 1).

The Parties, on or around December 3, 2016, entered into the Settlement Agreement, which, as a Class-wide settlement is subject to Court approval.  *See* Schirripa Decl., ¶ 4.

### C.   Plaintiff's Extensive Investigation And Efforts

Plaintiff has thoroughly investigated this case, using robust informal discovery methods. Prior to filing the lawsuit, in late 2012, Plaintiff and his counsel began their investigation into the subject matter of Plaintiff's suit.   Plaintiff conducted substantial research through public records and the Internet to verify the scope and nature of the conduct alleged.  *See* Schirripa Decl., ¶ 5.

Plaintiff's investigation and research efforts continued for over a year after providing Staples with the initial notification of his intentions to file this action in March 2013.  *Id.*, ¶ 6.

In October 2013, after seven months of several rounds of correspondence supported by exhibits explaining each side's divergent positions, Plaintiff believes that Staples recognized certain alleged discrepancies in Plaintiff's Rewards account. *Id.*, ¶ 7.

Upon further discussion and correspondence requesting document discovery into the Rewards Program policies, the underlying computer programs and database coding implemented by Staples to track and calculate Members' Rewards Points earned and membership data, Staples agreed to provide Plaintiff with pre-complaint discovery.  *Id.*, ¶ 8.  Plaintiff then conducted a thorough analysis of the documents produced by Defendant.  *Id.*, ¶ 9.

In December 2013, having completed a thorough review of documents produced by Staples in response to Plaintiff's informal discovery request, Plaintiff reiterated his intention to file the instant action.   The Parties conferred telephonically several times over the next three months to negotiate the terms of a Tolling Agreement and explore the possibility of an amicable resolution.

On April 10, 2014, the Parties entered into a formal Tolling Agreement. This Tolling Agreement continued to be extended while the Parties engaged in additional informal discovery and settlement negotiations.

**D.   Mediation And Settlement Negotiations**

The Parties participated in a full-day mediation session in San Diego, California, before Hon. Edward A. Infante (ret.) of JAMS, Inc. on October 26, 2015. Schirripa Decl., ¶ 10. Although the mediation provided a constructive forum for settlement discussions, it did not result in a settlement. *Id.*, ¶ 11. After the mediation, Judge Infante assisted the Parties in conducting additional settlement discussions that occurred throughout December 2015 and January 2016. *Id.*, ¶ 12. As a result of the progress made at the mediation and the subsequent discussions, the Parties have reached a Settlement of the Action (defined below), the terms of which are set forth in this Settlement Agreement. *Id.*, ¶ 13.

**III.   THE SETTLEMENT TERMS**

The details of the Settlement Agreement signed by the Parties and attached to the Schirripa Declaration as Exhibit 1 are summarized below.

**A.   The Settlement Class**

> The proposed Settlement class consists of United States Staples Rewards® members who, during the Class Period [March 24, 2009 through the date of entry of the Preliminary Approval Order], [1] bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting.

Schirripa Decl., Ex. 1 ("Settlement Agreement"), at 2-3. Excluded from the Class are (a) Staples's Counsel, (b) Staples's officers and directors, and (c) the judge presiding over the Action. *Id.*, at 3.

**B.   Relief To The Class**

In exchange for a release of claims and subject to this Court's approval,

Defendant has agreed that (1) it will, via a claims administrator agreed to by the Parties, notify Class members via direct email or U.S. Mail about their rights under the Settlement Agreement, as well as creating a website dedicated to the Settlement and providing online media notice of the Settlement. Schirripa Decl., Ex. 1, at 9-10. (2) Assuming the $2 million settlement cap is not reached in one round of distribution, Defendant will distribute $10 in Settlement Rewards to each Class member, and will continue to distribute Settlement Rewards to each Class member in $10 increments until either (a) the $2 million settlement cap is reached, or (b) Defendant completes six full such distributions. *Id.*, at 6. And (3) in response to Plaintiff's allegations, Defendant has changed the Terms and Conditions for its Rewards Program, Plaintiff contends materially, to the extent that it continues to account for specific coupons on a pro rata basis when calculating Rewards earned. *Id.*

To be eligible for a Settlement Rewards distribution, Class members need only complete and submit a simple Claim Form, a link to which is provided to them on the Settlement Website, to the Claims Administrator, whose email will be distributed to them via direct email or U.S. Mail, and will be posted on the Settlement Website. *Id.*, at 9, 11. The Claims Administrator may review all submitted Claims Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim. *Id.*, at 11. The Parties must meet and confer in good faith to resolve any disputed claims, with Defendant's records being entitled to a rebuttable presumption of accuracy. *Id.* Defendant also agrees to pay attorneys' fees and costs, as well as an incentive award to the Class Representative. *Id.*, at 6-7.

