David R. Stickney, Esq. (CA State Bar No. 188574)
BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel.: (858) 793-0070
Fax: (858) 793-0323
davids@blbglaw.com

*Liaison Counsel for Plaintiff and Putative Class*

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL TORCZYNER, individually, on behalf of himself, and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>STAPLES, INC.,<br><br>                Defendant. | Case No.  16cv2965 JLS JLB<br><br>**DECLARATION OF FRANK R. SCHIRRIPA IN SUPPORT OF UNOPPOSED MOTION FOR (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (2) PROVISIONAL CLASS CERTIFICATION,**<br>**(3) DISTRIBUTION OF CLASS NOTICE, AND (4) SCHEDULING OF FAIRNESS HEARING** |

I, Frank R. Schirripa, Esq., declare as follows:

1. I am a partner at the law firm of Hach Rose Schirripa & Cheverie LLP ("HRSC") and serve as lead counsel for Plaintiff and Proposed Class Representative Neil Torczyner ("Mr. Torczyner" or "Plaintiff") and the putative Class he represents. I submit this declaration in support of Plaintiff's Unopposed Motion for (1) Preliminary Approval of Class Action Settlement, (2) Provisional Class Certification, (3) Distribution of Class Notice, and (4) Scheduling of Fairness Hearing. I have personal knowledge of the facts stated herein and, if called to do so, could and would testify competently thereto.

2. On or about March 25, 2013, pursuant to the Massachusetts Consumer Protection Act, Plaintiff provided notice to Staples, Inc. ("Staples" or "Defendant"), a Massachusetts corporation, that he intended to bring a claim under Ch. 93A for damages incurred as a result of unfair and deceptive business practices the Company was engaging in regarding its Staples Rewards Program. The letter further stated that Plaintiff intended to style the complaint as a class action on behalf of all similarly situated Staples Rewards Members.

3. On April 10, 2014, the Parties entered into a Tolling Agreement, which has been successively extended while the Parties have engaged in extensive pre-filing informal discovery, extensive negotiations and, ultimately, settlement discussions.

4. The Parties, on or around December 3, 2016, entered into the Settlement Agreement, which, as a class-wide settlement, is subject to Court approval.

5. Plaintiff has thoroughly investigated this case, using robust informal discovery methods. Prior to filing the lawsuit, in late 2012, Plaintiff and his counsel began their investigation into the subject matter of Plaintiff's suit. Plaintiff conducted substantial research through public records and the Internet to verify the scope and nature of the conduct alleged.

6. Plaintiff's investigation and research efforts continued for over a year after providing Staples with the initial notification of his intentions to file this action in March 2013.

7. In October 2013, after seven months of several rounds of correspondence supported by exhibits explaining each side's divergent positions, Plaintiff believes that Staples recognized certain alleged discrepancies in Plaintiff's Rewards account.

8. Upon further discussion and correspondence requesting document discovery into the Rewards Program policies, the underlying computer programs and database coding implemented by Staples to track and calculate Members' Rewards Points earned and membership data, Staples agreed to provide Plaintiff with pre-complaint discovery.

9. Once Staples provided Plaintiff with pre-complaint discovery, Plaintiff conducted a thorough analysis of the documents produced by Defendant.

10. The Parties participated in a full-day mediation session in San Diego, California, before Hon. Edward A. Infante (ret.) of JAMS, Inc. on October 26, 2015.

11. Although the mediation provided a constructive forum for settlement discussions, it did not result in a settlement.

12. After the mediation, Judge Infante assisted the Parties in conducting additional settlement discussions that occurred throughout December 2015 and January 2016.

13. As a result of the progress made at the mediation and the subsequent discussions, the Parties have reached a settlement, the terms of which are set forth in the accompanying Settlement Agreement, which is annexed hereto as **Exhibit 1.**

14. Plaintiff has worked diligently to represent the best interests of the Class. He has stayed apprised of the litigation and helped to represent other Class members to the best of his ability.

15. Mr. Torczyner consulted with his counsel, HRSC, and was willing to

1  make the personal sacrifices associated with being a named plaintiff in a federal
2  lawsuit for the good of the Class.

3      16.    Mr. Torczyner took the initiative to be named in the lawsuit, assisted in
4  the case investigations, and accepted substantial personal risks and responsibilities
5  on behalf of the Class.

6      17.    Throughout this litigation, HRSC, as Proposed Class Counsel, has
7  dedicated substantial time and resources prosecuting the case and will continue to
8  expend significant amounts of time through the settlement and claims process.

9      18.    HRSC and its attorneys have extensive experience in prosecuting
10  complex class actions, including cases involving consumer fraud.

11  I declare under penalty of perjury under the laws of the United States of
12  America that the foregoing is true and correct.

14  Executed on this 14th day of December, 2016 in New York, New York.

*/s/ Frank R. Schirripa*
Frank R. Schirripa
HACH ROSE SCHIRRIPA
& CHEVERIE LLP
Frank R. Schirripa
Michael A. Rose
185 Madison Avenue, 14th Floor
New York, New York 10016
Tel: (212) 213-8311
Fax: (212) 779-0028
fschirripa@hrsclaw.com
mrose@hrsclaw.com

*Counsel for Plaintiff and Proposed Putative Class*

-3-    DECLARATION OF FRANK R. SCHIRRIPA
Case No. 16cv2965 JLS JLB