# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("*Settlement Agreement*" or "*Agreement*") is entered into by and between plaintiff Neil Torczyner, individually, and in his representative capacity on behalf of all others similarly situated ("*Plaintiff*"), on the one hand, and defendant Staples, Inc. ("*Staples*" or "*Defendant*"), on the other (collectively referred to as the "*Parties*" or singularly "*Party*").

### RECITALS

**A.** On or about March 25, 2013, Plaintiff sent a letter to Staples pursuant to M.G.L. ch. 93A, § 9 ("*Demand*") claiming that Staples engaged in unfair and deceptive business practices by not adequately disclosing that it utilizes pro rata coupon accounting when it calculates Staples Rewards® earnings in transactions involving product-specific coupons. Plaintiff sought to file a lawsuit against Staples on behalf of a putative nationwide class of similarly situated Staples Rewards members from the period of March 24, 2009 through the present.

**B.** Staples responded to the Demand, denying the Demand's allegations, denying that Plaintiff or the putative class have been damaged in any sum whatsoever, and denying that Plaintiff or the putative class are entitled to the relief requested in the Demand.

**C.** Plaintiff and Staples thereafter conducted an investigation of the facts and analyzed the relevant legal issues in regard to the claims and defenses asserted in the Demand, including the production of documents and information by Staples.

**D.** The Parties participated in a full day mediation session in San Diego, California before Hon. Edward A. Infante (ret.) of JAMS, Inc. on October 26, 2015.

**E.** Although, the mediation provided a constructive forum for settlement discussions, it did not result in a settlement.

**F.** After the mediation, Judge Infante assisted the parties in conducting additional settlement discussions.

**G.** As a result of the progress made at the mediation and the subsequent discussions, the Parties have reached a Settlement of the Action (defined below), the terms of which are set forth in this Settlement Agreement.

**H.** Plaintiff and his Counsel believe that the claims asserted in the Complaint (defined below) have merit. Staples has denied and continues to deny any and all allegations of wrongdoing alleged in the Action (defined below) and believes the claims asserted by Plaintiff are without merit. Nonetheless, the Parties have concluded that litigation could be protracted and expensive and that it is desirable that the Demand and Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement in order to limit further expense, inconvenience, and uncertainty. The Parties also have considered the uncertainties of trial and the benefits to be obtained under the proposed Settlement and have

considered the costs, risks, and delays associated with the prosecution of this complex and time consuming litigation and the likely appeals of any rulings in favor of either Plaintiff or Staples.

     **I.**     It is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action in the Action.

**AGREEMENT**

     NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, Plaintiff, the Class and Staples, agree to Settlement of the Action, subject to Court approval, under the following terms and conditions.

**1.**     **DEFINITIONS.** In addition to the definitions included in the Recitals above, and in later sections of the Agreement, the following shall be defined terms for purposes of this Settlement Agreement. Some of the definitions in this section use terms that are defined later in the section. All defined terms are capitalized and listed in alphabetical order:

     **1.1**     As used herein, the term "***Action***" means the lawsuit to be instituted by Plaintiff pursuant to the terms of this Agreement against Staples asserting the claims identified in the Demand.

     **1.2**     As used herein, the term "***Authorized Claimant***" means any Class Member who timely submits a complete and sufficient Claim Form according to the terms of this Settlement Agreement and does not validly request exclusion from the Class.

     **1.3**     As used herein, the term "***Claim***" means a request made by a Class Member in order to receive a Settlement Reward pursuant to the procedures stated in Section 3.6.

     **1.4**     As used herein, the term "***Claim Form***" means the form a Class Member must complete and submit to receive a Settlement Reward under this Agreement. The Claim Form must be substantially similar to the form attached as **Exhibit F.**

     **1.5**     As used herein, the term "***Claimant***" means any Class Member who submits a Claim under this Agreement.

     **1.6**     As used herein, the term "***Claims Administrator***" means KCC LLC, and any successors to that entity, that Staples designates (with approval from Class Counsel, whose approval shall not be unreasonably withheld), to administer the notice, claims, and Settlement relief distribution process provided for in the Settlement Agreement.

     **1.7**     As used herein, the term "***Claims Administrator Costs***" means all costs incurred by the Claims Administrator, including the cost of providing notice to the Class and administering the Settlement.

     **1.8**     As used herein, the terms "***Class***" and "***Class Members***" mean United States Staples Rewards® members who, during the Class Period, [1] bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on

the non-Rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting.  Excluded from the Class are Staples's Counsel, Staples's officers and directors, and the judge presiding over the Action.

       **1.9**     As used herein, the term "*Class Period*" means: March 24, 2009 through the date of the Court enters the Preliminary Approval Order.

       **1.10**    As used herein, the term "*Class Released Claims*" means all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known claims or Unknown Claims, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Action, Complaint and/or Demand including, but not limited to, any and all claims related in any way to Staples' Rewards program.

       **1.11**    As used herein, the term "*Class Releasors*" means Plaintiff and all Class Members who do not timely and sufficiently request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives.

       **1.12**    As used herein, the term "*Complaint*" means a request the operative complaint filed in the Action.

       **1.13**    As used herein, the term "*Court*" means the United States District Court for the Southern District of California.

       **1.14**    As used herein, the term "*Defendant*" means Staples, Inc.

       **1.15**    As used herein, the terms "*Defendant's Counsel*" and "*Staples's Counsel*" means the law firm of Cooley LLP.

       **1.16**    As used herein, the term "*Email Notice*" means the legal notice summarizing the proposed Settlement terms, as approved by Plaintiff's Counsel, Staples's Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement via electronic mail.  The Email Notice must be substantially similar to the form attached as **Exhibit D**.

       **1.17**    As used herein, the term "*Fairness Hearing*" means the hearing(s) to be held by the Court to consider and determine whether the proposed Settlement of this Action as contained in this Settlement Agreement should be approved as fair, reasonable, and adequate, and whether the Final Order and Judgment approving the Settlement contained in this Settlement Agreement should be entered.

       **1.18**    As used herein, the terms "*Final Order*" and "*Order Granting Final Approval of Class Settlement*" mean the Court order granting final approval of the Settlement of this Action following the Fairness Hearing.  The Final Order must be substantially similar to the form attached as **Exhibit G**.

**1.19**    As used herein, the term "*Final Settlement Date*" means two Court days after the Final Order and Judgment become "final."  For the purposes of this paragraph, "final" means after (a) thirty-one (31) calendar days after the entry of the Final Order and Judgment, if no timely motions for reconsideration and/or no appeals or other efforts to obtain review have been filed; or (b) in the event that an appeal or other effort to obtain review has been initiated, the date after any and all such appeals or other review(s) have been finally concluded in favor of the Final Order and Judgment, any mandates have been returned to the Court, and the Final Order and Judgment is no longer subject to review, whether by appeal, petitions for rehearing, petitions for rehearing en banc, petitions for certiorari, or otherwise.

**1.20**    As used herein, the term "*Floor Settlement Amount*" means the minimum settlement amount to be provided by Staples to Class Members in the form of Settlement Rewards, except as otherwise limited in this Settlement Agreement.  The Floor Settlement Amount shall be five hundred thousand dollars ($500,000) total, in Settlement Rewards.

**1.21**    As used herein, the term "*Full Notice*" means the full legal notice of the proposed Settlement terms, as approved by Plaintiff's Counsel, Staples's counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement.  The Full Notice must be substantially similar to the form attached as **Exhibit B**.

**1.22**    As used herein, the terms "*Judgment*" and *"Final Judgment"* mean a document labeled by the Court as such and that has the effect of a judgment under Fed. R. Civ. P. 54.  The Judgment must be substantially similar to the form attached as **Exhibit H**.

