UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL TORCZYNER, individually and on behalf of all others similarly situated<br><br>       Plaintiff,<br><br>v.<br><br>STAPLES, INC.,<br><br>       Defendant. | Case No.: 16cv2965 JM (JLB)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

Before the court is Plaintiff Neil Torczyner's motion for preliminary approval of class settlement and provisional class certification. (Doc. No. 5.) The court has reviewed the motion, including the Settlement Agreement and Release[1] ("Settlement Agreement"), and the forms of notice proposed. Based on that review and the findings discussed below, the court grants the motion.

///

///

---

[1] Capitalized terms in this order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

1

## I. BACKGROUND

### A. Case History

Beginning in late 2012, Plaintiff and his counsel "began their investigation into the subject matter of Plaintiff's suit," (Doc. No. 5-1 at 9), specifically that Staples "engaged in a deceptive scheme whereby it purported to offer and provide to Plaintiff and the Class—as Staples Rewards Program Members ('Members')—credit for a certain percentage of his/her/their total Qualifying Purchase Amount ('Rewards Points') for purchases made during the applicable calendar quarter when, in fact, Members received credit in amounts far less than the represented percentage of their Qualifying Purchase Amount," (Doc. No. 1 ¶ 1).

In March 2013, Plaintiff provided Staples notice that he intended to bring a claim under Massachusetts's Regulation of Business Practice and Consumer Protection Act. (Doc. No. 5-1 at 8.) Approximately seven months later, after "several rounds of correspondence" between the parties "supported by exhibits explaining each side's divergent positions," Staples "agreed to provide Plaintiff with pre-complaint discovery." (Id. at 9.) After reviewing the discovery, Plaintiff and Staples continued discussions and agreed to enter into a formal tolling agreement, which was extended while the parties engaged in additional informal discovery and settlement negotiations. (Id. at 10.) As part of those negotiations, the parties participated in a full-day mediation session before the Honorable Edward A. Infante (ret.) in October 2015.

On December 6, 2016, Plaintiff filed a class action complaint alleging three claims for relief: (1) violation of Massachusetts's Regulation of Business Practice and Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2, (Doc. No. 1 ¶¶ 22–39); (2) breach of contract, (id. ¶¶ 33–36); (3) breach of the implied covenant of good faith and fair dealing, (id. ¶¶ 37–40). Plaintiff filed the motion now before the court eight days later.

### B. Settlement Details

The Settlement Class is defined as "United States Staples Rewards® members who, during the Class Period [March 24, 2009 through the date of entry of the

Preliminary Approval Order], [1] bought a Rewards-eligible product and a non-Rewards eligible product in the same transaction, [2] used an item-specific coupon on the non-rewards eligible product, and [3] were negatively impacted by Staples's pro rata coupon accounting." (Doc. No. 5-1 at 10 (brackets in original).)  Any class member who believes they fall within the above definition may submit a simple claim form to be considered for Settlement Reward relief.  (Id. 8–9.)  The claims administrator will create a settlement website and Staples will implement an online notice program.  In addition, Staples will, both via email and regular U.S. mail, contact potential class members based off of their business records.  (Doc. No. 5-3 at 10–11.)

When presented with valid claims, Staples will distribute to each Class member $10 in Settlement Rewards, which is "credit usable for purchases at Staples retail stores and on Staples.com."  If the "Floor Settlement Amount" of $500,000 is not reached, then up to six "subsequent rounds of distribution will occur."  In each round, the maximum value of Settlement Rewards shall be $10.  The Maximum Settlement Amount is $2,000,000, which includes distributions to Class Members in the form of Settlement Rewards and all Claims Administrator Costs, but does not include the payment of Plaintiff's individual settlement award and Class Counsel's attorneys' fees and costs award.  (Doc. No. 5-3 at 5.)  Additionally, Staples agrees to "make meaningful changes to its Terms and Conditions for product-specific coupons that would disclose the manner in which they are used to calculate Staples Rewards Points ('Rewards Points'), providing additional value to all Class members as well as future Staples consumers."  (Doc. No. 5-1 at 6–7.)

## II.   FINDINGS

**1.**     The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable, and adequate.  See In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious

deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

    **2.**    The Full Notice, U.S. Mail Notice, Email Notice, Online Media Notice and Claim Form[2] (attached to the Settlement Agreement), and their manner of transmission, comply with Federal Rule of Civil Procedure 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (1) the pending lawsuit, (2) the proposed settlement, and (3) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

    **3.**    For preliminary settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

    **4.**    For preliminary settlement purposes only, Plaintiff's claims are typical of the Class's claims.

    **5.**    For preliminary settlement purposes only, there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

    **6.**    For preliminary settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

    **7.**    On March 2, 2017, Staples filed a copy of its December 22, 2016, notice to the United States Attorney General and appropriate state officials, which complies with the requirements of 28 U.S.C. § 1715(b).  (See Doc. No. 13.)

