1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

David R. Stickney Esq. (CA State Bar No. 188574)
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN, LLP**
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel.: 858-720-3191
Fax: 858-793-0323
davids@blbglaw.com

*Liaison Counsel for Plaintiff and Putative Class*

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL TORCZYNER, individually, on behalf of himself, and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>STAPLES, INC.,<br><br>       Defendant. | Case No.  16-cv-02965-JM-JLB<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR (1) ATTORNEYS' FEES AND COSTS, AND (2) INDIVIDUAL SETTLEMENT AWARD** |

**TABLE OF CONTENTS**

I.  **INTRODUCTION** ...................................................................................................... 1

II. **LITIGATION AND SETTLEMENT HISTORY** ........................................................ 1

    A.  **Class Counsel's Efforts Investigating And Pursuing Class-wide Relief** .......... 2

    B.  **Mediation And Settlement Negotiations** ................................................................ 3

    C.  **Class Counsel Obtained Exceptional Benefits For The Class** ............................. 4

III. **CLASS COUNSEL'S REQUESTED ATTORNEYS' FEES AWARD IS FAIR AND REASONABLE AS A PERCENTAGE OF A COMMON FUND SETTLEMENT** ..... 4

    A.  **Class Counsel Are Entitled To Fees Under The Common Fund Doctrine** ....... 4

    B.  **Class Counsel's Requested Fees Are A Reasonable Percentage of the Common Fund Settlement** ...................................................................................................... 5

        1.  **Class Counsel Achieved Excellent Results for the Class** ........................ 6

        2.  **Class Counsel Undertook Significant Risks Litigating in the Face of Adverse Precedent** .................................................................................. 7

        3.  **Class Counsel Provided Skillful and High Quality Work** ..................... 7

        4.  **Class Counsel Undertook This Case on a Contingency Basis** .............. 8

        5.  **Courts Have Ordered Similar or Greater Percentage Fees Awards in Consumer Class Actions** ....................................................................... 8

IV. **CLASS COUNSEL'S FEE REQUEST IS REASONABLE WHEN CROSSCHECKED USING THE LODESTAR-MULTIPLIER METHODOLOGY** ................................. 10

    A.  **Courts Consider Numerous Factors When Determining An Attorney Fee Award Under The Lodestar-Multiplier Methodology** ...................................................... 10

    B.  **All Factors Support Applying A Multiplier To Class Counsel's Lodestar** .... 10

        1.  **Class Counsel Provided Exceptional Quality of Representation** ........ 10

        2.  **Class Counsel Obtained Excellent Class Benefits** ............................... 11

        3.  **Class Counsel Handled Complex Issues in This Case** ......................... 12

        4.  **Class Counsel Faced a Substantial Risk of Nonpayment** ................... 12

V.      **DEFENDANT DOES NOT CONTEST THE REQUESTED FEES** ..........................13

VI.     **CLASS COUNSEL'S REQUESTED COST REPAYMENT IS FAIR AND
        REASONABLE AND SHOULD BE APPROVED** .........................................14

VII.    **PLAINTIFFS' REQUESTED INCENTIVE AWARDS ARE REASONABLE AND
        STANDARD** .......................................................................14

        A.      **Courts Routinely Grant Incentive Awards To Class Representatives** ...........15

        B.      **Class Representative Actively Pursued And Participated In This Case** ........15

        C.      **Class Representative Undertook Enormous Risk In Initiating And Pursuing This
                Case** ...........................................................................15

VIII.   **CONCLUSION** ....................................................................16

# **TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Alyeska Pipeline Serv. Co. v. Wilderness Society,*
    421 U.S. 240 (1975) ......................................................................... 5

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) ....................................................................... 13

*Arenson v. Bd. of Trade,*
    372 F. Supp. 1349 (N.D. Ill. 1974) ................................................ 10

*Baxter v. Intelius, Inc.,*
    No. 09-1031 SACV-AG (MLGx), 2010 WL 3791497 (C.D. Cal. Sept. 16, 2010) ........ 4, 7, 12

*Berry v. Webloyalty.com, Inc.,*
    No. 10-cv-1358-H (CAB), 2011 WL 1375665 (S.D. Cal. Apr. 11, 2011) ................. 4, 6, 7, 12

*Blum v. Stenson,*
    465 U.S. 886 (1984) ......................................................................... 5

*Boeing Co. v. Van Gemert,*
    444 U.S. 472 (1980) ...................................................................... 4, 5

*Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green,*
    778 F.2d 890 (1st Cir. 1985) .......................................................... 10

*Bott v. VistaPrint USA, Inc.,*
    392 Fed. Appx. 327 (5th Cir. Tex. 2010) ........................................ 4

*Centr. R.R. & Banking Co. v. Pettus,*
    113 U.S. 116 (1885) ......................................................................... 5

*Cosgrove v. Sullivan,*
    759 F. Supp. 166 (S.D.N.Y. 1991) ................................................ 10

*DeHoyos v. Allstate Corp.,*
    240 F.R.D. 269 (W.D. Tex. 2007) .................................................. 12

*Faigman v. AT&T Mobility, LLC,*
    No. C06-04622 MHP, 2011 WL 672648 (N.D. Cal. Feb. 16, 2011) ...................... 14

*Fernandez v. Victoria Secret Stores, LLC,*
    No. 06-CV-04149 MMM (SHx), 2008 U.S. Dist. LEXIS 123546 (C.D. Cal. July
    21, 2008) ........................................................................................... 9

*Ferrington v. McAfee, Inc.*,
   No. 10-cv-01455-LHK, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) ...............................4, 12

