David R. Stickney, Esq.
**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN, LLP**
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel.: 858-720-3191
Fax: 858-793-0323
DavidS@blbglaw.com

*Liaison Counsel for Plaintiff and Putative Class*

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEIL TORCZYNER, individually, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STAPLES, INC.,<br><br>Defendant. | Case No. 16-cv-02965-JM-JLB<br><br>**DECLARATION OF FRANK R. SCHIRRIPA IN SUPPORT OF UNOPPOSED MOTION FOR (1) ATTORNEYS' FEES AND COSTS AND (2) INCENTIVE AWARD**<br><br>Date: August 28, 2017<br>Time: 10:00 a.m.<br>Judge: Hon. Jeffrey T. Miller<br>Courtroom: 5D |

I, Frank R. Schirripa, Esq., declare as follows:

1.  I am a partner at the law firm of Hach Rose Schirripa & Cheverie LLP ("HRSC" or "Class Counsel") and serve as lead counsel for Plaintiff and Proposed Class Representative Neil Torczyner ("Mr. Torczyner" or "Plaintiff") and the Class. I am licensed to practice by the States of New York and New Jersey, and am admitted to practice before this Court, *pro hac vice*. I have personal knowledge of the facts stated herein and, if called to do so, could and would testify competently thereto.

2.  I submit this declaration in support of Plaintiff's Unopposed Motion for (1) Attorneys' Fees and Costs, and (2) Incentive Award. In support of this motion, Plaintiff and Class Counsel also

submit the exhibits attached hereto, the Memorandum of Points and Authorities in Support of Motion for (1) Attorneys' Fees and Costs, and (2) Incentive Award ("Fee Memorandum").

**INTRODUCTION**

3. The Settlement before the Court provides for the resolution of all claims in the Action and realized Plaintiff's ultimate goals to: (1) change Defendant's business practices; and (2) receive compensation for the unlawful pro-rata assignment of coupons that wrongfully reduced the Rewards consumers received. The Settlement helped ensure that future Rewards program members will have full knowledge of the manner in which Rewards are distributed. Further, Class Counsel negotiated a settlement that will offer benefits to Class members who were enrolled in, and made purchases in connection with, the Staples Rewards Program ("Rewards Program") from March 24, 2009 to the present. With a maximum estimated value of more than *$2 million*, the proposed settlement provides meaningful relief to the Class members. Specifically, the Settlement provides that the Defendant will distribute, to each Class member who submits a claim, Settlement Rewards of $10. In addition to this sum, Staples agrees to make meaningful changes to their Terms and Conditions for product-specific coupons that would disclose the manner in which they are used to calculate Rewards Points, providing additional value to all Class members as well as future Staples consumers.

4. The Settlement is the result of extensive efforts by Class Counsel and Class Representative, which included, among other things detailed herein: (1) extensive pre-litigation investigation; (2) extensive and detailed legal research into the substantive law of the causes of action at issue; (3) developing and executing litigation strategies; (4) drafting pleadings, including the pre-litigation demand pursuant to the Massachusetts Consumer Protection Act and the class action complaint; (5) propounding and responding to extensive informal discovery, including substantial document review; (6) consulting with computer programming experts in the area of "point of sale" retail systems; (7) researching and strategizing over class certification issues; (8) developing and executing mediation and settlement strategies; and (9) analyzing detailed and extensive data and information exchanged between the parties in order to assure that the Settlement terms are based upon

Case No.: 16-cv-2965-JM-JLB                                                                DECL. OF FRANK R, SCHIRRIPA ISO
                                                                                                    PLAINTIFF'S APPLICATION
2

1  objective evidence that had been thoroughly considered in the context of the risks, expenses, and
2  benefits of continuing to litigate the case.

3        5.     Class Counsel request a $500,000 award for combined attorneys' fees and costs. The
4  requested combined attorneys' fees and costs is approximately 25% of the settlement value, which is
5  in line with the typical 25% benchmark routinely awarded in consumer class actions and as confirmed
6  by a lodestar multiplier cross-check. Taken individually, the requested fee of $484,435.20 is
7  approximately 24.22% of the settlement value. Class Counsel also requests reimbursement of
8  litigation expenses incurred in connection with the prosecution of the Action in the amount of
9  $15,564.80. The combined attorneys' fees and costs are to be paid directly by Defendant, separate and
10 apart from the $2 million Settlement Fund available to Class Members. Further, Defendant does not
11 contest these amounts, and has stated that it does not and will not oppose this motion.