## C.   <u>Proposed Class Representative's Incentive Payment</u>

Proposed Class Representative, Mr. Torczyner, has worked diligently to represent the best interests of the Class. He has stayed apprised of the litigation and helped to represent other Class members to the best of his ability. *See* Schirripa

Decl., ¶ 14.  Subject to Court approval, the Settlement Agreement provides for an incentive award of $5,000 to Mr. Torczyner.  *Id.*, Ex. 1, at 6-7.  This award is based on the Proposed Class Representative's efforts and is designed to recognize these efforts and the personal risks he undertook on behalf of the Class.

### D.    Attorneys' Fees And Costs

The Settlement Agreement provides that Proposed Class Counsel may request fees and costs ***up to*** a total of $500,000.  Schirripa Decl., Ex. 1, at 7.  This is within 25% of the settlement value – e.g., the $2 million maximum potential benefit to the Class – and is reasonable and fair under well-settled Ninth Circuit law.   Proposed Class Counsel will file a detailed application for attorneys' fees and costs at least fourteen (14) days before the objection deadline.  *Id.*, at 7.

### E.    Settlement Administration And Notice

Class members will receive notice of the Settlement via direct email or U.S. Mail,[2] which will provide them with an electronic link to a website dedicated to the Settlement and containing full notice details.  *See* Schirripa Decl., Ex. 1, Exhibits C-D.  The notices include all the pertinent information necessary for Class members to make an informed decision about whether to make a claim, object to the proposed Settlement, or exclude themselves from the Class.  Class members will also receive indirect notice, posted on the dedicated Settlement Website, which will also provide further detail of the relief provided by the Settlement, the range of fees and costs to be sought by Class Counsel, and the scope of the release and binding nature of the Settlement on Class members. *Id.,* Ex. 1, at 9-10.  Class members may also download a copy of the Claim Form or submit a Claim Form electronically through the website. *Id.*

---

[2] Within 30 days of this Court's entry of the preliminary approval order, the Claims Administrator will send notice via direct email to every Class member.  Schirripa Decl., Ex. 1, at 10.  For those Class members for whom Defendant does not have a valid email address, the Claims Administrator will send notice via postcard sent by U.S. Mail within the same time period to each person for whom Defendant has a facially valid postal address.  *Id.*

To make a claim for a distribution payment, Class members will only be required to confirm their contact information and verify that they were members of the Class. *Id.*, Ex. 1, Exhibit F.  The Claims Administrator may review all submitted Claims Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim.  *Id.*, Ex. 1, at 11.  The parties must meet and confer in good faith to resolve any disputed claims, with Defendant's records being entitled to a rebuttable presumption of accuracy.  *Id.*

### F.    <u>Objections And Opt-Out Procedures</u>

To be excluded from the Class, a Class member must timely send a written request for exclusion to the Claims Administrator at the address set forth in the Class Notice.  Schirripa Decl., Ex. 1, at 12.  The request for exclusion must contain (a) the name and case number of the Action; (b) the Class member's full name, address, email address associated with the Class member's Staples Rewards account (if any email address is associated), Staples Rewards Membership Number (if known), and telephone number; and (c) a statement that he/she does not wish to participate in the Settlement.  *Id.*  All requests for exclusion must be made as specified in the Class Notice and postmarked no later than the response deadline.  *Id.*