**1.23**    As used herein, the term "*Maximum Settlement Amount*" means the maximum settlement amount to be provided by Staples pursuant to the Settlement, with the exception of payment of Plaintiff's individual settlement award and Class Counsel's attorneys' fees and costs award.  The Maximum Settlement Amount includes distributions to Class Members in the form of Settlement Rewards and all Claims Administrator Costs.  The Maximum Settlement Amount shall be two million dollars ($2,000,000) total, in Settlement Rewards and U.S. dollars.

**1.24**    As used herein, the term "*Named Plaintiff*" means Neil Torczyner in his individual capacity only.

**1.25**    As used herein, the term "*Online Media Notice*" means a legal notice directing Class Members to the Settlement Website, as approved by Plaintiff's Counsel, Staples's Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement via the Internet.  The Online Media Notice must be substantially similar to the form attached as **Exhibit E**.

**1.26**    As used herein, the terms "*Plaintiff's Counsel*" and "*Class Counsel*" mean the law firm of Hach Rose Schirripa & Cheverie, LLP.

**1.27**    As used herein, the terms "*Preliminary Approval Order*" or "*Preliminary Approval and Provisional Class Certification Order*" mean the order provisionally certifying the Class for settlement purposes only, approving and directing notice, and setting the Fairness Hearing.  This order must be substantially similar to the form attached as **Exhibit A**.

**1.28**    As used herein, the term "***Released Parties***" means Staples, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with it, or any of them.

**1.29**    As used herein, the term "***Response Deadline***" means the deadline by which Class Members must deliver Claim Forms or requests for exclusion, or serve and file objections. The Response Deadline shall be ninety (90) calendar days after entry of the Preliminary Approval Order.

**1.30**    As used herein, the term "***Settlement***" means the Settlement of the Demand, Action and related claims effectuated by this Settlement Agreement.

**1.31**    As used herein, the term "***Settlement Reward***" (plural "Settlement Rewards") means credit usable for purchases at Staples retail stores and on Staples.com.  One Staples "Settlement Reward" has the purchasing equivalent of one U.S. Dollar.  A Settlement Reward distributed pursuant to this Agreement shall be subject to the same terms and conditions as those applicable to Rewards most recently distributed by Staples as part of its Rewards program.

**1.32**    As used herein, the term "***Settlement Website***" means the website that shall be created for settlement administration purposes and administered by the Claims Administrator.

**1.33**    As used herein, the term "***Unknown Claims***" means with respect to the Class Released Claims only, Plaintiff and the Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

As part of this agreement, Plaintiff and the Class Members state that they fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Plaintiff and the Class Members and the Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts.  Further, Plaintiff and the Class Members agree that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the settlement would not have been accepted.

**1.34**    As used herein, the term "***U.S. Mail Notice***" means the legal notice summarizing the proposed Settlement terms, as approved by Plaintiff's Counsel, Staples's Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement via regular U.S. postal mail.  The U.S. Mail Notice must be substantially similar to the form attached as **Exhibit C**.

2.   **SETTLEMENT TERMS.**

2.1   **Disclosure**.  If Staples continues to account for product specific coupons pro rata when calculating Rewards earned as described in the Complaint (the "Pro Rata Calculation"), then, for at least one year after Final Settlement Date, Staples will continue to include in the Terms and Conditions for its Rewards program the following statement or a substantially similar statement: "Product specific coupons are applied pro rata (proportionately allocated across all items purchased in a given transaction) for the purposes of calculating Qualifying Purchase Amount(s) for Rewards", provided, however, that Staples shall not be required to include such statement in the Terms and Conditions if Staples ceases the Pro Rata Calculation. This Settlement Agreement shall in no way require Staples to continue to offer the Rewards Program, in any form whatsoever, to continue to accept product specific coupons, to account for product specific coupons in a pro rata manner when calculating Rewards earned, to account for product specific coupons in any particular manner, or to restrict or limit future changes by Staples to the Rewards program.

2.2   **Award to the Class.**  Each Authorized Claimant shall receive $10 in Settlement Rewards, subject to the following conditions:

    **(a)**   If the Floor Settlement Amount is not reached, then additional subsequent rounds of distribution will occur.  In each round, the maximum value of Settlement Rewards shall be $10.  The maximum number of subsequent rounds shall be six (6).  The Settlement Rewards' period of usage distributed per each round will be successive.

    **(b)**   If, given the number of Authorized Claimants and the Claims Administrator Costs, the Maximum Settlement Amount will be exceeded by distributing $10 of Rewards in a single round of distribution to each Eligible Class Member, the distribution to the Eligible Class Members will be decreased pro rata.

    **(c)**   The manner for submitting a timely, valid, and complete Claim Form is specified in Section 3.6, *infra*.

    **(d)**   If the Court approves the Settlement of this Action, Staples shall issue the Settlement Rewards within sixty (60) calendar days of the Final Settlement Date.  There shall be a single distribution of all such Settlement Rewards via one email to each Authorized Claimant.

2.3   **Individual Settlement Award to Named Plaintiff.**  The Parties acknowledge that Plaintiff must petition the Court for approval of any award to Plaintiff for an individual settlement award.  Plaintiff agrees that he will not seek an award of greater than $5,000.  Staples agrees not to object to Plaintiff's request for an award of up to a maximum payment of $5,000. Plaintiff further agrees that, in any event, Staples will not be obligated to pay any individual settlement award to Plaintiff in excess of $5,000.  If the Court approves the Settlement of this Action and an individual settlement award to Named Plaintiff, Staples agrees to pay the award approved by the Court up to $5,000 to Named Plaintiff within ten (10) calendar days after both

of the following events occur (a) the Final Settlement Date, and (b) Named Plaintiff provides Staples with his Form W-9.  No interest shall be paid on the individual settlement award.

2.4    **Attorneys' Fees and Costs.**  The Parties acknowledge that Plaintiff must petition the Court for approval of any award to Plaintiff's counsel for attorneys' fees and costs. Plaintiff's Counsel will file any papers supporting its request for attorneys' fees and costs with the Court fourteen (14) calendar days prior to the deadline for Class Members to object to the Settlement, as such deadline is defined in Section 3.9 of this Settlement Agreement.  Plaintiff and Plaintiff's counsel agree that Plaintiff's counsel will not seek an award of greater than $500,000 (total) for fees and costs.  Staples agrees not to object to Plaintiff's counsel's request for up to a maximum payment of $500,000 (total) for attorneys' fees and costs.  Plaintiff and Plaintiff's counsel further agree that, in any event, Staples will not be obligated to pay any award in excess of $500,000 (total) for attorneys' fees and costs.  If the Court approves the Settlement of this Action and an award of attorneys' fees and costs to Plaintiff's Counsel, Staples agrees to pay the attorneys' fees and costs approved by the Court up to $500,000 (total) to Plaintiff's Counsel upon the occurrence of both of the following events    (a) the Final Settlement Date, and (b) Plaintiff's Counsel delivery to  Staples of  the relevant Form W-9.  Any such payment shall be made within ten (10) calendar days of the occurrence of the later of these events and shall be made to the law firm of Hach Rose Schirripa & Cheverie, LLP.  Hach Rose Schirripa & Cheverie, LLP shall have control over and responsibility to distribute any payment of fees and costs to any other attorney or law firm that may claim entitlement to fees and costs under this Settlement or as a result of the Action.  No interest shall be paid on the attorneys' fees and costs award.

2.5    **Reduction in Plaintiff's Individual Settlement Award or Class Counsel's Attorneys' Fees.**  Plaintiff's individual settlement award and Class Counsel's award of attorneys' fees and costs are to be paid separate and apart from the award to the Class.  A reduction by the Court or by an appellate court of the attorneys' fees or costs or the individual settlement award sought by the Plaintiff and Class Counsel shall not affect any of the Parties' other rights and obligations under the Settlement Agreement.