**III.   ORDER**

    **1.**    **Settlement Approval**.  The Settlement Agreement, including the Full Notice, U.S. Mail Notice, Email Notice, Online Media Notice and Claim Form, attached

---

[2] On April 17, 2017, the parties notified the court that they had amended the term "Claim Form," as defined in Section 1.4 of the Settlement Agreement, to mean two forms, which the parties provided to the court.  (See Doc. No. 19.)

to the Settlement Agreement as Exhibits B–F are preliminarily approved.

2.     **Provision of Class Notice**.  Staples will notify Class Members of the settlement in the manner specified under Section 3.3 of the Settlement Agreement.

3.     **Claim for a Settlement Reward**.  Class Members who want to receive a Settlement Reward under the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator no later than ninety calendar days after the entry of this Order.

4.     **Objection to Settlement**.  Class Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and Defendant's Counsel, and must file such objection with the court, no later than ninety calendar days after entry of this order.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  The objection must include: (1) the name and case number of the Action; (2) the full name, address, email address associated with the Class Member's Staples Rewards account (if any email address is associated), Rewards Membership Number (if known) and telephone number of the person objecting; (3) the words "Notice of Objection" or "Formal Objection"; and (4) in clear and concise terms, the legal and factual arguments supporting the objection, including an attestation under the penalty of perjury of facts demonstrating that the person objecting is a Class Member.

Any Class Member who files and serves a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement. Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, however, must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include

the name, address, phone number, and email address of the attorney(s), and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.

5. **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement and (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement.

6. **Requesting Exclusion**. Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating: (1) the name and case number of the Action; (2) the full name, address, email address associated with the Class Member's Staples Rewards account (if any email address is associated), Rewards Membership Number (if known) and telephone number of the person requesting exclusion; and (3) a statement that the person does not wish to participate in the Settlement, postmarked no later than ninety calendar days after entry of this order.

7. **Provisional Certification**. The Class is provisionally certified as a class of all United States Staples Rewards® members who, during the Class Period, (1) bought a Rewards-eligible product and a non-Rewards-eligible product in the same transaction, (2) used an item-specific coupon on the non-Rewards-eligible product, and (3) were negatively impacted by Defendant's pro rata coupon accounting. The term "Class Period" means: March 24, 2009 through the date of entry of this order. Excluded from the Class are Defendant's Counsel, Defendant's officers and directors, and the judge presiding over the Action.

8. **Conditional Appointment of Class Representative and Class Counsel**. Plaintiff Neil Torczyner is conditionally certified as the Class representative to implement the Parties' settlement in accordance with the Settlement Agreement. The law

firm of Hach Rose Schirripa & Cheverie, LLP is conditionally appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the Class's interests.

**9. Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (1) Class certification will be automatically vacated; (2) Plaintiff will stop functioning as a Class representative; and (3) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, with the exception of Plaintiff's filing of the complaint. This order will not waive or otherwise impact the Parties' rights or arguments.

**10. No Admissions.** Nothing in this order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**11. Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the court, except for such actions as are necessary to implement the Settlement Agreement and this order.

**12. CAFA Notice.** The Court finds that Staples has complied with 28 U.S.C. § 1715(b).

**13. Fairness Hearing**. On August 28, 2017, at 10:00 a.m. in Courtroom 5D, located at 221 W. Broadway, San Diego, CA 92101, the court will hold a Fairness Hearing to consider:

 a. the fairness, reasonableness, and adequacy of the proposed settlement;
 b. Plaintiff's request for the award of attorneys' fees and costs;
 c. the Class Representative enhancement;
 d. dismissal with prejudice of the class action with respect to Defendant; and
 e. the entry of final judgment in this action.

The date, time, and location of the Fairness Hearing shall be included in the Notice to be mailed to all class members. At the Fairness Hearing, the parties shall also be prepared to update the court on any new developments since the filing of the motion, including any untimely submitted opt-outs, objections, and claims, or any other issues as

the court deems appropriate.

Based on the date of this order and the date of the Fairness Hearing, the following are the certain associated dates in this Settlement:

| Event | Timing | Date |
| --- | --- | --- |
| Last day for Defendant, through the Claims Administrator, to send Email Notice and U.S. Mail Notice, start operating Settlement Website & providing Online Media Notice | Within 30 days after entry of this order[3] | May 25, 2017 |
| Last day for Plaintiff to file motion for attorneys' fees, costs, and class representative service award | Within 76 days after entry of this order | July 10, 2017 |
| Last day for Class Members to file a claim, request exclusion or object to the Settlement | Within 90 days after entry of this order | July 24, 2017 |
| Last day for parties to file briefs in support of the Final Order and Judgment | 21 days before Fairness Hearing | August 7, 2017 |

The court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement

---

[3] With the exception of the "back up" postcard notice referenced in paragraph 3.3 of the Settlement.

8

Website but other than the website posting Staples will not be required to provide any additional notice to Class Members.

IT IS SO ORDERED.

DATED: April 25, 2017

JEFFREY T. MILLER
United States District Judge