*Florida v. Dunne*,
   915 F.2d 542 (9th Cir. 1990) ...................................................................................................5

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ..........................................................................................6, 13

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ...............................................................................................................13

*Hopson v. Hanesbrands, Inc.*,
   No. 08-CV-0844, 2009 WL 928133 (N.D. Cal. Apr. 3, 2009).................................................14

*Ingalis v. Hallmark Retail Inc.*,
   No. 08-CV-4342 VBF, 2009 U.S. Dist. LEXIS 131078 (C.D. Cal. Oct. 16, 2009).................9

*In re Activision Sec. Litig.*,
   723 F. Supp. 1373 (N.D. Cal. 1989).....................................................................................6, 8

*In re Beverly Hills Fire Litig.*,
   639 F. Supp. 915 (E.D. Ky. 1986) .........................................................................................10

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ............................................................................................9, 10

*In re Cenco, Inc. Sec. Litig.*,
   519 F. Supp. 322 (N.D. Ill. 1981) ..........................................................................................10

*In re EasySaver Rewards Litig.*,
   737 F. Supp. 2d 1159 (S.D. Cal. Aug. 13, 2010) ...........................................................4, 11, 12

*In re Fernald Litig.*,
   No. C-1-85-149, 1989 WL 267038 (W.D. Ohio, Sept. 29, 1989).........................................10

*In re Mercury Interactive Corp. Sec. Litig.*,
   618 F.3d 988 (9th Cir. 2010) ...................................................................................................1

*In re Oracle Sec. Litig.*,
   131 F.R.D. 688 (N.D. Cal. 1990) .............................................................................................6

*In re Pac. Enter. Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995).................................................................................................5, 8

*In re Rite Aid Corp. Secs. Litig.*,

146 F. Supp. 2d 706 (E.D. Pa. 2001) ........................................................................ 10

*In re VistaPrint Corp. Mktg. and Sales Practices Litig.*,
 MDL No. 4:08-md-1994, 2009 WL 2884727 (S.D. Tex. Aug. 31, 2009) ..................... 4, 7, 12

*Internal Imp. Fund Trustees v. Greenough*,
 105 U.S. 527, 532 (1881). ........................................................................................ 5

*Keithly v. Intelius Inc.*,
 764 F. Supp. 2d. 1257 (W.D. Wash. 2011) .......................................................... 4, 12

*Lobatz U.S. W. Cellular, Inc.*,
 222 F.3d 1142 (2d Cir. 2000) ................................................................................. 13

*M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*,
 671 F. Supp. 819 (Mass. 1987) .............................................................................. 13

*Malchman v. Davis*,
 761 F.2d 893 (2d Cir. 1985). ................................................................................. 13

*Martin v. AmeriPride Servs., Inc.*,
 No. 08-CV-440 MMA (JMA), 2011 WL 2313604 (S.D. Cal. June 9, 2011) ..................... 8, 9

*Mills v. Elec. Auto-Lite Co.*,
 396 U.S. 375 (1970) ................................................................................................ 4

*Morris v. Lifescan, Inc.*,
 54 Fed. Appx. 663 (9th Cir. 2003) ........................................................................ 5, 8

*Muchnick v. First Fed. Sav. & Loan Assoc.*,
 Civ. A. No. 86-1104, 1986 WL 17091 (E.D. Pa. Sept. 30, 1986) ........................... 10

*Muehler v. Land O'Lakes, Inc.*,
 617 F. Supp. 1370 (D. Minn. 1985) ....................................................................... 12

*Mun. Auth. v. Pennsylvania*,
 527 F. Supp. 982 (M.D. Pa. 1981) ......................................................................... 10

*Paul, Johnson, Alston & Hunt v. Graulty*,
 886 F.2d 268 (9th Cir. 1989). ................................................................................. 5

*Rabin v. Concord Assets Group, Inc.*,
 No. 89 CIV. 6130 (LBS), 1991 WL 275757 (S.D.N.Y. 1991) ................................. 10

*Roberts v. Texaco, Inc.*,
 979 F. Supp. 185 (S.D.N.Y. 1997) ......................................................................... 10

*Singer v. Becton Dickinson & Co.*,
    No. 08-CV-821 IEG (BLM), 2010 WL 2196104 (S.D. Cal. June 1, 2010) ............................ 9

*Sprague v. Ticonic Nat'l Bank*,
    307 U.S. 161 (1939). ....................................................................................................... 5

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010)...................................................................................... 8

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002). ....................................................................................... 6

*Weiss v. Mercedes-Benz of N. Am.*,
    899 F. Supp. 1297 (D.N.J. 1995)................................................................................... 10

*Whiteway v. Fedex Kinkos Office & Print Services, Inc.*,
    C 05-2320 SBA, 2007 U.S. Dist. LEXIS 95398 (N.D. Cal. 2007). ........................................ 15

*Williams v. MGM-Pathe Commc'ns Co.*,
    129 F.3d 1026 (9th Cir. 1997). ................................................................................... 8, 9

*Young v. Polo Retail, LLC*,
    No. 3:2002-CV-04546, 2007 U.S. Dist. LEXIS 27269 (N.D. Cal. Mar. 28, 2007). ................. 9


**OTHER AUTHORITY**

Fed R. Civ. P. 23 .................................................................................................... 12, 13

## I.     **INTRODUCTION**

Class Counsel (Hach Rose Schirripa & Cheverie LLP, via Frank R. Schirripa and Michael A. Rose) negotiated a nationwide class settlement with a maximum estimated value of more than $2 million, providing meaningful relief to the Class members.  Because the settlement provides significant benefits, Class Counsel request a $500,000 award in attorneys' fees and costs.  The requested combined attorneys' fees and costs is approximately 25% of the settlement value, which is in line with the typical 25% benchmark routinely awarded in consumer class actions.   This request is reasonable and appropriate because:

- Ninth Circuit district courts routinely award attorneys' fees in the amount of 25% of a common fund settlement;
- The requested costs constitute the actual out-of-pocket expenses incurred, including the cost of mediation;
- Class Counsel obtained extraordinary results in the face of novel issues, legal uncertainty, and negative case law;
- The requested fees and costs were negotiated at arms length and blessed by a neutral and highly respected mediator;
- The requested fees and costs were fully disclosed in the Court-approved Class Notice; and
- Defendant, Staples, Inc. ("Staples") does not contest these amounts.[1]

Additionally, Class Representative Neil Torczyner requests an individual settlement award of $5,000.