12       6.     For all of the reasons set forth herein and the in the accompanying Fee Memorandum,
13 Class Counsel respectfully submit that the request for attorneys' fees and reimbursement of expenses
14 is fair and reasonable in light of the result achieved in the Action, the efforts of Class Counsel, and the
15 risks and complexity of the litigation, and should be approved.

16 **BACKGROUND OF THE ACTION**

17      **A.**     **Plaintiff's Allegations.**

18       7.     Plaintiff's allegations are extensive, as set forth in the Complaint. (Dkt. No. 1). In
19 summary, they allege that Staples engaged in a deceptive scheme whereby it purported to offer and
20 provide to Plaintiff and the Class—as Staples Rewards Program Members ("Members")—credit, in
21 the form of Rewards, for a certain percentage of his/her/their total Qualifying Purchase Amount
22 ("QPA") for purchases made during the applicable calendar period. However, it is alleged that
23 Members were receiving credit in amounts less than the represented percentage of their QPA.

24       8.     Specifically, it is further alleged Staples took affirmative steps to ensure that their
25 Members received Program credit at rates well *below* the percentage represented of purchase amount
26 by applying coupons used on exempted items (*i.e.,* items that do not constitute as a "Qualifying
27 Purchase") on a pro rata basis across all purchases made – including "Qualifying Purchases" which
28

1  should be added in their entirety to a Member's quarterly total Qualifying Purchase Amount – causing
2  them to accrue fewer Rewards Points than represented.  By employing this deceptive method of
3  calculating Rewards Points, the Complaint alleges that Staples shorted its Members' accounts credit
4  which could have been used towards the purchase of most merchandise in Staples' retail stores, online
5  at staples.com, or by phone.  Plaintiff challenged Defendant's conduct as constituting a deceptive and
6  unfair business practice, violating the Massachusetts Regulation of Business Practice and Consumer
7  Protection Act, M.G.L. ch. 93A, § 1 *et seq.* ("Massachusetts Consumer Protection Act"), and alleged
8  that the conduct constituted breach of contract, and breach of the implied covenant of good faith and
9  fair dealing.

10      9.      Defendant denies Plaintiff's allegations, contending *inter alia* that the Rewards
11  Program details were adequately disclosed to Plaintiff.

12      **B.     Relevant Procedural History.**

13      10.     On or about March 25, 2013, pursuant to the Massachusetts Consumer Protection Act,
14  Plaintiff provided notice to Staples, Inc. ("Staples" or "Defendant"), a Massachusetts corporation, that
15  he intended to bring a claim under ch. 93A for damages incurred as a result of unfair and deceptive
16  business practices the company was engaging in regarding its Staples Rewards Program.  The letter
17  further stated that Plaintiff intended to style the complaint as a class action on behalf of all similarly
18  situated Staples Rewards Members.

19      11.     On April 10, 2014, the parties entered into a Tolling Agreement, which has been
20  successively extended while the parties have engaged in extensive pre-filing informal discovery,
21  extensive negotiations and, ultimately, settlement discussions.

22      12.     The parties, on or around December 3, 2016, entered into the Settlement Agreement,
23  which, as a class-wide settlement, is subject to Court approval.

24      13.     Plaintiffs have thoroughly investigated this case, using robust informal discovery
25  methods.  Prior to filing the lawsuit, in early 2013, Plaintiff and his counsel began their investigation
26  into the subject matter of Plaintiff's suit.  Plaintiff conducted substantial research through public
27  records and the internet to verify the scope and nature of the conduct alleged.

14. Plaintiff's investigation and research efforts continued for over a year after providing Staples with the initial notification of his intentions to file this action in March 2013.

15. In October 2013, after seven months of several rounds of correspondence supported by exhibits explaining each side's divergent positions, Plaintiff believes that Staples recognized certain alleged discrepancies in Plaintiff's Rewards account.

16. Upon further discussion and correspondence requesting document discovery into the Rewards Program policies, the underlying computer programs and database coding implemented by Staples to track and calculate Members' Rewards Points earned and membership data, Staples agreed to provide Plaintiff with pre-complaint discovery.

17. Once Staples provided Plaintiff with pre-complaint discovery, Plaintiff conducted a thorough analysis of the documents produced by Defendant.