Any Class member who does not submit a valid and timely request for exclusion to the Claims Administrator may object to the Settlement by submitting a written statement of the objection to Class Counsel and Defendant's counsel.  *Id.*, at 11.  The objection must be postmarked by the deadline specified in the Class Notice (by the response deadline), and must include (a) the name and case number of the Action; (b) the full name, address, email address associated with the Class member's Staples Rewards account (if any email address is associated), Rewards Membership Number (if known) and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring

to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).  *Id.*

## IV.  ANALYSIS

### A.  The Law Favors Settlement

It is well established that settlements are the preferred means of dispute resolution, particularly in class actions where substantial resources can be conserved by avoiding the time, cost and rigor of prolonged litigation.  *See Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983) ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution.  This is especially true in complex class action litigation.").  Indeed, the preference for settlement is evident in the Federal Rules of Civil Procedure themselves. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

The policies favoring settlement apply with particular force in this case, where the number of Rewards Program participants well exceeds 28 million consumers. Despite the large number of registered Staples Rewards Members, extensive informal discovery and records produced by Defendant reveal that a limited percentage of Rewards Members in the United States  were impacted and had received an inaccurate number of Rewards in connection with Staples Rewards Program.  While the individual damages incurred by each Class member may vary, the average out-of-pocket claim is approximately the equivalent of two dollars ($2.00) in Rewards per Class member.  Given the very high costs of litigating a consumer protection case against large and well-funded companies, Class members would have no practical way to individually pursue their claims.  Plus, individual litigations would clog the courts and take years to resolve.  The proposed Settlement is the best and only means to ensure that all Class members receive prompt and efficient relief.

### B.    The Preliminary Approval Process

Court approval of class action settlements is a two-step process: preliminary approval and final approval.  *Manual for Complex Litigation (Fourth)* ("*MCL 4th*") § 21.632 (2004).   At the preliminary approval stage, the court must "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Id.*  The court must also make a preliminary determination whether the class may be certified for settlement purposes under Rule 23.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997).

After preliminary approval, notice of the proposed Settlement is given to the class, and the court conducts a final approval hearing, also known as a fairness hearing.  *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).  At the fairness hearing, the court will consider arguments for and in opposition to approval of the Settlement, including comments submitted by Class members in response to the class notice.  The fairness hearing, however, is not "a trial or rehearsal for trial on the merits." *Officers for Justice*, 688 F.3d at 625.  "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the Settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.*

While the Plaintiff certainly believes that this Settlement meets all the criteria for final approval, at this juncture, he asks only that the Court take the first step in the process and grant preliminary approval of the Settlement.

### C.    The Settlement Should Be Preliminarily Approved

At this preliminary approval stage, the Court need only "determine whether the proposed Settlement is within the range of possible approval." *Alberto v. GMRI,*

*Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008) (citing *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir.1982)). "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the Class members of a formal fairness hearing . . . ." *Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006) (citing *Manual for Complex Litigation*, § 30.44 (2nd ed. 1985)).

In determining whether a settlement falls within the range of possible approval, courts consider whether the negotiations occurred at arm's length, whether sufficient discovery or investigation took place, and whether the proponents of the settlement are experienced in similar litigation. *See* Alba Conte & Herbert B. Newberg, *2 Newberg on Class Actions*, § 11.41 (4th ed. 2002). Considering the significant discovery and settlement efforts in this case, these criteria are unquestionably satisfied.

### 1. The Settlement Enjoys A Presumption Of Fairness Because The Negotiations Were Conducted At Arm's Length

The Settlement is presumptively fair because there is nothing to suggest collusion between the Parties. All material terms of the Settlement Agreement were reached after a private mediation session conducted by a highly regarded and experienced mediator, Judge Infante, and after multiple subsequent settlement discussions, also coordinated by Judge Infante. *See also* Section II.D., *supra*. The fact that mediation was overseen by a neutral third party evidences the non-collusive nature of the negotiations. *See, e.g., In re HP Laser Printer Litig.*, No. SACV 07-0667 AG (RNBx), 2011 WL 3861703, at *4 (C.D. Cal. Aug 31, 2011) (finding that fact parties appeared before neutral third party mediator evidence supporting finding that there was no collusion between parties in reaching settlement).

### 2.   Counsel Engaged In Extensive Investigation And Prosecution

Plaintiff's counsel engaged in extensive investigation and prosecution.  These efforts began before the lawsuit was even filed and have been ongoing over several years.  Counsel's investigation includes: (1) extensive fact and claim research and case development efforts; (2) negotiating and exchanging informal discovery by the Parties; (3) thorough review and analysis of documents produced in the course of discovery; (4) preparation and submission of mediation brief and supporting documents; and (4) preparation of a sophisticated damages model.  *See also* Section II.C, *supra*.