2.6    **No Tax Liability.**  Under no circumstances will Staples or Staples's Counsel have any liability for taxes or tax expenses under the Settlement.  Plaintiff and/or Plaintiff's counsel are responsible for any taxes on any recovery or award.  Nothing in this Settlement, or statements made during the negotiation of its terms, shall constitute tax advice by Staples or Staples's Counsel.

2.7    **Settlement Implementation Costs.**  Staples shall bear the  costs of providing notice to the Class in the manner prescribed in Section 3 of this Settlement Agreement and the costs associated with independent administration of benefits by the Claims Administrator.

2.8    **Release as to All Class Members.**  Upon entry of the Judgment, Class Releasors shall waive and forfeit, and be deemed to have fully, finally and forever released and discharged all Class Released Claims (including Unknown Claims) against all Released Parties.

**2.9    Release by Named Plaintiff.**    In addition to the releases made by the Class Members set forth in Section 2.8 above, effective upon entry of the Judgment, the Named Plaintiff Neil Torczyner makes the additional following general release of all claims, known or unknown.  Upon entry of the Judgment, the Named Plaintiff, and each of his successors, assigns, legatees, heirs, and personal representatives release and forever discharge the Released Parties, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Named Plaintiff, and each of Named Plaintiff's successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Named Plaintiff fully understands that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Named Plaintiff and Plaintiff's Counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that the Settlement Agreement will remain effective despite any difference in facts. Further, Named Plaintiff agrees that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**2.10    No Admission of Liability or Wrongdoing.**    This Settlement Agreement reflects the Parties' compromise and Settlement of disputed claims.  Its constituent provisions, and any and all drafts, communications, and discussions relating thereto, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person, including Staples, and shall not be offered or received in evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.  Staples has denied and continues to deny each of the claims and contentions alleged by Plaintiff in the Action.  Staples has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Demand and Action.

**3.    CLASS SETTLEMENT PROCEDURES.**

**3.1    File Complaint in the United States District Court for the Southern District of California.**    On or before thirty (30) calendar days after execution of the Settlement Agreement, Plaintiff shall file the Complaint in the Court asserting claims on behalf of himself and the Class based on claims substantially similar to those asserted in the Demand.

**3.2     Preliminary Approval and Provisional Class Certification.**   Plaintiff shall file his motion for preliminary approval of the Settlement Agreement as soon as feasibly possible, and in no event no later than one (1) Court day after the Court assigns a case number to the Action and makes the Action available for CM/ECF filings.   The motion for preliminary approval of the class action settlement and provisional class certification must request the Court to:

    **(a)**     preliminarily approve this Settlement Agreement.

    **(b)**     preliminarily approve the form, manner, and content of the Full Notice, U.S. Mail Notice, Email Notice, Online Media Notice, and Claim Form described in Sections 3.3 and 3.6 of this Settlement Agreement, and attached as **Exhibits B - F**;

    **(c)**     set the date and time of the Fairness Hearing;

    **(d)**     provisionally certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, for settlement purposes only;

    **(e)**     find that Staples has complied with 28 U.S.C. § 1715(b);

    **(f)**     stay all proceedings in the Action against Staples until the Court renders a final decision on approval of the Settlement and set a briefing schedule for the papers in support of the Final Order;

    **(g)**     conditionally appoint Named Plaintiff as the class representative for settlement purposes only; and

    **(h)**     conditionally appoint the law firm of Hach Rose Schirripa & Cheverie, LLP as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form attached as **Exhibit A**.   Class Counsel must draft the motion papers and give Staples's Counsel drafts of the motion and proposed order to review at least ten (10) calendar days before the motion's filing and service date/deadline.   Staples shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Preliminary Approval and Provisional Class Certification Order.

**3.3     Class Notice.**   Subject to the Court entering the Preliminary Approval Order, the Parties agree that Staples and its retained Claims Administrator will provide the Class with notice of the proposed settlement by the following methods:

    **(a)     Settlement Website**.   Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, the Claims Administrator will set up the Settlement Website and post the Complaint, Settlement Agreement, Preliminary Approval Order, Full Notice, Claim Form, and within three (3) Court days after it is filed, Class Counsel's fee application.   The Settlement Website will be active until at

least the Final Settlement Date.  The Settlement Website shall be designed and constructed to accept electronic Claim Form submission.

(b)     **Email Notice.**  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, Staples, through the Claims Administrator, will send an Email Notice to Class Members reasonably identified by Staples and for whom Staples has a valid email address.  The Email Notice will be substantially similar to the form attached as **Exhibit D**, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator.

(c)     **U.S. Mail Notice.**  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, Staples, through the Claims Administrator, will send a postcard containing the U.S. Mail Notice to Class Members reasonably identified by Staples and for whom Staples has a facially valid U.S. Postal address and who was not sent notice by email pursuant to Section 3.3(b) of this Settlement Agreement.  Additionally, for those persons (a) to whom Staples, through the Claims Administrator, sends email notice as described above, but then receives notification that the email was not ultimately delivered, and (b) for whom Staples has a U.S. Postal mailing address, Staples, through the Claims Administrator, shall provide postcard notice on or before forty-five (45) calendar days after entry of the Preliminary Approval Order.  The postcard containing the U.S. Mail Notice will be substantially similar to the form attached as **Exhibit C**, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator.

(d)     **Online Media Notice**.  Unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Preliminary Approval Order, Defendant, through the Claims Administrator, will start implementing an online notice program. The text of the Online Media Notice will be substantially similar to the form attached as **Exhibit E**.

3.4     **CAFA Notice.**  Within ten (10) calendar days after this Agreement is filed with the Court, Staples shall serve upon relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.

3.5     **Proof of Notice.**  No later than ten (10) calendar days before the Fairness Hearing, Staples and the Claims Administrator will serve upon Class Counsel a declaration confirming that notice to the Class has been provided in accordance with Section 3.3 of this Settlement Agreement.

3.6     **Claims Procedure.**  To be eligible to receive a Settlement Reward Class Members must accurately complete and submit a Claim Form and deliver that form to the Claims Administrator no later than the Response Deadline.   The Claim Form may be submitted

electronically or by postal mail. The delivery date is deemed to be the date (a) the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of submission electronically through the Settlement Website, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt. Any Class Member who fails to submit a valid and timely Claim Form will not receive any benefits under this Settlement Agreement.

      **3.7**    **Right to Verify.**  The Claims Administrator and/or Staples may review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim. In addition, the Claims Administrator and/or Staples may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Class Member.

      **3.8**    **Disputed Claims.**  If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute. Staples's records will be entitled to a rebuttable presumption of accuracy.

      **3.9**    **Objections.**  Any Class Member who has not submitted a timely written exclusion request pursuant to Section 3.10 of this Settlement Agreement and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver written objections to Class Counsel and Staples's Counsel, and must file such objection with the Court, no later than the Response Deadline. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and Staples's Counsel. Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name and case number of the Action; (b) the full name, address, email address associated with the Class Member's Staples Rewards account (if any email address is associated), Rewards Membership Number (if known) and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). Any Class Member who files and serves a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. However, Class Members (with or without their attorneys) intending to make an appearance at the Fairness Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who file and serve timely objections including Notices of Intention to Appear may speak at the Fairness Hearing. If a

Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

     **3.10**    **Exclusion from the Class.**  Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. To make this election, Class Members must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action; (b) the full name, address, email address associated with the Class Member's Staples Rewards account (if any email address is associated), Rewards Membership Number (if known) and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than the Response Deadline. Staples must serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than seven (7) calendar days before the filing date for Plaintiff's motion in support of the Final Order and Judgment.