This Motion is being filed during the claims period in order to ensure that all Class Members have the opportunity to review the basis for Class Counsel's claim for attorneys' fees and costs during the time period in which they may object to the Settlement as required by the Ninth Circuit Court of Appeals in *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).

## II.     **LITIGATION AND SETTLEMENT HISTORY**

---

[1] Defendant has stated that it does not and will not oppose this motion.  Declaration of Frank R. Schirripa in Support of Unopposed Motion for Attorneys' Fees and Costs and Incentive Award for Plaintiff ("Schirripa Decl."), ¶ 5.

**A.**   **Class Counsel's Efforts Investigating And Pursuing Class-wide Relief**

Class Counsel has thoroughly investigated this case, using robust informal discovery methods. Prior to filing the lawsuit, in early 2013, Class Counsel began its investigation into the subject matter of Plaintiff's suit.   Class Counsel conducted substantial research through public records and the Internet to verify the scope and nature of the conduct alleged.  *See* Schirripa Decl., ¶ 13.

Class Counsel's investigation and research efforts continued for over a year after providing Staples with the initial notification of Plaintiff's intentions to file this action in March 2013.  *See id*., ¶ 14.  On March 25, 2013, Class Counsel wrote, pursuant to the Massachusetts Consumer Protection Act, to provide notice to Staples, a Massachusetts corporation, that he intended to bring a claim under ch. 93A for damages incurred as a result of unfair and deceptive business practices.  The letter further stated that Plaintiff intended to style the complaint as a class action on behalf of all similarly situated Staples Rewards Members.  *See id*., ¶ 10.

In October 2013, after seven months of several rounds of correspondence supported by exhibits explaining each side's divergent positions, Class Counsel believes that Staples recognized certain alleged discrepancies in Plaintiff's Rewards account.  *See id*., ¶ 15.

Upon further discussion and correspondence requesting document discovery into the Rewards Program policies, the underlying computer programs and database coding implemented by Staples to track and calculate Members' Rewards Points earned and membership data, Staples agreed to provide Plaintiff with pre-complaint discovery.  *See id*., ¶ 16.  Class Counsel then conducted a thorough analysis of the documents produced by Defendant.  *See id.*, ¶ 17.

In December 2013, having completed a thorough review of documents produced by Staples in response to Class Counsel's informal discovery request, Class Counsel  reiterated Plaintiff's intention to file the instant action.   The Parties conferred telephonically several times over the next three months to negotiate the terms of a Tolling Agreement and explore the possibility of an amicable resolution.

On April 10, 2014, the Parties entered into a formal Tolling Agreement.   This Tolling Agreement continued to be extended while the Parties engaged in additional informal discovery and settlement negotiations.

**Case No.: 16-cv-02965-JM-JLB**

MEMO ISO MOT. FOR ATTORNEY'S FEES AND COSTS, AND INDIVIDUAL SETTLEMENT AWARD

**B.**       **Mediation And Settlement Negotiations**

The Parties participated in a full day mediation session in San Diego, California before Hon. Edward A. Infante (ret.) of JAMS, Inc. on October 26, 2015.  Schirripa Decl., ¶ 18.  Although the mediation provided a constructive forum for settlement discussions, it did not result in a settlement. *See id*.  After the mediation, Judge Infante assisted the parties in conducting additional settlement discussions that occurred throughout December 2015 and January 2016.  *See id*.  As a result of the progress made at the mediation and the subsequent discussions, the Parties reached a Settlement of the Action (summarized below), the terms of which are set forth in the Settlement Agreement, annexed as Exhibit 1 to Schirripa Declaration in Support of Preliminary Approval of Settlement (Dkt, No. 5).  *See* Schirripa Decl., ¶ 19.

On December 6, 2016, Plaintiff filed the Complaint in the United States District Court for the Southern District of California.  (Dkt. No. 1).

The parties, on December 5, 2016, entered into the Settlement Agreement, which, as a class-wide settlement was preliminarily approved by this Court on April 25, 2017.  *See* Schirripa Decl., ¶¶ 20-21.

**C.**       **Class Counsel Obtained Exceptional Benefits For The Class**

Class Counsel obtained meaningful relief for the Class, which will serve as a benchmark for other similar cases going forward.  The benefits have a value exceeding $2 million:

- Defendant will create a common fund of $2 million worth of Staples Reward Points ("Rewards"), where each Reward has the value of one U.S. Dollar, from which eligible Class Members will have the opportunity to claim Rewards up to a maximum of $60.00 value per Class Member;

- Defendant agrees to distribute $10 of Rewards to each Class Member who submits a complete and sufficient claim form by the response deadline, to be decreased pro rata only if such distribution would cause the total distribution exceeding $2 million;

- Defendant agrees to a Floor Settlement Amount of $500,000; if the floor amount is not reached, Defendant agrees to up to five additional subsequent rounds of distribution to Class Members of $10 of Rewards per Class Member per distribution round; and

- In response to Plaintiff's allegations, Defendant has made meaningfully changed the Terms and Conditions for its Rewards program, to the extent that it continues to account for specific coupons on a pro rata basis when calculating Rewards earned.