**C.     The Parties Settle the Action.**

18. The Parties participated in a full day mediation session in San Diego, California before Hon. Edward A. Infante (ret.) of JAMS, Inc. on October 26, 2015. Although the mediation provided a constructive forum for settlement discussions, it did not result in a settlement. After the mediation, Judge Infante assisted the parties in conducting additional settlement discussions that occurred throughout December 2015 and January 2016.

19. As a result of the progress made at the mediation and the subsequent discussions, the Parties extensive, arms-length negotiations ultimately culminated in an agreement in principle to settle the Action, which was memorialized in a term sheet executed on June 23, 2016.

20. In the ensuing weeks, the Parties negotiated the final terms of the Settlement and drafted the settlement agreement and related papers such as notices to be provided to the Settlement Class. On December 5, 2016, the parties executed a Stipulation and Agreement of Settlement (Dkt. No. 5), which set forth the detailed terms of the Parties' agreement to settle all claims asserted in the Action, subject to Court approval.

**D.     The Court Grants Preliminary Approval to the Settlement.**

21. On December 14, 2016, Plaintiff filed an unopposed motion for preliminarily approval of the Settlement. (Dkt. No. 5). On April 25, 2017, the Court entered the Order Preliminary Approving Settlement and Providing for Notice (Dkt. No. 20) (the "Preliminary Approval Order"), which among other things: (i) preliminarily approved the settlement; (ii) provisionally certified the class; (iii) approved the form of Notice, Summary Notice and Claim Form, and authorized notice to be given to the Settlement Class Members through first-class mailing of Notice and Claim Form, Email Notice, and Online Media Notice; (iv) established procedures and deadlines by which Settlement Class Members could participate in the Settlement, request exclusion from the Settlement Class, or object to the Settlement or the fee and expense application; (v) conditionally certified Plaintiff Neil Torczyner as the Class Representative and conditionally appointed the law firm of Hach Rose Schirripa & Cheverie LLP as Class Counsel; and (vi) set a schedule for the filing of opening papers and reply papers in support of the proposed Settlement and Fee and Expense Application. The Preliminary Approval Order also set a Settlement Hearing for August 28, 2017 at 10:00 a.m. to determine, among other things, whether the Settlement and Fee and Expense Applications should be finally approved.

**CLASS COUNSEL'S FEE AND EXPENSE APPLICATION**

22. Class Counsel is applying to the Court for an award of attorneys' fees of $484,435.20, or approximately 24.22% of the Settlement value, and requests reimbursement of litigation expenses incurred in connection with the prosecution of the Action in the amount of $15,564.80. In the aggregate, Class Counsel requests a $500,000 award for combined attorneys' fees and costs. The requested combined attorneys' fees and costs is approximately 25% of the settlement value, which is in line with the typical 25% benchmark routinely awarded in consumer class actions and as confirmed by a lodestar multiplier cross-check. The combined attorneys' fees and costs are to be paid directly by Defendant, separate and apart from the $2 million Settlement Fund available to Class Members. The legal authorities supporting the requested fee and expenses are discussed in the Fee Memorandum. The primary factual bases for the requested fee are summarized below.

**A. The Fee Application.**

Case No.: 16-cv-2965-JM-JLB                                              DECL. OF FRANK R, SCHIRRIPA ISO
                                                                              PLAINTIFF'S APPLICATION

23. For its efforts on behalf of the Settlement Class, Class Counsel is applying for a fee award to be paid separate and apart from the Settlement Fund on a percentage basis. As set forth in the accompanying Fee Memorandum, the percentage method is the appropriate method of fee recovery because it aligns the lawyers' interest in being paid a fair fee with the interest of the Class Representative and the Settlement Class in achieving the maximum recovery in the shortest amount of time required under the circumstances and taking into account the litigation risks faced in a class action. Use of the percentage method has been recognized as appropriate by the Supreme Court and Ninth Circuit for cases of this nature.

24. Based on the quality of the result achieved, the extent and quality of the work performed, the significant risks of the litigation, and the fully contingent nature of the representation, Class Counsel respectfully submits that the requested fee award is reasonable and should be approved. As discussed in the Fee Memorandum, a 24.22% fee award is fair and reasonable for attorneys' fees in common fund cases such as this and is within the range of percentages awarded in securities class actions in this Circuit with comparable settlements.