### 3.   The Settlement Suffers From No Obvious Deficiencies

The Settlement has no "obvious deficiencies" and confers substantial benefits to Class members, as set forth in greater detail above.  In sum, all potential Class members who were enrolled in the Rewards Program will be given the opportunity to submit a claim to receive a payment of at least $10 in Rewards for coupons that were improperly prorated by the Rewards Program system.  Given the substantial nature of the relief and the uncertainties of protracted litigation, the Settlement is unquestionably well within the range of possible approval.

### 4.   The Incentive Award Is Reasonable

The Proposed Class Representative incentive award is fair and reasonable.  As the Ninth Circuit has observed:

> Incentive awards are fairly typical in class action cases. Such awards are discretionary, and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general. Awards are generally sought after a settlement or verdict has been achieved.

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (emphasis and citations omitted).

The Parties have agreed that Plaintiff and Proposed Class Representative Torczyner may seek an incentive award of $5,000.  Mr. Torczyner consulted with his counsel, Hach Rose Schirripa & Cheverie LLP ("HRSC" or "Proposed Class Counsel"), and was willing to make the personal sacrifices associated with being a named plaintiff in a federal lawsuit for the good of the Class.  *See* Schirripa Decl., ¶ 15, Ex. 1, at 6-7.  Mr. Torczyner took the initiative to be named in the lawsuit, assisted in the case investigations, and accepted substantial personal risks and responsibilities on behalf of the Class. *Id.*, ¶ 16.

The amount sought is reasonable in light of these circumstances, and Defendant does not object to this amount.  *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-1827 SI, 2011 WL 7575003, at *2 (N.D. Cal. Dec. 27, 2011) (approving $15,000 incentive awards for 11 class representatives "in recognition of their work performed for the benefit of the Class and risks undertaken"); *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, No. 5:09-md-02015 JF, 2011 WL 1877630, at *7 (N.D. Cal. May 17, 2011) (approving class representative incentive awards ranging from $5,000 to $14,250 each); *Singer v. Becton Dickinson and Co.*, 08-cv-821-IEG (BLM), 2010 WL 2196104, at *9 (S.D. Cal. June 1, 2010) (finding that class representative award of $25,000 reasonable).

### 5.     The Attorneys' Fees And Costs Are Reasonable

Considering the excellent value of the Settlement, the benefits conferred on the Class and Proposed Class Counsel's knowledge and experience, the attorneys' fees and costs are reasonable.  Proposed Class Counsel achieved an excellent settlement while ultimately avoiding the uncertainties and risks of contested class certification and trial.  Throughout this litigation, Proposed Class Counsel has dedicated substantial time and resources prosecuting the case and will continue to

expend significant amounts of time through the Settlement and claims process. *See* Schirripa Decl., ¶ 17. Proposed Class Counsel will file a separate and more detailed motion for an award of attorneys' fees and costs at least fourteen (14) days prior to the deadline for objections by Class members and in advance of the fairness hearing. For purposes of preliminary approval, the Court is only being asked to determine whether the Settlement Agreement's provision allowing Proposed Class Counsel to *request* up to the stated amount should be preliminarily approved.

The Settlement Agreement provides and the Parties have agreed that Proposed Class Counsel may apply to the Court for an amount not to exceed $500,000 total in attorneys' fees and costs. Schirripa Decl., Ex. 1, at 7. This constitutes a fee request of ***25 percent*** of the maximum amount payable under the Settlement, assuming the full settlement is paid out to the noticed Class members. Twenty-five percent has long been the benchmark in the Ninth Circuit, *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), and many courts in this Circuit have awarded fees in excess of 25 percent of the settlement value. *See, e.g. In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (33% fee award); *Williams v. MGM-Pathe Comm'n Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (one-third of total fund awarded); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989) (noting that fee awards in common fund cases "almost always hovers around 30% of the fund created by the settlement"). "[A]bsent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%," reasoning that this will "encourage plaintiffs' attorneys to move for early settlement, provide predictability for the attorneys and the class members, and reduce the time consumed by counsel and court in dealing with voluminous fee petitions." *Id.*

Again, at this juncture, Proposed Class Counsel has not yet requested a specific fee award so the Court is merely being asked to approve the right to do so as set forth in the Settlement Agreement.