     **3.11**    **Final Order and Judgment.**  Before the Fairness Hearing, Plaintiff must apply for Court approval of a proposed Final Order and Judgment, substantially similar to the forms attached as **Exhibits G** and **H,** respectively. Subject to the Court's approval, the Final Order and Judgment shall, among other things:

     **(a)**    finally approve the Settlement Agreement as fair, reasonable and adequate;

     **(b)**    finally certify the Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3);

     **(c)**    find that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

     **(d)**    issue orders related to the relief provided for in the Settlement Agreement, including distribution of the Settlement Rewards, payment of Plaintiff's individual settlement award, and payment of class counsel's fees and costs;

     **(e)**    incorporate the releases set forth in the Settlement Agreement;

     **(f)**    dismiss the Action with prejudice; and

     **(a)**    retain jurisdiction over the Action and the Parties relating to the administration, consummation, and/or enforcement of the Agreement and/or the Final Order and Judgment, and for any other necessary purpose.

Class Counsel must also draft the motion papers and give Staples's Counsel drafts of the motion and proposed order to review at least ten (10) calendar days before the motion's filing and service date/deadline. Staples shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Final Order and Judgment.

**3.12    Judgment and Enforcement.**  The Parties agree that should the Court grant final approval of the proposed Settlement and enter Judgment, the Judgment shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

**4.    Nullification of Settlement Agreement.**

**4.1    Staples's Right to Revoke.**  Staples has the right in its sole and exclusive discretion to terminate and withdraw from the Settlement at any time prior to the Fairness Hearing if: (a) the Court makes an order inconsistent with any of the terms of this Settlement (except for an order reducing the Class counsel award or the Plaintiff's individual settlement award); or (b) any court following the signing of this Settlement Agreement but before the Effective Date, certifies, whether on a conditional basis or not, a class, collective, or representative action involving a claim described in the Action by potential class members covered by this Settlement; or (c) more than one hundred (100) Class Members timely and validly opt out of the Settlement; or (d) Plaintiff breaches the Settlement Agreement.

**4.2    Effect of Agreement if Settlement Is Not Approved.**  This Settlement Agreement was entered into only for the purpose of Settlement.  In the event that paragraph 4.1 is invoked by Staples, the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date does not occur for any reason, then this Agreement shall be deemed null and void *ab initio* and the Parties shall be deemed restored to their respective positions *status quo ante*, and as if this Agreement was never executed.  In that event (a) the Preliminary Approval Order and all of its provisions will be vacated by its own terms, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiff as class representative, and conditional appointment of Plaintiff's counsel as Class Counsel; (b) the Action will revert to the status that existed before the Plaintiff filed his motion for approval of the Preliminary Approval Order; and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding.  If the Court does not approve the Settlement or enter the Final Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, Staples shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

**5.    ADDITIONAL PROVISIONS.**

**5.1    Change of Time Periods.**  All time periods and dates described in this Settlement Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

**5.2    Fair, Adequate, and Reasonable Settlement.**  The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Action and have arrived at this

Settlement in arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations, including a mediation, conducted with the assistance of former U.S. federal court Judge Infante.

      **5.3     Real Parties in Interest.**  In executing this Settlement Agreement, the Parties warrant and represent that except as provided herein, neither said claims nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

      **5.4     Voluntary Agreement.**  This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

      **5.5     Binding on Successors.**  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

      **5.6     Parties Represented by Counsel.**  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

      **5.7     Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

      **5.8     Entire Agreement.**  This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action. This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

      **5.9     Construction and Interpretation.**  Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them. This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

      **5.10     Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement. Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.11    Exhibits.**  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and Settlement and are hereby incorporated and made a part of this Settlement Agreement as though fully set forth in the Settlement Agreement.

**5.12    Modifications and Amendments.**  No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing signed by the Parties or their counsel.

**5.13    Governing Law.**  This Agreement is entered into in accordance with the laws of the Commonwealth of Massachusetts and shall be governed by and interpreted in accordance with the laws of the Commonwealth of Massachusetts, without regard to its conflict of law principles.

**5.14    Further Assurances.**  Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

**5.15    Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

**5.16    Execution Date.**  This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**5.17    Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Settlement Agreement.

**5.18    Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

**5.19    Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**5.20    Inadmissibility.**  This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any court or tribunal in any state, territory, or jurisdiction.  Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order and Judgment.

      **5.21**   **No Conflict Intended.**   Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

      **5.22**   **Disposal of the Class List.**   Within six (6) months after entry of the Final Approval Order by the Court and completion of the administration, or in the event the Settlement is terminated pursuant to Section 4, after providing counsel for the Staples at least ten (10) calendar days advance notice of its invocation of this paragraph, all originals, copies, documents, transcriptions, iterations, or drafts of the contact information for Class Members or any portion thereof shall be returned to Staples by the Claims Administrator and/or destroyed with verification of such destruction.

      **5.23**   **Notices.**  Any notice, instruction, application for Court approval or application for Court orders sought in connection with the Settlement Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Staples to the attention of Staples's Counsel, and if to Class Members to the attention of Class Counsel on their behalf.

| CLASS COUNSEL | STAPLES'S COUNSEL |
| --- | --- |
| Frank R. Schirripa<br>HACH ROSE SCHIRRIPA & CHEVERIE LLP<br>185 Madison Ave, 14th Fl.<br>New York, New York 10016 | Michelle Doolin<br>COOLEY LLP<br>4401 Eastegate Mall<br>San Diego, CA 92121 |

      **5.24**   **List of Exhibits:**   The following exhibits are attached to this Settlement Agreement:

Exhibit A:   [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B:   Full Notice

Exhibit C:   U.S. Mail Notice

Exhibit D:   Email Notice

Exhibit E:   Online Media Notice

Exhibit F:   Claim Form

Exhibit G:   [Proposed] Order Granting Final Approval of Class Settlement

Exhibit H:    [Proposed] Final Judgment


**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: 12/5/16 _____

_____
NEIL TORCZYNER

Dated: _____

STAPLES, INC.

By: Frank B. Mutco _____
Its: EVP Global Marketing _____
                                      11/17/16

**EXHIBIT A**
**[PROPOSED] PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER**

1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11   NEIL TORCZYNER on behalf of              Case No.
     himself and all others similarly
12   situated,                                **[PROPOSED] ORDER GRANTING
                                              PRELIMINARY APPROVAL OF
13                    Plaintiff,               CLASS SETTLEMENT AND
                                              PROVISIONAL CLASS
14        v.                                   CERTIFICATION**

15   STAPLES, INC.,

16                    Defendants.

17          On _____ (month) ___ (day), 2016, this Court heard plaintiff Neil

18   Torczyner's ("Plaintiff") motion for preliminary approval of class settlement and

19   provisional class certification under Rule 23 of the Federal Rules of Civil

20   Procedure.  This Court reviewed the motion, including the Settlement Agreement

21   and Release ("Settlement Agreement").  Based on this review and the findings

22   below, the Court found good cause to grant the motion.[1]

23   **FINDINGS:**

24          **1.**     The Settlement Agreement appears to be the product of serious,

25   informed, non-collusive negotiations and falls within the range of possible approval

26   as fair, reasonable and adequate.  *See In re Tableware Antitrust Litig.*, 484 F. Supp.

27   _____
     [1] Capitalized terms in this Order, unless otherwise defined, have the same
28   definitions as those terms in the Settlement Agreement.

                                          1.

2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

2.     The Full Notice, U.S. Mail Notice, Email Notice, Online Media Notice and Claim Form (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

3.     For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

4.     For settlement purposes only, Plaintiff's claims are typical of the Class's claims.

5.     For settlement purposes only, there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

6.     For settlement purposes only, Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

7.     Staples filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

**IT IS ORDERED THAT:**

1.     **Settlement Approval**.  The Settlement Agreement, including the Full Notice, U.S. Mail Notice, Email Notice, Online Media Notice and Claim Form, attached to the Settlement Agreement as Exhibits B-F are preliminarily approved.