These benefits provide exceptional value to the Class, and are extraordinary given that this case is largely one of first impression. This case is one of a handful of federal lawsuit challenging the marketing practice of retailers "reward club" type memberships. Some courts, including this District, held that the finder of fact should consider the overall "membership" enrollment process and determine whether it is deceptive in nature. *See, e.g., In re EasySaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1172 (S.D. Cal. Aug. 13, 2010); *Keithly v. Intelius Inc.*, 764 F. Supp. 2d. 1257, 1267-69 (W.D. Wash. 2011); *Ferrington v. McAfee, Inc.*, No. 10-cv-01455-LHK, 2010 WL 3910169, at *9-11 (N.D. Cal. Oct. 5, 2010). But other courts held that the offer details and disclosures associated with an online reward club are not deceptive as a matter of law. *See, e.g., Berry v. Webloyalty.com, Inc.*, No. 10-cv-1358-H (CAB), 2011 WL 1375665, at *14 (S.D. Cal. Apr. 11, 2011); *In re VistaPrint Corp. Mktg. and Sales Practices Litig.*, MDL No. 4:08-md-1994, 2009 WL 2884727, at *12 (S.D. Tex. Aug. 31, 2009); *aff'd, Bott v. VistaPrint USA, Inc.*, 392 Fed. Appx. 327, 328 (5th Cir. Tex. 2010); *Baxter v. Intelius, Inc.*, No. 09-1031 SACV-AG (MLGx), 2010 WL 3791497 (C.D. Cal. Sept. 16, 2010).

## III.   CLASS COUNSEL'S REQUESTED ATTORNEYS' FEES AWARD IS FAIR AND REASONABLE AS A PERCENTAGE OF A COMMON FUND SETTLEMENT

### A.   Class Counsel Are Entitled To Fees Under The Common Fund Doctrine

The United States Supreme Court has consistently recognized that "a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970). The common fund doctrine is a well-recognized exception to the general American rule that a litigant must bear his own attorney's fees.

*Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 257-58 (1975).  The Ninth Circuit held that the common fund doctrine applies when: (1) the class of beneficiaries is sufficiently identifiable; (2) the benefits can be accurately traced; and (3) the fee can be shifted with some exactitude to those benefiting.  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).  These factors are "easily met" when "'each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum [settlement] recovered on his behalf.'"  *Id.* at 271 (citing *Van Gemert*, 444 U.S. at 479).

Here, all factors support the common fund doctrine being applied to the full settlement amount since Class Counsel pursued all asserted claims on the Class's behalf and obtained the entire settlement amount for the Class's benefit.

**B.**   **Class Counsel's Requested Fees Are A Reasonable Percentage of the Common Fund Settlement**

Under the common fund doctrine, courts, particularly in the Ninth Circuit, typically award attorneys' fees based on a percentage of the total settlement.  *See Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990); *see also In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 378-79 (9th Cir. 1995) (affirming attorney's fee award of 33% of recovery); *Morris v. Lifescan, Inc.*, 54 Fed. Appx. 663 (9th Cir. 2003) (affirming attorney's fee award of 33% of recovery).  Likewise, every Supreme Court case that considered attorneys' fees under the common fund doctrine has awarded those fees as a percentage of the recovery.  *See, e.g., Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984) ("a reasonable fee [in a common fund case] is based on a percentage of the fund bestowed on the class"); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 166-67 (1939); *Centr. R.R. & Banking Co. v. Pettus*, 113 U.S. 116, 128 (1885); *Internal Imp. Fund Trustees v. Greenough*, 105 U.S. 527, 532 (1881).

The Ninth Circuit recognized a "ground swell of support for mandating a percentage-of-the-fund approach in common fund cases . . . ."  *Florida*, 915 F.2d at 545; *see also In re Pac. Enter. Sec. Litig.*, 47 F.3d at 378-79; *Morris*, 54 Fed. Appx. At 663.  Additionally, California district courts held that the percentage-of-the-fund method is far preferable to the lodestar method because: (1) it aligns the interests of Class Counsel and the Class; (2) it encourages efficient resolution of the litigation by

1    providing an incentive for early, yet reasonable, settlement; and (3) it reduces the demands on judicial

2    resources.  *In re Oracle Sec. Litig.*, 131 F.R.D. 688, 689 (N.D. Cal. 1990); *In re Activision Sec. Litig.*,

3    723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989).

4    Accordingly, the Ninth Circuit established 25% of the common fund as the benchmark.  *Hanlon*

5    *v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  The Ninth Circuit also identified five relevant

6    factors in determining whether requested attorneys' fees in a common fund case are reasonable: (1)

7    the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the

8    contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in

9    similar cases.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).  Applying the

10   *Vizcaino* analysis to this case, the requested fees, which amount to 25% of the common fund value,

11   are reasonable.

### 1.    Class Counsel Achieved Excellent Results for the Class

13   The excellent results achieved in the Settlement support Class Counsel's request for attorneys'

14   fees.  Here, Class Counsel negotiated a settlement which offers benefits to Class members who were

15   enrolled in, and made purchases in connection with, the Staples Rewards Program ("Rewards

16   Program") from March 24, 2009 to the present.  With a maximum estimated value of more than *$2*

17   *million*, the proposed settlement provides meaningful relief to the Class members.  Specifically, the

18   settlement provides that the Defendant will distribute, to each Class member who submits a claim,

19   Settlement Rewards of $10.  In addition to this sum, Staples has agreed to make meaningful changes

20   to their Terms and Conditions for product-specific coupons that would disclose the manner in which

21   they are used to calculate Rewards Points, providing additional value to all Class members as well as

22   future Staples consumers.  *See* Schirripa Decl., ¶ 3.