### 1.     Lead Plaintiff Has Authorized and Supports the Fee Application.

25. Class Representative, Neil Torczyner is a sophisticated commercial litigation attorney that closely supervised and monitored the prosecution and settlement of the Action. See Declaration of Neil Torczyner (the "Torczyner Decl."), attached hereto as Exhibit 4, at ¶¶ 1, 3-7. Class Representative has evaluated the Fee Application and fully supports the fee requested. The fee requested is consistent with a retainer agreement entered into between Mr. Torczyner and Class Counsel at the outset of the litigation. *Id.* at ¶ 11. After the agreement to settle the Action was reached, Mr. Torczyner approved the proposed fee as consistent with the written retainer agreement and believes it is fair and reasonable in light of the quality of the result obtained, the work counsel performed and the risks of the litigation. *Id.* at ¶ 10.

### 2.     The Work and Experience of Lead Counsel.

26. The schedule attached hereto as Exhibit 1 is a summary indicating the hours worked by our partners and associates who were involved in this litigation at my firm, through the date of this

1   Court's preliminary approval of the Settlement (additional time will be spent in preparation for the
2   settlement hearing, any further proceedings, and implementing the settlement), and the lodestar
3   calculation based upon my firm's current billing rates. Time spent in preparing this application for
4   fees is not included. The schedule was prepared from contemporaneous, daily time records regularly
5   prepared and maintained by my firm, which are available at the request of the Court for in camera
6   review. My firm spent 389.75 hours on this litigation from the inception of the case through April 25,
7   2017. The total lodestar amount based on the firm's current billing rates is $246,272.50. The hourly
8   rates set forth in Exhibit 1 are my firm's regular hourly rates, which are similar to the rates charged by
9   other litigation firms in the area for complex litigation.

10          27.     Class Counsel has expended a total of 389.75 hours in the prosecution of this Action,
11  for a lodestar of $246,272.50. Under the lodestar approach, the requested fee results in a multiplier of
12  1.97. As described above in greater detail, the work that Class Counsel performed in this Action
13  included: (1) extensive pre-litigation investigation; (2) extensive and detailed legal research into the
14  substantive law of the causes of action at issue; (3) developing and executing litigation strategies; (4)
15  drafting pleadings, including the pre-litigation demand pursuant to the Massachusetts Consumer
16  Protection Act and the class action complaint; (5) propounding and responding to extensive informal
17  discovery, including substantial document review; (6) consulting with computer programming experts
18  in the area of "point of sale" retail systems; (7) researching and strategizing over class certification
19  issues; (8) developing and executing mediation and settlement strategies; and (9) analyzing detailed
20  and extensive data and information exchanged between the parties in order to assure that the Settlement
21  terms are based upon objective evidence that had been thoroughly considered in the context of the
22  risks, expenses, and benefits of continuing to litigate the case.

23          28.     As detailed above, throughout this case, Class Counsel devoted substantial time to the
24  prosecution of the Action. I maintained control of and monitored the work performed by other lawyers
25  at my firm on this case. While I personally devoted substantial time to this case, and personally
26  reviewed and edited all pleadings, court filings, and other correspondence prepared on behalf of Class
27  Representative, other experienced attorneys at my firm were involved in settlement negotiations and

other matters.  More junior attorneys also worked on matters appropriate to their skill and experience level. Throughout the litigation, Class Counsel maintained an appropriate level of staffing that avoided unnecessary duplication of effort and ensured the efficient prosecution of this litigation.

29. As demonstrated by the firm resume included as Exhibit 3 hereto, Class Counsel is among the most experienced and skilled law firms in the field of complex class action litigation, with an established and successful track record representing consumer in such cases.  HRSC is a nationally recognized plaintiffs' class action litigation firm.  With over 100 years of combined experience, Class Counsel has established themselves as leading representatives of injured class members.   Class Counsel has litigated hundreds of cases in both state and federal courts through the United States.  Further, HRSC partners have taken dozens of complex cases such as this to trial, and it is among the few class action litigation firms with trial experience.  I believe this willingness and ability added valuable leverage in the settlement negotiations.

### 3. Standing and Caliber of Defendant's Counsel.

30. The quality of work performed by Class Counsel in attaining the Settlement should be evaluated in light of the quality of its opposition.  Staples is represented by extremely able counsel from Cooley LLP.   In the face of this skillful and well-financed opposition, Class Counsel was nonetheless able to develop a case that was sufficiently strong to persuade Defendant and their counsel to settle the case on terms that will significantly benefit the Settlement Class.