### 6.   The Proponents Of The Settlement Are Experienced In Similar Litigation

Proposed Class Counsel, HRSC, has extensive experience in prosecuting complex class actions, including cases involving consumer fraud.  *See* Schirripa Decl., ¶ 18.  With the firm's combined breadth and depth of experience, there can be no doubt that Proposed Class Counsel is qualified to conduct the litigation.  Likewise, Defendant's Counsel is well versed in complex class actions and is highly qualified.  Accordingly, the Parties are well-suited to make informed judgments regarding the nature of the Settlement.

### 7.   The Proposed Settlement Class Warrants Certification

In the context of granting preliminary approval of the Settlement, this Court must also determine that the proposed Class is certifiable.  *See MCL 4th*, § 21.632; *Amchem*, 521 U.S. at 620.   Certification is warranted where, as here, it is demonstrated that the four prerequisites of Rule 23(a), numerosity, commonality, typicality, and adequacy of representation, and one of the three requirements of Rule 23(b), are satisfied.  *See* Fed. R. Civ. P. 23.   Certification of a class action for damages requires a showing that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  Given that the Class will be certified for the purposes of settlement only, the Rule 23(b)(3) requirement of superiority need not be met here because manageability issues are not a bar to certification "for the proposal is that there be no trial."  *Amchem*, 521 U.S. at 620.

Plaintiff proposes that the Court provisionally certify this Action as a Class action pursuant to Rule 23 for the purpose of settlement.   Such provisional certification is considered an appropriate device in the Settlement of class actions where the agreement to settle the case occurs before certification.  *See, e.g., Jaffe v. Morgan Stanley & Co., Inc.*, No. C-06-3903 TEH, 2008 WL 346417, at *2-3 (N.D.

Cal. Feb. 7, 2008); *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 1991529, at *2-3 (N.D. Cal. Jun. 30, 2007).  Under the circumstances, there is more than a sufficient factual basis for the Court to provisionally certify this Action as a Class action for the purposes of settlement and to appoint Plaintiff's Counsel as Class Counsel.

With respect to numerosity, Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Here, millions of consumers were enrolled in the allegedly deceptive Rewards Program and were allegedly harmed thereby.  By any measure, the numerosity requirement is met.  While it is true that on the low end, the Supreme Court has indicated that a class of 15 "would be too small to meet the numerosity requirement," *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980), the Ninth Circuit recently upheld a class of only 20 persons. *Rannis v. Recchia*, 380 Fed. Appx. 646, 650-51 (9th Cir. 2010).

Rule 23(a)(2) requires that the court find that "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  But the requirement is permissive: "the existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Hanlon*, 150 F.3d at 1019.  Rule 23(b)(3) certification is proper because the predominance and superiority requirements of that prong of Rule 23 are satisfied as well.  *See* Fed. R. Civ. P. 23(b)(3); *Hanlon*, 150 F.3d at 1022 ("The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation").  Here, common questions of law and fact exist and predominate (as required by Rule 23(b)(3)) over any individual questions, including, *inter alia*: (1) whether the process of calculating Rewards employed by the Defendants was likely to deceive the public; (2) whether that process was fraudulent; (3) whether that process violated the applicable state consumer protection laws; (4) whether the omissions and misrepresentations were

material; (5) whether Defendant breached its contractual obligations to Plaintiff and Class members; (6) whether Defendant concealed information regarding the terms and conditions of calculating Rewards and whether it had a duty to disclose such information; and (7) whether Plaintiff and Class members are entitled to relief and the appropriate measure of damages.  Where, as here, Defendant's liability would be determined primarily by looking at its uniform policies and practices, websites and code, the common questions in this litigation will predominate over any individual issues.

Plaintiff also meets the typicality requirement of Rule 23(a).  Plaintiff, like all Class members, was enrolled in the Rewards Program.  Plaintiff asserts similar or identical legal claims as all Class members.