2.

**2.     Provision of Class Notice**.  Defendant Staples, Inc. ("Staples") will notify Class Members of the settlement in the manner specified under Section 3.3 of the Settlement Agreement.

**3.     Claim for a Settlement Reward**.  Class Members who want to receive a Settlement Reward under the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator no later than ninety (90) calendar days after the entry of this Order.

**4.     Objection to Settlement**.  Class Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and Staples's Counsel, and must file such objection with the Court, no later than ninety (90) calendar days after entry of this Order.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  The objection must include: (a) the name and case number of the Action; (b) the full name, address, email address associated with the Class Member's Staples Rewards account (if any email address is associated), Rewards Membership Number (if known) and telephone number of the person objecting; (c) the words "Notice of Objection" or "Formal Objection"; and (d) in clear and concise terms, the legal and factual arguments supporting the objection, including an attestation under the penalty of perjury of facts demonstrating that the person objecting is a Class Member.  Any Class Member who files and serves a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement.  Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, however, must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the

3.

objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted.  If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.   Only Class Members who file and serve timely objections containing Notices of Intention to Appear may speak at the Fairness Hearing.  The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

**5.     Failure to Object to Settlement.**  Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

**6.     Requesting Exclusion**.  Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action; (b) the full name, address, email address associated with the Class Member's Staples Rewards account (if any email address is associated), Rewards Membership Number (if known) and telephone number of the person requesting exclusion; and (c) a statement that the person does not wish to participate in the Settlement, postmarked no later than ninety (90) calendar days after entry of this Order.

**7.     Provisional Certification**.  The Class is provisionally certified as a class of all United States Staples Rewards® members who, during the Class Period, [1] bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting.

4.

The term "Class Period" means: March 24, 2009 through the date of entry of this Order. Excluded from the Class are Defendant's Counsel, Defendant's officers and directors, and the judge presiding over the Action.

**8.    Conditional Appointment of Class Representative and Class Counsel**. Plaintiff Neil Torczyner is conditionally certified as the Class representative to implement the Parties' settlement in accordance with the Settlement Agreement. The law firm of Hach Rose Schirripa & Cheverie, LLP is conditionally appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the Class's interests.

**9.    Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (a) Class certification will be automatically vacated; (b) Plaintiff will stop functioning as a Class representative; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, with the exception of Plaintiff's filing of the complaint. This Order will not waive or otherwise impact the Parties' rights or arguments.

**10.    No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**11.    Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12.    **CAFA Notice.** The Court finds that Staples has complied with 28 U.S.C. § 1715(b).

**13.    Fairness Hearing**. On _____ (month) ___ (day), 2016, at _____, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.

Based on the date of this Order and the date of the Fairness Hearing, the following are the certain associated dates in this Settlement:

| Event | Timing | Date |
|---|---|---|
| Last day for Defendant, through the Claims Administrator, to send Email Notice and U.S. Mail Notice, start operating Settlement Website & providing Online Media Notice | 30 days after entry of this Order[2] | |
| Last day for Plaintiff to file fee petition | 76 days after entry of this Order | |
| Last day for Class Members to file a claim, request exclusion or object to the Settlement | 90 days after entry of this Order | |
| Last day for parties to file briefs in support of the Final Order and Judgment | 10 days before Fairness Hearing | |

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website but other than the website posting Staples will not be required to provide any additional notice to Class Members.

DATED:_____      _____
                                 U.S. DISTRICT COURT JUDGE

_____

[2] With the exception of the "back up" postcard notice referenced in paragraph 3.3 of the Settlement.

6.

**EXHIBIT B**
**FULL NOTICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NEIL TORCZYNER,** | |
| **v.** | No. _____ |
| **STAPLES, INC.** | |

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:  All United States Staples Rewards® members who, from March 24, 2009 to [Month] [Day], [Year], [1] bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting.**

### IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.

A settlement ("Settlement") has been proposed in the class action lawsuit referenced above pending in the United States District Court for the Southern District of California ("Action").  If the Court gives final approval to the Settlement, Staples, Inc. ("Staples") will provide for each Class Member who properly and timely completes and submits a Claim Form $10 in Staples Rewards, subject to the additional conditions explained later in this notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get a Settlement Reward under the Settlement.<br><br>Visit the Settlement website located at _____ to obtain a Claim Form. | Deadline: _____ |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive a Settlement Reward under the Settlement.  Excluding yourself is the only option that allows you to bring or maintain your own lawsuit against Staples regarding the allegations in the Action ever again. | Deadline: _____ |
| **OBJECT** | You may write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved.  Filing an objection does not exclude you from the Settlement. | Deadline: _____ |

**Settlement Agreement and Release**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the Representative Plaintiff's request for service awards for bringing the Action.<br><br>You may, but are not required to, speak at the Fairness Hearing about any objection you filed to the Settlement. If you intend to speak at the Fairness Hearing, you must also submit a "Notice of Intention to Appear" to the Court and the parties' attorneys, indicating your intent to do so. | Hearing Date: _____ |
| **DO NOTHING** | You will not receive a Settlement Reward under the Settlement. You will also give up your right to object to the Settlement and you will be not be able to be part of any other lawsuit about the legal claims in this case. | N/A |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.
- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. ***Please be patient***.

## WHAT THIS NOTICE CONTAINS

**BACKGROUND INFORMATION**.............................................................................................**##**

    1.    Why did I get this notice?

    2.    What is this lawsuit about?

    3.    Why is this a class action?

    4.    Why is there a Settlement?

    5.    How do I know if I am part of the Settlement?

    6.    I'm still not sure if I am included.

**THE PROPOSED SETTLEMENT** ....................................................................................**##**

    7.    What relief does the Settlement provide to the Class Members?

**HOW TO REQUEST A SETTLEMENT REWARD – SUBMITTING A CLAIM FORM**.............................................................................................**##**

8.      How can I get a Settlement Reward?

9       When will I get a Settlement Reward?

**THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF** ........................ ##

10.     Do I have a lawyer in this case?

11.     How will the lawyers be paid?

12.     Will the Representative Plaintiff receive any compensation for his efforts in bringing this Action?

**DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS** ........................................... ##

13.     What am I giving up to obtain relief under the Settlement?

**HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT** ...................................... ##

14.     How do I exclude myself from the Settlement?

**HOW TO OBJECT TO THE SETTLEMENT** ................................................................ ##

15.     How do I tell the Court that I disagree with the Settlement?

16.     What is the difference between excluding myself and objecting to the Settlement?

**FAIRNESS HEARING** ........................................................................................... ##

17.     What is the Fairness Hearing?

18.     When and where is the Fairness Hearing?

19.     May I speak at the hearing?

**ADDITIONAL INFORMATION** ............................................................................... ##

20.     How do I get more information?

21.     What if my address or other information has changed or changes after I submit a Claim Form?

## BACKGROUND INFORMATION

### 1.   *Why did I get this notice?*

You received this Notice because a Settlement has been reached in this Action.  According to Staples's available records you might be a member of the Settlement Class and may be eligible for the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which

defines certain capitalized terms used in this Notice), see Section 20 below.

### 2. *What is this lawsuit about?*

Plaintiff Neil Torczyner (the "Representative Plaintiff") filed a lawsuit against Staples on behalf of himself and all others similarly situated. The lawsuit alleges that Staples engaged in unfair and deceptive business practices by not adequately disclosing that it utilized pro rata coupon accounting when it calculated Staples Rewards earnings in transactions involving product-specific coupons.

Staples denies each and every one of the allegations of unlawful conduct, any wrongdoing, and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability. Staples further denies that any Class Member is entitled to any relief and, other than for settlement purposes, that this Action is appropriate for certification as a class action.