### 2.    Class Counsel Undertook Significant Risks Litigating in the Face of Adverse Precedent

25   Class action lawsuit carry tremendous risks both on certification and liability, particularly since

26   some courts, including in the Southern District, held that the offer details and disclosures associated

27   with a retailer's reward club are not deceptive as a matter of law.  *See, e.g., Webloyalty.com,* 2011 WL

1375665, at *14; *In re VistaPrint Corp. Mktg. and Sales Practices Litig.*, 2009 WL 2884727, at *12; *Intelius Inc.*, 2010 WL 3791497.   Given the vast adverse precedent, the fact that Class Counsel negotiated a class-wide settlement valued in excess of $2 million, with material changes to the Terms and Conditions for Defendant's Rewards Program is an extraordinary achievement.

### 3.   Class Counsel Provided Skillful and High Quality Work

Successfully litigating this action required knowledge and skill of the constantly evolving consumer protection laws as well as the procedural requirements of class action litigation.   Class Counsel, Hach Rose Schirripa & Cheverie LLP, specialize in large, complex litigation in the fields of securities, corporate governance, antitrust, consumer protection, and employment litigation on behalf of investors, consumers and employees, respectively.   With over 100 years of combined experience, Class Counsel has established themselves as leading representatives of injured class members.   Class Counsel has litigated hundreds of cases in both state and federal courts through the United States.   *See* Schirripa Decl., ¶ 29.

Here, the issues presented required more than just a general appreciation of consumer law and class action procedure since this case involved novel and untested issues.   Further, this case involved matter that required significant expenditure of Class Counsel's time, such as: (1) extensive pre-litigation investigation; (2) extensive and detailed legal research into the substantive law of the causes of action at issue; (3) developing and executing litigation strategies; (4) drafting pleadings, including the pre-litigation demand pursuant to the Massachusetts Consumer Protection Act and the class action complaint; (5) propounding and responding to extensive informal discovery, including substantial document review; (6) consulting with computer programming experts in the area of "point of sale" retail systems; (7) researching and strategizing over class certification issues; (8) developing and executing mediation and settlement strategies; and (9) analyzing detailed and extensive data and information exchanged between the parties in order to assure that the Settlement terms are based upon objective evidence that had been thoroughly considered in the context of the risks, expenses, and benefits of continuing to litigate the case.   *See* Schirripa Decl., ¶¶ 4, 27.

The quality of opposing counsel is also important in evaluating the quality of the work done by Class Counsel.  Here, Cooley LLP, a prominent international law firm with extensive experience in consumer and class action litigation, represented Defendant.  Class Counsel's ability to obtain a favorable settlement in the face of this opposition reflects its superior work quality.

### 4. Class Counsel Undertook This Case on a Contingency Basis

From the outset, Class Counsel undertook significant financial risk in prosecuting this case. Class Counsel undertook this matter solely on a contingent basis with no guarantee of recovery.  Class Counsel risked their resources to prosecute this action.  Moreover, there was no assurance that this case would have been certified, that certification would include a nationwide class, or that Plaintiff would have succeeded at trial.  Despite those challenges, Class Counsel was able to persuade Defendant that it faced significant liability exposure such that it was willing to provide $2 million in class-wide benefits to settle this matter.  *See id.*, ¶¶ 32-35.

### 5. Courts Have Ordered Similar or Greater Percentage Fees Awards in Consumer Class Actions

Class Counsel's requested fees are less than 25% of the estimated common fund value and in line with attorneys' fee awards in other common fund settlements.  In fact, California district courts have, on numerous occasions, awarded more than the typical 25% benchmark in common fund settlements.  *See, e.g., In re Activision*, 723 F. Supp. at 1378-79 (awarding 32.8% of settlement fund, stating that setting rate at 30% would "encourage plaintiffs' attorneys to move for early settlement, provide predictability for the attorneys and the class members, and reduce the time consumed by counsel and court in dealing with voluminous fee petitions"); *In re Pac. Enter.*, 47 F.3d at 378-79 (affirming attorney's fee of 33% of recovery); *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (33% of total fund awarded); *Morris*, 54 Fed. Appx. at 663 (affirming fee award of 33% of recovery); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing to five recent cases where federal district courts approved attorney fee awards ranging from 30% to 33%); *Martin v. AmeriPride Servs., Inc.*, No. 08-CV-440 MMA (JMA), 2011 WL 2313604, *8 (S.D. Cal. June 9, 2011) ("courts may award attorneys fees in the 30-40% range in class actions

1    that result in recovery of a common fund under $10 million"); *Singer v. Becton Dickinson & Co.*, No.

2    08-CV-821 IEG (BLM), 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) (approving attorney fee award

3    of 33.33% of common fund, and holding that award was similar to awards in three other cases where

4    fees ranged from 30.3% to 40%); *Ingalis v. Hallmark Retail Inc.*, No. 08-CV-4342 VBF, 2009 U.S.

5    Dist. LEXIS 131078 (C.D. Cal. Oct. 16, 2009) (awarding 33.33% fee on a $5.6 million common fund

6    settlement).  Class Counsel's requested fees are fair and reasonable.