### 4. The Risks of Litigation and the Need to Ensure the Availability of Competent Counsel in High-Risk Contingent Cases.

31. The prosecution of these claims was undertaken entirely on a contingent-fee basis, and the considerable risks assumed by Class Counsel in bringing this Action to a successful conclusion are described above. Those risks are relevant to the Court's evaluation of an award of attorneys' fees. Here, the risks assumed by Class Counsel, and the time and expenses incurred by Plaintiffs' Counsel without any payment, were extensive.  Indeed, Class Counsel prosecuted this case with the type of vigor and skill required to ensure justice for the Class while simultaneously refusing alternative employment opportunities with higher likelihoods of success and guarantees of fee payment.

32. From the outset, Class Counsel understood that it was embarking on a complex, expensive, lengthy and hard-fought litigation with no guarantee of ever being compensated for the substantial investment of time and the outlay of money that vigorous prosecution of the case would require. In undertaking that responsibility, Class Counsel was obligated to ensure that sufficient resources (in terms of attorney and support staff time) were dedicated to the litigation, and that Class Counsel would further advance all of the costs necessary to pursue the case vigorously on a fully contingent basis, including funds to compensate vendors and consultants and to cover the considerable out-of-pocket costs that a case such as this typically demands. Because complex consumer class action litigation generally proceeds for several years before reaching a conclusion, the financial burden on contingent-fee counsel is far greater than on a firm that is paid on an ongoing basis. Indeed, Class Counsel has received no compensation during the course of this Action and no reimbursement of out-of-pocket expenses.

33. Class Counsel also bore the risk that no recovery would be achieved. As discussed above, from the outset this case presented a number of significant risks and uncertainties, including challenges in proving the deceptive nature of Defendant's Rewards program and establishing loss causation and damages, and facing a large, sophisticated company with first-rate attorneys.

34. Had the Settlement not been reached when it was and this litigation continued, Class Counsel would have been required to complete formal fact discovery, including taking depositions of high-level Staples employees and computer programmers, and then engage in extensive expert discovery efforts, including assisting with the preparation of opening and rebuttal reports from Plaintiff's experts on damages, technology and "point of sale" programming, preparing for and defending their depositions, and taking the depositions of Defendant's experts. After the close of discovery, it would be highly likely that Defendant would move for summary judgment, which would have to be briefed and argued, a pre-trial order would have to be prepared, proposed jury instructions would have to be submitted, and motions *in limine* would have to be filed and argued. Substantial time and expense would need to be expended in preparing the case for trial. The trial itself would be expensive and uncertain. Moreover, even if the jury returned a favorable verdict after trial, it is likely

1  that any verdict would be the subject of numerous post-trial motions, post-trial challenges to individual class members' damages, and a complex multi-year appellate process.

35. Class Counsel's persistent efforts in the face of significant risks and uncertainties have resulted in a significant and certain recovery for the Settlement Class, by persuading Defendant that it faced significant liability exposure such that it was willing to provide $2 million in class-wide benefits to settle this matter. In light of this recovery and Class Counsel's investment of time and resources over the course of the litigation, Class Counsel believes the requested attorneys' fee is fair and reasonable and should be approved.

### 5. The Reaction of the Settlement Class to the Fee Application.

36. As of July 10, 2017, over 3,289,000 Notice Packets had been mailed to potential Settlement Class Members advising them that Class Counsel would apply for attorneys' fees in an amount not to exceed 25% of the value of the Settlement Fund. *See* KCC Settlement Administrator Weekly Case Status Report dated July 10, 2017, included as Exhibit 5 hereto. In addition, the Court approved indirect notice, posted on the dedicated Settlement Website, also provided further detail of the relief provided by the settlement, the range of fees and costs to be sought by Class Counsel, and the scope of the release and binding nature of the settlement on Class members. *See* Preliminary Approval Order (Dkt. No. 20). To date, no objections to the request for attorneys' fees have been received. *See* Exhibit 5.

37. In sum, Class Counsel accepted this case on a contingency basis, committed significant resources to it, and prosecuted it without any compensation or guarantee of success. Based on the favorable result obtained, the quality of the work performed, the risks of the Action, and the contingent nature of the representation, Class Counsel respectfully submits that the requested fee is fair and reasonable.