With respect to the adequacy of representation requirement of Rule 23(a), the named plaintiff must not have interests antagonistic to those of the class, and the plaintiff's attorneys must be qualified, experienced, and generally able to conduct the litigation.  *See Hanlon,* 150 F.3d at 1020.  As discussed above, Proposed Class Counsel are exceptionally well qualified, experienced and able to conduct the litigation. In addition, the Proposed Class Representative's interests are coextensive with those of the Class, since the Proposed Class Representative and every Class member have been injured in the same manner by Defendant, and Plaintiff seeks relief that is identical to that which is sought by every other member of the Class. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (finding that plaintiffs must have been injured themselves, not merely represent injured parties).

Having volunteered to serve as the representative for the Class, Plaintiff has taken a leadership role in the litigation, performed and stood ready to perform any number of tasks, and demonstrated a commitment to bringing about the best results possible for his fellow Class members.  Moreover, Plaintiff and Proposed Class Counsel have no interests antagonistic to those of the Class and are not subject to

any unique defenses.  Plaintiff and Proposed Class Counsel have and will continue to fairly and adequately protect the interests of the Class.

### D.   The Proposed Form And Method Of Class Notice Satisfies Due Process

Rule 23(e)(1) of the Federal Rules of Civil Procedure provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Rule 23 further requires "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  *See* Fed. R. Civ. P. 23(c)(2)(B).

Here, the Parties have agreed to provide direct and indirect notice of the Settlement to the Settlement Class members, provide supplemental notice by U.S. Mail where emails are no longer valid, and provide information via a website created for the Settlement managed by the Claims Administrator.  Schirripa Decl., Ex. 1, at 9-10.  Where, as here, Class members provided their email addresses to Defendant in connection with their Rewards Membership, such notice more than satisfies notice and due process requirements.  *See, e.g., Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2007 WL 4105971, at *4 (N.D. Cal. Nov. 16, 2007) (finding email notice particularly appropriate in case where class members' claims arise from visits to defendants' websites) (citing *Lundell v. Dell, Inc*., No. CIVA C05-3970 JWRS, 2006 WL 3507938, at *1 (N.D. Cal. Dec. 5, 2006) (finding direct email notice best practicable notice)).

The notice (Schirripa Decl., Ex. 1, Exhibit C-D) will be sent to all Class members via email or, alternatively, via postcard by U.S. Mail in the event Defendant does not have a valid email address.  Class members can then access the Full Notice (*id.*, Exhibit B) and Claim Form (*id.,* Exhibit F) on a website established and maintained by the Claims Administrator.  Class members may also download the Claim Form or submit the Claim Form electronically via the Settlement Website. *Id.*, Ex. 1, at 9-10.  The Full Notice and notices communicated via email and U.S.

Mail were collaboratively written by the Parties, and are written in plain English. Moreover, the notices clearly provide information to Class members about the benefits of the Settlement, how to be excluded from the Class or object to the Settlement, and how Class members' legal rights are affected by remaining in or opting out of the Class.

For the reasons set forth above, the notice plan agreed to in the Settlement is the best notice practicable and affords Class members with all due process protections required by Rule 23. As such, the notices and notice plan should be approved.

## V.   **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion in its entirety consistent with the [Proposed] Order Granting Preliminary Approval of Class Action Settlement, Approval of Form Notice and Preliminary Certification of Settlement Class submitted herewith.


Dated: December 14, 2016                    Respectfully submitted,

                                            BERNSTEIN LITOWITZ BERGER
                                                & GROSSMANN LLP


                                            By:  */s/ David R. Stickney*
                                                 David R. Stickney

                                            12481 High Bluff Drive, Suite 300
                                            San Diego, CA 92130
                                            Tel:   (858) 793-0070
                                            Fax:   (858) 793-0323
                                            davids@blbglaw.com

                                            *Liaison Counsel for Plaintiff and*
                                            *Proposed Putative Class*

HACH ROSE SCHIRRIPA &
CHEVERIE LLP
Frank R. Schirripa
Michael A. Rose
185 Madison Avenue, 14th Floor
New York, New York 10016
Tel: (212) 213-8311
Fax: (212) 779-0028
fschirripa@hrsclaw.com
mrose@hrsclaw.com

*Counsel for Plaintiff and Proposed
Putative Class*