**<u>The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Representative Plaintiff's claims in the Action.</u>**

For information about how to learn about what has happened in the Action to date, please see Section 20 below.

### 3. *Why is this a class action?*

In a class action lawsuit, one or more people called "Representative Plaintiff(s)" (in this Action, Neil Torczyner) sue on behalf of other people who allegedly have similar claims. For purposes of this proposed Settlement, one court will resolve the issues for all Class Members. The company sued in this case, Staples, is called the Defendant.

### 4. *Why is there a Settlement?*

The Representative Plaintiff has made claims against Staples. Staples denies that it has done anything wrong or illegal and admits no liability. The Court has **not** decided that the Representative Plaintiff or Staples should win this Action. Instead, both sides agreed to a Settlement. That way, they avoid the cost of a trial, and the Class Members will receive relief now rather than years from now, if at all.

### 5. *How do I know if I am part of the Settlement?*

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement: All United States Staples Rewards® members who, during the Class Period, [1] bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting. The term "Class Period" means: March 24, 2009 through _____. Excluded from the Class are Defendant's Counsel, Defendant's officers and directors, and the judge

**Settlement Agreement and Release**

presiding over the Action.

**6.** ***I'm still not sure if I am included.***

If you are still not sure whether you are included, you can write the Claims Administrator for free help. The email address of the Claims Administrator is _____ and the U.S. postal (mailing) address is _____.

## THE PROPOSED SETTLEMENT

**7.** ***What relief does the Settlement provide to the Class Members?***

Staples has agreed to provide to Class Members who complete a claim form $10 in Staples Rewards, subject to the following qualification.

- A Settlement Reward distributed pursuant to the Settlement Agreement shall be subject to the same terms and conditions as a Reward distributed by Staples as part of its Rewards program at the time the Rewards are distributed.

- If the Floor Settlement Amount is not reached, then additional subsequent rounds of distribution will occur. In each round, the maximum value of Settlement Rewards shall be $10. The maximum number of subsequent rounds shall be six (6). The Settlement Rewards' period of usage distributed per each round will be successive.

- If, given the number of Authorized Claimants and the Claims Administrator Costs, the Maximum Settlement Amount will be exceeded by distributing $10 of Rewards in a single round of distribution to each Eligible Class Member, the distribution to the Eligible Class Members will be decreased pro rata.

As used in the Settlement Agreement, the term "Floor Settlement Amount" is five hundred thousand dollars ($500,000) total, in Settlement Rewards. As used in the Settlement Agreement, the term "Maximum Settlement Amount" means two million dollars ($2 million) total, in Settlement Rewards and U.S. dollars. The Maximum Settlement Amount includes distributions to Class Members in the form of Settlement Rewards and all Claims Administrator Costs. The Maximum Settlement Amount does not include payment of Plaintiff's individual settlement award and Class Counsel's attorneys' fees and costs award.

## HOW TO REQUEST A SETTLEMENT REWARD – SUBMITTING A CLAIM FORM

**8.** ***How can I get a Settlement Reward?***

To qualify for a Settlement Reward, you must send in a Claim Form. A Claim Form is available by clicking HERE or on the Internet at the website _____. The Claim

**Settlement Agreement and Release**

Form may be submitted electronically or by postal mail.  Read the instructions carefully, fill out the form, and postmark it by _____ or submit it online on or before 11:59 p.m. (Pacific) on _____.

### 9.   *When will I get a Settlement Reward?*

As described in Sections 17 and 18, the Court will hold a hearing on _____ at _____, to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  You can check on the progress of the case on the website dedicated to the Settlement at _____. *Please be patient.*

## THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF

### 10.   *Do I have a lawyer in this case?*

The Court has ordered that the law firm of Hach Rose Schirripa & Cheverie, LLP ("Class Counsel") will represent the interests of all Class Members.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11.   *How will the lawyers be paid?*

Staples has agreed to pay Class Counsel's attorneys' fees and costs up to $500,000, subject to approval by the Court.  You will not be required to pay any attorneys' fees or costs.

### 12.   *Will the Representative Plaintiff receive any compensation for his efforts in bringing this Action?*

The Representative Plaintiff will request a service award of up to $5,000 for his services as class representative and his efforts in bringing the Action.  The Court will make the final decision as to the amount to be paid to the class representative.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 13.   *What am I giving up to obtain relief under the Settlement?*

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against Staples.  This generally means that you will not be able to file a lawsuit, continue prosecuting a lawsuit, or be part of any other lawsuit against Staples regarding the allegations in the Action.  The Settlement Agreement, available on the Internet at the website _____ contains the full terms of the release.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 14.  *How do I exclude myself from the Settlement?*

You may exclude yourself from the Class and the Settlement.  If you want to be excluded, you must send a letter or postcard stating: **(a)** the name and case number of the Action; **(b)** your full name, address, email address associated with your Staples Rewards account (if any email address is associated), Rewards Membership Number (if known) and telephone number; and **(c)** a statement that you do not wish to participate in the Settlement, postmarked no later than _____ to the Claims Administrator at:

*Torczyner v. Staples, Inc. Settlement*
c/o _____
_____
_____

If you timely request exclusion from the Class, you will be excluded from the Class, you will not be bound by the judgment entered in the Action, and you will not be precluded from prosecuting any timely, individual claim against Staples based on the conduct complained of in the Action.

## HOW TO OBJECT TO THE SETTLEMENT

### 15.  *How do I tell the Court that I disagree with the Settlement?*

At the date, time, and location stated in Section 18 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and a service award to the Representative Plaintiff.

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, you must file a written objection with the Court and serve such objection on Class Counsel and Staples's Counsel at the addresses set forth below no later than (*i.e.*, postmarked by) _____.

| CLASS COUNSEL | STAPLES'S COUNSEL | COURT |
|---|---|---|
| FRANK R. SCHIRRIPA HACH ROSE SCHIRRIPA & CHEVERIE LLP 185 MADISON AVE, 14TH FL. NEW YORK, NY 10016 | MICHELLE C. DOOLIN COOLEY LLP 4401 EASTGATE MALL SAN DIEGO, CA 92121-1909 | U.S. DISTRICT COURT SOUTHERN DIST. OF CAL. 333 WEST BROADWAY SAN DIEGO, CA 92101 |

Any written objections must state: **(a)** the name and case number of the Action; **(b)** your full name, address, email address associated with your Staples Rewards account (if any email address is associated), Reward Membership Number (if known) and telephone number; **(c)** the words "Notice of Objection" or "Formal Objection"; and **(d)** in clear and

concise terms, the legal and factual arguments supporting the objection, including an attestation under the penalty of perjury of facts demonstrating that the person objecting is a Class Member.  You may, but need not, file and serve your objection through counsel of your choice.  If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**

If you file and serve a written objection, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the Settlement Agreement.  You are not required, however, to appear.  If you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include on your timely and valid objection a statement substantially similar to "Notice of Intention to Appear".

If you intend to appear at the Fairness Hearing through counsel, you must also identify the attorney(s) representing you who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted.  Also, if you intend to request the Court to allow you to call witnesses at the Fairness Hearing, such request must be made in your written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.

### 16. *What is the difference between excluding myself and objecting to the Settlement?*

Objecting is simply telling the Court that you disagree with something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FAIRNESS HEARING

### 17. *What is the Fairness Hearing?*

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement.  The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Representative Plaintiff.

### 18. *When and where is the Fairness Hearing?*

On _____, 2016 at _____, a hearing will be held on the fairness of the proposed Settlement.  At the hearing, the Court will be available to hear any objections and

**Settlement Agreement and Release**

arguments concerning the proposed Settlement's fairness.  The hearing will take place before the Honorable _____ in Courtroom __ (__ Floor) of the U.S. District Court for the Southern District of California, located at 333 West Broadway, San Diego, CA 92101. The hearing may be postponed to a different date or time or location without notice.  Please check _____ for any updates about the Settlement generally or the Fairness Hearing specifically.  If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

### 19.   *May I speak at the hearing?*

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to.  As described above in Section 15, you may speak at the Fairness Hearing only if (a) you have timely served and filed an objection, and (b) you have timely and validly provided a Notice of Intent to Appear.