7           When determining the value of the common fund, the Court must not consider the total

8    monetary amount distributed to the Class; rather, the Court should only consider the amount of the

9    common fund *made available* to the Class.  Ninth Circuit precedent requires courts to award class

10   counsel fees based on the total benefits being made available, rather than the amount actually paid out.

11   *Young v. Polo Retail, LLC*, No. 3:2002-CV-04546, 2007 U.S. Dist. LEXIS 27269, *23 (N.D. Cal. Mar.

12   28, 2007) (citing *Williams*, 129 F.3d 1026, which ruled that a district court abused its discretion in

13   basing attorney fee award on actual distribution to class instead of amount being made available); *see

14   also Fernandez v. Victoria Secret Stores, LLC,* No. 06-CV-04149 MMM (SHx), 2008 U.S. Dist.

15   LEXIS 123546 (C.D. Cal. July 21, 2008).

16          Class Counsel's requested fees are within the established norms.  Ninth Circuit precedent only

17   requires the Court to consider the total amount being *made available* to the class.  Here, Defendant

18   made available to the class approximately $2 million in benefits.  Class Counsel's fees thus should be

19   a percentage of the $2 million in benefits.

20   **IV.    CLASS COUNSEL'S FEE REQUEST IS REASONABLE WHEN CROSSCHECKED**

21          **USING THE LODESTAR-MULTIPLIER METHODOLOGY**

22          **A.    Courts Consider Numerous Factors When Determining An Attorney Fee Award**

23                 **Under The Lodestar-Multiplier Methodology**

24          Courts often crosscheck the reasonableness of a percentage fee award against the lodestar-

25   multiplier method.  *See, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941-42 (9th

26   Cir. 2011).  The lodestar figure is calculated by multiplying the hours spent on the case by reasonable

27   hourly rates for the region and attorney experience.  *Id.*  Courts may adjust the lodestar figure upward

28

Case No.: 16-cv-02965-JM-JLB

MEMO ISO MOT. FOR ATTORNEY'S FEES AND COSTS,
AND INDIVIDUAL SETTLEMENT AWARD

by using a positive multiplier to reflect numerous "reasonableness" factors, including (1) the quality of representation, (2) class benefits, (3) complexity and novelty of issues presented, and (4) risk of nonpayment. *Id.* State and federal courts often grant multipliers of four or more.[2]

Under that method, Class Counsel seeks a projected multiplier of 1.97 over their combined base lodestar of $246,272.50. *See* Schirripa Decl., ¶ 27. The multiplier will be reduced due to the additional work Class Counsel will have to perform until this case is completed. As explained below, this case satisfies the factors and warrants a multiplier.

**B.   All Factors Support Applying A Multiplier To Class Counsel's Lodestar**

**1.   Class Counsel Provided Exceptional Quality of Representation**

Practice in this particular area of consumer class action litigation requires both skill and knowledge of the constantly evolving consumer protection laws as well as the procedural requirements of class action litigation. This case involved matters that required significant expenditure of Class Counsel's time, such as: (1) extensive pre-litigation investigation; (2) extensive and detailed legal research into the substantive law of the causes of action at issue; (3) developing and executing litigation strategies; (4) drafting pleadings, including the pre-litigation demand pursuant to the Massachusetts Consumer Protection Act and the class action complaint; (5) propounding and responding to extensive informal discovery, including substantial document review; (6) consulting with computer programming experts in the area of "point of sale" retail systems; (7) researching and strategizing over class certification issues; (8) developing and executing mediation and settlement strategies; and (9)

---

[2] *See, e.g., Arenson v. Bd. of Trade*, 372 F. Supp. 1349 (N.D. Ill. 1974) (approving multiplier of 4 in an antitrust class action); *In re Cenco, Inc. Sec. Litig.*, 519 F. Supp. 322 (N.D. Ill. 1981) (approving multiplier of 4 in securities class action); *Rabin v. Concord Assets Group, Inc.*, No. 89 CIV. 6130 (LBS), 1991 WL 275757 (S.D.N.Y. 1991) (approving multiplier of 4.4 in securities class action); *In re Rite Aid Corp. Secs. Litig.*, 146 F. Supp. 2d 706, 736 n. 44 (E.D. Pa. 2001) (approving multiplier of 4.5-8.5); *Mun. Auth. v. Pennsylvania*, 527 F. Supp. 982 (M.D. Pa. 1981) (approving multiplier of 4.5); *In re Beverly Hills Fire Litig.*, 639 F. Supp. 915 (E.D. Ky. 1986) (approving multiplier of up to 5); *In re Fernald Litig.*, No. C-1-85-149, 1989 WL 267038 (W.D. Ohio, Sept. 29, 1989) (approving multiplier of 5 in toxic tort class action); *Roberts v. Texaco, Inc.*, 979 F. Supp. 185 (S.D.N.Y. 1997) (approving multiplier of 5.5); *Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green*, 778 F.2d 890 (1st Cir. 1985) (approving multiplier of 6); *Muchnick v. First Fed. Sav. & Loan Assoc.*, Civ. A. No. 86-1104, 1986 WL 17091 (E.D. Pa. Sept. 30, 1986) (approving multiplier of 8 in consumer class action); *Cosgrove v. Sullivan*, 759 F. Supp. 166 (S.D.N.Y. 1991) (approving multiplier of 8.84); *Weiss v. Mercedes-Benz of N. Am.*, 899 F. Supp. 1297 (D.N.J. 1995), *aff'd*, 66 F.3d 314 (3d Cir. 1995) (approving multiplier of 9.3 in products liability class action).

1   analyzing detailed and extensive data and information exchanged between the parties in order to assure

2   that the Settlement terms are based upon objective evidence that had been thoroughly considered in

3   the context of the risks, expenses, and benefits of continuing to litigate the case.  Schirripa Decl., ¶¶ 4,

4   27.