### B. The Litigation Expense Application.

38. Class Counsel also seeks reimbursement of $15,564.80 in litigation expenses that were reasonably incurred in connection with the prosecution of the Action (the "Expense Application").

39.     From the outset of the Action, Class Counsel has been cognizant of the fact that they might not recover any of their expenses, and, further, if there were to be reimbursement of expenses, it would not occur until the Action was successfully resolved, often a period lasting several years. Class Counsel also understood that, even assuming that the case was ultimately successful, reimbursement of expenses would not necessarily compensate them for the lost use of funds advanced by them to prosecute the Action. Counsel's fee award was also based on the class recovery net of these expenses. Consequently, Class Counsel was motivated to, and did, take significant steps to minimize expenses whenever practicable without jeopardizing the vigorous and efficient prosecution of the case.

40.     As set forth in Exhibit 2 hereto, Class Counsel have incurred a total of $15,564.80 in unreimbursed litigation expenses in connection with the prosecution of the Action. The expenses are summarized in Exhibit 2, which identifies each category of expense, *e.g.*, expert fees, on-line legal research, travel costs, telephone and photocopying expenses, and the amount incurred for each category. These expenses are reflected on the books and records maintained by Class Counsel.  These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred.

41.     The other expenses for which Class Counsel seeks reimbursement are the types of expenses that are necessarily incurred in litigation and routinely charged to clients billed by the hour. These expenses include, among others, filing fees, copying costs (in-house and through outside vendors), long distance telephone charges, and postage and delivery expenses.

42.     The Notice informed potential Settlement Class Members that Class Counsel would be requesting attorneys' fees and seeking reimbursement of expenses in an amount not to exceed $500,000.  *See* Notice at 5. To date, no objection has been raised as to the reimbursement of litigation expenses as set forth in the Notice.

43.      The expenses incurred by Class Counsel were reasonable and necessary to represent the Settlement Class and achieve the Settlement.  Accordingly, Class Counsel respectfully submits that the expenses should be reimbursed in full.

**CLASS REPRESENTATIVE INCENTIVE AWARD APPLICATION**

44. With regards to our client and Class Representative, Neil Torczyner, we strongly support him receiving an enhancement of $5,000 to compensate him for his time, effort and risk he undertook. Mr. Torczyner has worked diligently to represent the best interests of the Class. He has stayed apprised of the litigation and helped to represent other Class members to the best of his ability. Mr. Torczyner consulted with his counsel, HRSC, and was willing to make the personal sacrifices associated with being a named plaintiff in a federal lawsuit for the good of the Class. Mr. Torczyner took the initiative to be named in the lawsuit, assisted in the case investigations, and accepted substantial personal risks and responsibilities on behalf of the Class.

45. Mr. Torczyner spent a substantial amount of time participating in interviews, meetings and telephone conversations with Class Counsel, who required considerable information pertaining to his enrollment in the Rewards Program, as well as transaction history and receipts from Mr. Torczyner's purchases at Staples. Mr. Torczyner spent numerous hours gathering information to support his claims and responding to inquiries from Class Counsel. Mr. Torczyner was also subjected to informal discovery demands from Defendant. In addition, Mr. Torczyner was actively involved in settlement strategy and negotiations, and participated in the mediation telephonically. Mr. Torczyner's efforts helped Class Counsel prepare the complaint, for mediation, and the briefing relating to the approval of the settlement.

46. Judge Infante endorsed the Class Representative enhancement amount as fair and reasonable given the Class Representative's involvement, personal sacrifices, significant risks, and achieved results.

**CONCLUSION**

47. For all the reasons set forth above, Class Counsel submits that the requested fee of $484,435.20 should be approved as fair and reasonable, and the request for reimbursement of total litigation expenses in the amount of $15,564.80 should also be approved.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed July 10, 2017.

1
                                        */s/ Frank R. Schirripa*
2
                                        Frank R. Schirripa
                                        **HACH ROSE SCHIRRIPA**
3
                                        **& CHEVERIE LLP**
                                        185 Madison Avenue, 14th Floor
4
                                        New York, New York 10016
                                        Tel.: 212.213.8311

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **Case No.: 16-cv-2965-JM-JLB**                                                          **DECL. OF FRANK R, SCHIRRIPA ISO**
                                                                                                            **PLAINTIFF'S APPLICATION**

14