If you have requested exclusion from the Settlement, however, you may not speak at the Fairness Hearing.

## ADDITIONAL INFORMATION

### 20.   *How do I get more information?*

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the Settlement website located at: _____.  Alternatively, you may contact the Claims Administrator at the email address _____ or the U.S. postal (mailing) address: _____.

This description of this Action is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file you should visit www.pacer.gov or the Clerk's office at 333 West Broadway, San Diego, CA 92101.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

### 21.   *What if my address or other information has changed or changes after I submit a Claim Form?*

It is your responsibility to inform the Claims Administrator of your updated information. You may do so at the address below:

*Torczyner v. Staples, Inc. Settlement*

_____

_____

_____

\*\*\*\*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____2016             By: Order of the Southern District of
                                  California
                                  HONORABLE ---------------------------------
                                  UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT C**
**U.S. MAIL NOTICE**

**If between March 24, 2009 to [Month] [Day], [Year], you [1] bought a Staples Rewards® eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples' pro rata coupon accounting, you might be entitled to $10 in Staples Rewards.**

**Why did I get this notice?**  A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Southern District of California ("Court") titled *Torczyner v. Staples, Inc.* ("Action").  According to available records, you might be a "Class Member."  The purpose of this notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?**  The Action was filed against Staples, Inc. ("Staples") by plaintiff Neil Torczyner alleging Staples engaged in unfair and deceptive business practices by not adequately disclosing that it utilized pro rata coupon accounting when calculating Staples Rewards earnings in transactions involving product-specific coupons.  Staples denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial.  ___No court has decided which side is right.  But both sides agreed to provide benefits to Staples Rewards members and resolve the case.___

**Am I a Class Member?**  You are a "Class Member" if between March 24, 2009 and [Month] [Day], [Year], you [1] bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting.

**What relief does the Settlement provide?**  If you are a Class Member, you are eligible to receive $10 Staples Rewards, with the actual value of Settlement Reward depending on the number of claims.  To receive a Settlement Reward you must timely complete and submit a valid Claim Form.  A Claim Form is available on the Internet at the Settlement Website _____.  The deadline to submit a Claim Form is _____.

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by _____, or you won't be able to sue Staples about the legal claims in the Action ever again.  If you exclude yourself, you cannot receive a Settlement Reward from this Settlement.  If you stay in the Settlement, you may object to it by _____.  The detailed notice available at _____ explains how to request exclusion or object.  The Court will hold a hearing on _____ at _____ to consider whether to approve the Settlement and a request by the lawyers representing all Class Members (Hach Rose Schirripa & Cheverie, LLP) for $500,000 in attorneys' fees and costs, and for the class representative's (Neil Torczyner) request for $5,000 for his services.  You may ask to appear at the hearing, but you don't have to.

**More information?**  For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more about how to exercise your various options under the Settlement, visit _____.

You may also write to the Claims Administrator at the email address _____ or the postal address _____.

**EXHIBIT D**
**EMAIL NOTICE**

To: _____
From: _____
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

**If between March 24, 2009 to [Month] [Day], [Year], you [1] bought a Rewards® eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples' pro rata accounting, you might be entitled to $10 in Staples Rewards.**

**Why did I get this notice?**  A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Southern District of California ("Court") titled *Torczyner v. Staples, Inc.* ("Action").  According to available records, you might be a "Class Member."  The purpose of this notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?**  The Action was filed against Staples, Inc. ("Staples") by plaintiff Neil Torczyner alleging Staples engaged in unfair and deceptive business practices by not to adequately disclosing  that it utilized pro rata coupon accounting when calculating Staples Rewards earnings in transactions involving product-specific coupons.  Staples denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial.  ***No court has decided which side is right.  But both sides agreed to provide benefits to Staples Rewards® members and resolve the case.***

**Am I a Class Member?**  You are a "Class Member" if between March 24, 2009 and [Month] [Day], [Year], you [1] bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting.

**What relief does the Settlement provide?**  If you are a Class Member, you are eligible to receive $10 Staples Rewards, with the actual value of Settlement Reward depending on the number of claims.  To receive a Settlement Reward you must timely complete and submit a valid Claim Form.  A Claim Form is available by clicking HERE.  The deadline to submit a Claim Form is _____.

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by _____, or you won't be able to sue Staples about the legal claims in the Action ever again.  If you exclude yourself, you cannot receive a Settlement Reward from this Settlement.  If you stay in the Settlement, you may object to it by _____.  The detailed notice available at _____ explains how to request exclusion or object.  The Court will hold a hearing on _____ at _____  to consider whether to approve the Settlement and a request by the lawyers representing all Class Members (Hach Rose Schirripa & Cheverie, LLP) for $500,000 in attorneys' fees and costs, and for the class representative's (Neil Torczyner) request for $5,000 for his services.  You may ask to appear at the hearing, but you don't have to.

**Settlement Agreement and Release**

**More information?**  For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more about how to exercise your various options under the Settlement, visit _____. You  may  also  write  to  the  Claims  Administrator  at  the  email  address _____ or the postal address _____.

**EXHIBIT E**
ONLINE MEDIA NOTICE

Are you a Staples Rewards® Member who made a Rewards-eligible purchase between March 24, 2009 and [Date], used an item-specific coupon for a non-Rewards-eligible product in that purchase, and were negatively affected by pro rata coupon accounting?  A settlement may affect your rights.  You could be entitled to $10 in Staples Rewards.  Click HERE for more info.

**EXHIBIT F**
**CLAIM FORM**

# TORCZYNER V. STAPLES, INC. CLAIM FORM

**YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN _____.**

**PERSONAL INFORMATION.** Please legibly print or type the following information:
Name (first, middle, and last): _____

Residential Street Address: _____

City, State, and ZIP code: _____

Telephone Number: (_____) _____

Staples Rewards® Membership Number++ _____

Email Address Associated with Staples Rewards® Account (if applicable): _____
_____

*The above information will be used to send you your Settlement Reward and to communicate with you if any problems arise with your claim.*

++ *Your Staples Rewards number is to assist the Claims Administrator in processing your claim, although it is not required.*

**CONFIRMATION OF CLASS MEMBERSHIP**

I declare that I believe that, during the period of time between March 24, 2009 and [Date], I:

1. Was a Staples Rewards Member;
2. Purchased an item from Staples that was eligible for earning a Staples Reward;
3. In that same purchase transaction, I also purchased an item that was not eligible for earning a Staples Reward;
4. In that same purchase transaction, I also used an item-specific coupon on an item that was not eligible for earning a Staples Reward; and
5. I was negatively affected by pro rata coupon accounting.

*The Claims Administrator and/or Staples may verify your claim. Please retain in your possession any supporting receipts.*

**ACKNOWLEDGEMENT.**

I have received notice of the class action Settlement in this case and I am a member of the class of persons described in the notice. I agree to release all the claims, known and unknown, stated in Section 2.8 of the Settlement Agreement. I submit to the jurisdiction of the United States District Court, District of the Southern District of California with regard to my claim and for purposes of enforcing the release of claims stated in the Settlement Agreement. I am aware that I can obtain a copy of the full notice and Settlement Agreement at _____ or by writing the Claims Administrator at the email address _____ or the postal address _____. I agree to furnish additional information to support this claim if required to do so.