5         The quality of opposing counsel is also important in evaluating the quality of the work done by

6   Class Counsel.  Here, Cooley LLP, a prominent international law firm with extensive experience in

7   consumer and class action litigation, represented Defendant.  Class Counsel's ability to obtain a

8   favorable settlement in the face of this opposition reflects its superior work quality.

9         **2.**     **Class Counsel Obtained Excellent Class Benefits**

10        Class Counsel achieved an excellent settlement in this action and realized Plaintiff's ultimate

11   goals to: (1) change Defendant's business practices; and (2) receive compensation for the unlawful

12   pro-rata assignment of coupons that wrongfully reduced the Rewards consumers received.   The

13   Settlement helped ensure that future Rewards program members will have full knowledge of the

14   manner in which Rewards are distributed.  Further, Class Counsel negotiated a settlement that will

15   offer benefits to Class members who were enrolled in, and made purchases in connection with, the

16   Staples Rewards Program ("Rewards Program") from March 24, 2009 to the present.  With a maximum

17   estimated value of more than ***$2 million***, the proposed settlement provides meaningful relief to the

18   Class members. Specifically, the settlement provides that the Defendant will distribute, to each Class

19   member who submits a claim, Settlement Rewards of $10.  In addition to this sum, Staples agrees to

20   make meaningful changes to their Terms and Conditions for product-specific coupons that would

21   disclose the manner in which they are used to calculate Rewards Points, providing additional value to

22   all Class members as well as future Staples consumers.

23         **3.**     **Class Counsel Handled Complex Issues in This Case**

24        This case involved nationwide violations of state and federal law.  This case is one of a handful

25   of federal lawsuits challenging the marketing practice of retailers' "reward club" type memberships.

26   Some courts, including this District, held that the finder of fact should consider the overall

27   "membership" enrollment process and determine whether it is deceptive in nature.  *See, e.g., In re*

28

1  *EasySaver Rewards Litig.*, 737 F. Supp. 2d at 1172; *Intelius Inc.*, 764 F. Supp. 2d. at 1267-69; *McAfee,*

2  *Inc.*, 2010 WL 3910169, at *9-11.   Other courts have held that the offer details and disclosures

3  associated with an online reward club are not deceptive as a matter of law.   *See, e.g., Webloyalty.com,*

4  *Inc.*, 2011 WL 1375665, at *14; *In re VistaPrint Corp. Mktg. and Sales Practices Litig.*, 2009 WL

5  2884727, at *12; *Intelius Inc.*, 2010 WL 3791497.

6  ### 4.   Class Counsel Faced a Substantial Risk of Nonpayment

7  Throughout this case, Class Counsel expended substantial time and costs to prosecute a

8  nationwide class action suit with no guarantee of compensation or reimbursement in the hope of

9  prevailing against a large, sophisticated company represented by first-rate attorneys. *See* Schirripa

10  Decl., ¶¶ 32-34.  Class Counsel prosecuted the case with the type of vigor and skill required to ensure

11  justice for the Class while simultaneously refusing alternative employment opportunities with higher

12  likelihoods of success and guarantees of fee payment.  *See id.* at ¶ 31.  This fact alone supports a

13  finding that Class Counsel is entitled to a multiplier.

14  The need to fairly compensate firms who undertake unique and risky litigation for plaintiff

15  classes was noted in *Muehler v. Land O'Lakes, Inc.*, 617 F. Supp. 1370, 1375-76 (D. Minn. 1985)

16  where, in justifying the award of fees representing 35% of the recovery fund, the Court observed: "If

17  the Plaintiffs' bar is not adequately compensated for its risk, responsibility, and effort when it is

18  successful, then effective representation for Plaintiffs in these cases will disappear . . . ."

19  ## V.   DEFENDANT DOES NOT CONTEST THE REQUESTED FEES

20  The requested fees resulted from an arms-length negotiation via the mediator.  Defendant

21  agrees not to oppose the requested fees.  Courts generally encourage the parties to negotiate and agree

22  to fees in order to avoid the costly and time-consuming process of applying to the court.  Assuming

23  there is no evidence of collusion, the agreed upon fees should be given a presumption of fairness, as

24  explained by the court in *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 322 (W.D. Tex. 2007):

25  An agreed upon award of attorneys' fees and expenses is proper in a

26  class action settlement, so long as the amount of the fee is reasonable

27  under the circumstances.  *See Fed. R. Civ. P.* 23(h) (providing that 'an

28

action certified as a class action, the court may award reasonable attorney fees and nontaxable costs authorized by . . . agreement of the parties . . . .'). In fact, courts have encouraged litigants to resolve fee issues by agreement, if possible. *Lobatz U.S. W. Cellular, Inc.*, 222 F.3d 1142, 1149-50 (2d Cir. 2000) (affirming reasonable award of fees and expenses to be paid separate from class action settlement where defendant agreed not to oppose request up to negotiated amount); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (upholding district court's award of attorneys' fees where Court had approved attorneys' fees and costs of $5.2 million which were after final settlement was achieved); *Malchman v. Davis*, 761 F.2d 893, 905 n. 5 (2d Cir. 1985) (recognizing '[a]n agreement "not to oppose" an application for fees up to a point is essential to completion of the settlement; because the defendants want to know their total maximum exposure and the plaintiffs do not want to be-sandbagged'), *cert. denied*, 475 U.S. 1143, 106 S. Ct. 1798, 90 L. Ed. 2d 343 (1986), *abrogated on other grounds sub nom Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997); *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 829 (Mass. 1987) (concluding that '[W]hether a defendant is required by statute or agrees as part of the settlement of a class action to pay the plaintiffs' attorneys' fees, ideally the parties will settle the amount of the fee between themselves'). As the United States Supreme Court has explained, a request for attorney's fees should not result in a second major litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). 'Ideally, of course,' the Court continued, 'litigants will settle the amount of, a fee.' *Id.* (Other citations omitted.)