**Settlement Agreement and Release**

IF SUBMITTED ELECTRONICALLY:

☐ **I agree that by submitting this Claim Form I certify under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:

**I declare under penalty of perjury under the laws of the Unites States of America that the foregoing is true and correct to the best of my knowledge.**

Dated:_____          Signature: _____

**EXHIBIT G**
**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT
9    SOUTHERN DISTRICT OF CALIFORNIA
10
11   NEIL TORCZYNER on behalf of      Case No. _____
     himself and all others similarly
12   situated,                        **[PROPOSED] ORDER GRANTING
                                       FINAL APPROVAL OF CLASS
13                Plaintiff,           SETTLEMENT**

14        v.

15   STAPLES, INC.,

16                Defendants.

17        On _____ (month) ____ (day), this Court heard plaintiff Neil

18   Torczyner's ("Plaintiff") motion for final approval of the class action settlement.

19   This Court reviewed: (a) the motion and the supporting papers, including, the

20   Settlement Agreement and Release ("Settlement Agreement");[1] (b) any objections

21   filed with or presented to the Court; (c) the parties' responses to any objections; and

22   (d) counsels' arguments.  Based of this review and the findings below, the Court

23   found good cause to grant the motion.

24   **FINDINGS:**

25        **1.**     Upon review of the record, the Court hereby finds that the Settlement

26   Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves

27   _____

28   [1] Capitalized terms in this Order, unless otherwise defined, have the same
     definitions as those terms in the Settlement Agreement.

                                      1.

it.  The Court has come to this determination pursuant to the factors outlined in cases such as *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982).  Among other matters considered, the Court took into account: (a) the complexity of Plaintiffs' theory of liability; (b) the arguments raised by Staples, Inc. ("Staples") in its pleadings that could potentially preclude or reduce the recovery by Class Members; (c) delays in any award to the Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Class has a positive reaction to the proposed settlement.

**2.**     The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and Staples's Counsel resulting in the Settlement Agreement.  Parts of these negotiations were presided over by the experienced mediator Hon. Edward A. Infante (ret.).

**3.**     The Settlement Agreement provides substantial value to the class in the form of Settlement Rewards.

**4.**     Defendant Staples provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

**5.**     The Parties adequately performed their obligations under the Settlement Agreement.

**6.**     For the reasons stated in the Preliminary Approval of Class Settlement and Provisional Class Certification Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meet all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

**7.**     An award of $_____ in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

**8.**     An individual settlement award to plaintiff Neil Torczyner of $_____ is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this action as the Class representative; (b) the time and effort spent by Plaintiff in litigating this action as the Class representative; and (c) Plaintiff's public interest service.

**IT IS ORDERED THAT:**

**1.**     **Class Members**.  The Class Members are defined as:

All United States Staples Rewards® members who, during the Class Period, [1] bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting.  The term "Class Period" means: March 24, 2009 through the date of entry of this Order. Excluded from the Class are Defendant's Counsel, Defendant's officers and directors, and the judge presiding over the Action.

**2.**     **Binding Effect of Order**.  This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under paragraph 6 of the Preliminary Approval of Class Settlement and Provisional Class Certification

Order.  This order does not bind persons who filed timely and valid Requests for Exclusion.  Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

**3.     Release**.  Plaintiff and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Staples from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 2.8 and 2.9 of the Settlement Agreement and are specifically incorporated herein by this reference.

**4.     Class Relief**.  Staples will issue Settlement Rewards to each Class Member who submitted a valid and timely Claim Form (*i.e.*, each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

**5.     Attorneys' Fees and Costs**.  Class Counsel is awarded $_____ in fees and costs.  Payment shall be made pursuant to the timeline stated in Section 2.4 of the Settlement Agreement.

**6.     Individual Settlement Award**.  Plaintiff Neil Torczyner is awarded $_____ as an individual settlement award.  Payment shall be made pursuant to the timeline stated in Section 2.3 of the Settlement Agreement.

**7.     Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.


DATED:_____          _____
                                                              U.S. DISTRICT COURT JUDGE

**EXHIBIT H**
[PROPOSED] FINAL JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

13
14
15

NEIL TORCZYNER on behalf of
himself and all others similarly
situated,

16

Plaintiff,

17

v.

18

STAPLES, INC.,

19

Defendants.

Case No. _____

**[PROPOSED] FINAL JUDGMENT**

20        The Court hereby issues its Final Judgment disposing of all claims based

21   upon the Settlement Agreement entered between Neil Torczyner ("Plaintiff") and

22   Staples, Inc. ("Staples" or "Defendant") and the Court's Order Granting Final

23   Approval of Class Settlement.

24        **IT IS ORDERED AND ADJUDGED THAT**:

25        **1.**      In the Order Granting Final Approval of Class Settlement, the Court

26   granted final certification, for purposes of settlement only, of a class defined as:

27   "All United States Staples Rewards® members who, during the Class Period, [1]

28

1.

bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-Rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting."  The term "Class Period" means: March 24, 2009 through [Month] [Day], [Year]. Excluded from the Class are Defendant's Counsel, Defendant's officers and directors, and the judge presiding over the Action.

**2.**     All persons who satisfy the class definition above are "Class Members."  However, persons who timely filed valid requests for exclusion are not Class Members.  The list of excluded persons is attached hereto as Exhibit 1.

**3.**     In the Order Granting Final Approval of Class Settlement, the Court found that notice of the Settlement Agreement and Release ("Settlement Agreement") was provided to Class Members by email, postal mail, and an online advertisement in compliance with Section 3.3 of the Settlement Agreement, Federal Rule of Civil Procedure 23, and due process.

**4.**     Plaintiff Neil Torczyner is awarded $_____ as an individual settlement award.

**5.**     Class Counsel (Hach Rose Schirripa & Cheverie, LLP ) is awarded $_____ in attorneys' fees and costs.

**6.**     To each Class Member who submitted a timely and valid Claim Form (an "Authorized Claimant"), Staples shall issue Settlement Rewards, pursuant to the following terms:

(a)     A Settlement Reward shall be subject to the same terms and conditions as a Reward distributed by Staples as part of its Rewards program at the time the Rewards are distributed.

(b)     Each Authorized Claimant will receive _____ round(s) of Settlement Reward Distribution, with the value of the Settlement Reward being _____ in the _____ round of distribution and ____ in the last round.

(c)     The Settlement Rewards' period of usage distributed per each round will be successive.

**7.**     All Class Members who did not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, shall waive and forfeit, and be deemed to have fully, finally and forever released and discharged all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known claims or Unknown Claims, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Action, Complaint and/or Demand including, but not limited to, any and all claims related in any way to Staples' Rewards program (including Unknown Claims) (collectively "Class Released Claims") against Staples, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with it, or any of them (collectively "Released Parties").

As used in this release, the term "Unknown Claims" means with respect to the Class Released Claims only, Plaintiff and the Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF**

3.

**EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

As part of this agreement, Plaintiff and the Class Members state that they fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Plaintiff and the Class Members and the Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts.  Further, Plaintiff and the Class Members agree that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the settlement would not have been accepted.

**8.**      In addition to the releases made by the Class Members set forth above Neil Torczyner makes the additional following general release of all claims, known or unknown.  Neil Torczyner, and each of his successors, assigns, legatees, heirs, and personal representatives release and forever discharge the Released Parties, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Neil Torczyner, and each of his successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF**

4.

**EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Neil Torczyner fully understands that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Neil Torczyner and his Counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that the Settlement Agreement will remain effective despite any difference in facts. Further, Neil Torczyner agrees that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**9.**     All Class Members are bound by this Final Judgment, by the Order Granting Final Approval of Class Settlement, and by the terms of the Settlement Agreement.

NOW, THEREFORE, the Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment, pursuant to Federal Rule of Civil Procedure 58, forthwith.

DATED:_____     _____
                                                        U.S. DISTRICT COURT JUDGE

5.