1   Here, the agreed upon fees were a compromise reached at arms-length.  Each side gave up the

2   possibility of the court awarding more, or less, in agreeing to the proposed amount.  This agreement

3   should not be disturbed.  No collusion occurred, and the proposed amount is within the reasonableness

4   range.

5   **VI.   CLASS COUNSEL'S REQUESTED COST REPAYMENT IS FAIR AND**

6   **REASONABLE AND SHOULD BE APPROVED**

7   To date, Class Counsel has incurred out-of-pocket costs totaling $15,564.80.  The incurred

8   costs include court fees, mediation fees, copying fees, legal research charges, telephone/facsimile fees,

9   travel costs, postage fees, related costs.  *See* Schirripa Decl., ¶ 40. Because the incurred costs benefited

10   the Class Members, Class Counsel request that the Court award Class Counsel $15,564.80 to cover

11   costs.

12   **VII.   PLAINTIFFS' REQUESTED INCENTIVE AWARDS ARE REASONABLE AND**

13   **STANDARD**

14   **A.   Courts Routinely Grant Incentive Awards To Class Representatives**

15   Class Counsel request that Class Representative Neil Torczyner receive an incentive award of

16   $5,000.  The requested amount reflects the involvement and time the Class Representative dedicated

17   to the case.  For example, Mr. Torczyner, among other things, has been involved in this case since

18   inception, including numerous pre-litigation telephonic and in-person meetings with Class Counsel to

19   discuss, investigate and develop the class allegations.   Mr. Torczyner was subject to and provided

20   documents in connection with the Parties' informal pre-litigation discovery exchange.  In addition, Mr.

21   Torczyner was actively involved in settlement strategy and negotiations, and participated in the

22   mediation telephonically.  *See* Schirripa Decl., ¶¶ 44-45.

23   The mediator endorsed this amount as fair and reasonable given the Class Representative's

24   involvement, personal sacrifices, significant risks, and achieved results. *See id.*, ¶ 46.  Moreover,

25   California district courts routinely award incentive payments. *See, e.g., Faigman v. AT&T Mobility,*

26   *LLC*, No. C06-04622 MHP, 2011 WL 672648, at *5 (N.D. Cal. Feb. 16, 2011); *see also Hopson v.*

27   *Hanesbrands, Inc.*, No. 08-CV-0844, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3, 2009).

28   **Case No.: 16-cv-02965-JM-JLB**

**MEMO ISO MOT. FOR ATTORNEY'S FEES AND COSTS,
AND INDIVIDUAL SETTLEMENT AWARD**

**B.** **Class Representative Actively Pursued And Participated In This Case**

After engaging Class Counsel, the Class Representative actively participated in prosecution of this action. For instance, Mr. Torczyner spent a substantial amount of time participating in interviews, meetings and telephone conversations with Class Counsel who required considerable information pertaining to his enrollment in the Rewards Program, as well as transaction history and receipts from Mr. Torczyner's purchases at Staples. Mr. Torczyner spent numerous hours gathering information to support his claims and responding to inquiries from Class Counsel. Mr. Torczyner was also subjected to informal discovery demands from Defendant. Mr. Torczyner's efforts helped Class Counsel prepare the complaint, for mediation, and the briefing relating to the approval of the settlement. *See* Schirripa Decl., ¶ 45.

**C.** **Class Representative Undertook Enormous Risk In Initiating And Pursuing This Case**

Class Representative risked potential judgment against him if this case had been unsuccessful. In class action losses, class representatives are deemed the losing party that is liable for the prevailing party's costs. Few individuals are willing to undertake that risk, particularly since courts have, on occasion, entered judgments against class representatives. *See e.g., Whiteway v. Fedex Kinkos Office & Print Services, Inc.*, C 05-2320 SBA, 2007 U.S. Dist. LEXIS 95398 (N.D. Cal. 2007) (assessing named plaintiff with costs in sum of $56,788 in wage and hour misclassification case lost on summary judgment, after case was certified). Indeed, the risk of covering defense costs, alone, supports the requested incentive award.

**VIII.** **CONCLUSION**

For all of the foregoing reasons, the parties respectfully request that this Court award the following:

- $500,000 in attorneys' fees and costs, which is approximately 25% of the value of the settlement benefits (valued in excess of $2 million); and

- $5,000 incentive award to Class Representative Neil Torczyner.

Case No.: 16-cv-02965-JM-JLB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: July 10, 2017

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By:____*/s/ David R. Stickney*_____
         David R. Stickney, Esq.

12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel.: 858-720-3191
Fax: 858-793-0323
davids@blbglaw.com

*Liaison Counsel for Plaintiff and Class*

Frank R. Schirripa (*admitted pro hac vice*)
HACH ROSE SCHIRRIPA & CHEVERIE LLP
185 Madison Avenue, 14th Floor
New York, NY 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028
fschirripa@hrsclaw.com

*Class Counsel for Plaintiff and the Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Frank R. Schirripa, certify that on July 10, 2017, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of the filing to all

counsel of record registered with the CM/ECF system.

Dated: July 10, 2017                                          HACH ROSE SCHIRRIPA & CHEVERIE LLP


By: */s/ Frank R. Schirripa*
     Frank R. Schirripa