# EXHIBIT 1

**EXHIBIT 1**

*Torczyner v. Staples, Inc.*
Case No. 16-CV-2965-JM-JLB

**HACH ROSE SCHIRRIPA & CHEVERIE LLP**

**TIME REPORT**

Inception through April 25, 2017

| NAME | HOURS | HOURLY RATE | LODESTAR |
|------|-------|-------------|----------|
| **Partners** | | | |
| Michael A. Rose | 32.25 | $725.00 | $23,381.25 |
| Frank R. Schirripa | 235.50 | $695.00 | $163,672.50 |
| Daniel B. Rehns | 34.25 | $625.00 | $21,406.25 |
| | | | |
| **Of Counsel** | | | |
| Timothy Staines | 23.25 | $625.00 | $14,531.25 |
| | | | |
| **Associates** | | | |
| John A. Blyth | 36.25 | $350.00 | $12,687.50 |
| Seth M. Pavsner | 28.25 | $375.00 | $10,593.75 |
| | | | |
| **TOTALS** | **389.75** | | **$246,272.50** |
| | | | |

# EXHIBIT 2

**EXHIBIT 2**

*Torczyner v. Staples, Inc.*
Case No. 16-CV-2965-JM

**HACH ROSE SCHIRRIPA & CHEVERIE LLP**

**EXPENSE REPORT**

Inception through April 25, 2017

| DESCRIPTION | CUMULATIVE TOTAL |
|---|---|
| External Reproduction | $60.50 |
| Internal Reproduction/Printing | $348.40 |
| Court Fees (Filing costs etc.) | $606.00 |
| Computer Research | $1,326.28 |
| Teleconferences/Fax | $48.40 |
| Postage/Express Delivery/Messenger | $128.50 |
| Meals, Hotels and Transportation | $5,888.13 |
| Mediator (Hon. Edward A. Infante (ret.) of JAMS, Inc. | $7,158.59 |
| **TOTAL EXPENSES** | **$15,564.80** |

# EXHIBIT 3



HACH ROSE SCHIRRIPA & CHEVERIE, LLP ("HRS&C" or the "Firm") specializes in large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, antitrust, consumer protection, investor arbitration and employment litigation on behalf of Taft-Hartley funds and their members. With over 100 years of combined experience, the Firm's attorneys have established themselves as leading representatives of Taft-Hartley pension and benefit funds in these areas of the law. The Firm's attorneys have litigated hundreds of cases in both state and federal courts through the United States, and are committed to protecting pension fund assets and victims of corporate wrongdoing.

HRS&C is headquartered in New York. Its attorneys are licensed to practice law in New York, New Jersey, Connecticut, Massachusetts and Washington, D.C., and have practiced in numerous federal district and appellate courts and state courts throughout the United States and Puerto Rico.

**NOTABLE CURRENT AND FORMER REPRESENTATION OF INSTITUTIONAL INVESTORS, TAFT-HARTLEY PENSION AND BENEFIT FUNDS AND INDIVIDUALS**

***Securities Fraud Class Actions and Corporate Governance Actions***

o Representation of Taft-Hartley pension fund, as lead plaintiff and proposed class representative, in a derivative action against Wells Fargo's Board of Directors alleging a breach of fiduciary duty by willfully ignoring the wide-spread fraud by the illegal practice of opening unauthorized deposit and credit accounts for Wells Fargo customers.

o Representation of Taft-Hartley benefits fund, as lead plaintiff and proposed class representative, in a derivative action against Western Union's Board of Directors alleging a breach of fiduciary duty by willfully ignoring its participation in cross-border money laundering.

o Representing a Taft-Hartley benefits fund as lead plaintiff and proposed class representative in a derivative action against current and former directors of DreamWorks Animation SKG, Inc. for breaches of fiduciary duty and corporate malfeasance in violation of Delaware law.

o Representation of three individual investors as proposed class representatives on behalf of the Retail Investor Subclass in a securities class action against Facebook, Inc., several of its officer

and directors and the lead underwriter arising from material misrepresentations made to investors in connection with Facebook's Initial Public Offering.

o   Representation of a Taft-Hartley pension fund, as lead plaintiff and proposed class representative, on behalf of all Taft-Hartley and employee benefit plans covered by ERISA, other non-public institutional investors, including private pension funds, mutual funds, endowment funds, and investment manager funds in a class action against The Bank of New York Mellon Corporation and its predecessors and subsidiaries, alleging that defendants charged class members fictitious foreign currency exchange ("FX") rates in connection with the purchase and sale of foreign securities. Following four-years of intense litigation, which included over 19 million pages of document discovery, over 100 depositions, counterclaims against the named plaintiffs and their trustees, counsel for co-lead plaintiffs secured a court-approved settlement that returned, in aggregate, $504 million to BNY Mellon's custodial banking customers. At the final settlement hearing in *BNY Mellon* (Sept. 24, 2015), Judge Kaplan noted:

> This really was an extraordinary case in which plaintiffs' counsel performed, at no small risk, an extraordinary service, .... They did a wonderful job in this case, and I've seen a lot of wonderful lawyers over the years. This was a great performance.
>
> o      *        *        *
>
> This was an outrageous wrong committed by the Bank of New York Mellon, and plaintiffs' counsel deserve a world of credit for taking it     on,  for  running  the risk, for financing it and doing a great job.

o   Representation of a Taft- Hartley pension fund, as a named plaintiff in a class action against The Bank of New York Mellon Corporation and its predecessors and subsidiaries, for harm suffered as a result of BNYM's conversion of dividends or other cash distributions by foreign companies to holders of American Depositary Receipts ("ADRs") into U.S. Dollars, a process referred to as "ADR FX Conversions," in a manner that breached BNYM's contractual obligations to holders of those ADRs.

o   Representation of a Taft-Hartley benefits fund, as lead plaintiff and proposed class representative, in a derivative action against Darden Restaurants Inc.'s Board of Directors alleging a breach of fiduciary duty in connection with their approval of the Bylaw Amendments and the Dead Head Proxy Put and corporate waste in connection with their approval of the Red Lobster Transaction.  This matter was successfully litigated and resulted in a settlement in which the Board of Directors agreed to restore and enhance core franchise rights of Darden shareholders by repealing certain Bylaw Amendments, enhancing voting rights and terminating a "poison pill."

o   Representation of a Taft-Hartley pension fund, as lead plaintiff in a direct shareholder action against Globe Specialty Metals' Board of Directors and certain other defendants alleging a breach of fiduciary duty in connection with the Board's approval of the sale of Globe Specialty Metals to Grupo FerroAtlantica, S.A.U.  This matter was successfully litigated and resulted in

a $32.5 million settlement, as well as post-transaction protections for Globe's former shareholders, including amendments to the acquiring company's Articles of Association.

o   Representation of a Taft-Hartley benefits fund, as lead plaintiff and proposed class representative, in a derivative action against Impax Laboratories Inc.'s Board of Directors alleging a breach of fiduciary duty by willfully ignoring problems in the manufacturing and quality control processes at Impax's primary manufacturing facility, causing it common stock price to drop from $28 per share to $24 per share.  Following the aggressive litigation of this matter, the Company corrected its FDA regulatory violations, and the common stock price rebounded to $52 per share within one year.

o   Representation a Taft-Hartley benefits fund and the interests of the derivative class as Additional Plaintiff's Counsel, in a derivative action against Nu Skin Enterprises Inc.'s Board of Directors alleging a breach of fiduciary duty in connection with the company's violations of Chinese regulation against multi-level "pyramid" marketing that resulted in regulatory investigations, fines and drastic reduction in Nu Skin's China sales revenue.

o   Representation of a Taft-Hartley pension fund in securities fraud class action against Nicor, Inc. arising from material misrepresentations concerning Nicor's accounting for natural gas reserves which resulted in a multi-year restatement. This matter was successfully litigated and resulted in a $39 million settlement.

o   Representation of a Taft-Hartley pension fund in securities fraud class action against Westar Energy, Inc. arising from material misrepresentations about Westar's acquisition of non-regulated businesses. This matter was successfully litigated and resulted in a $30 million settlement.

o   Representation of a Taft-Hartley pension fund in securities fraud class action against SPX Corporation arising from material misrepresentations about SPX's business segments, free cash flow, and $45 million of alleged insider sales in the weeks leading up to SPX's negative disclosure. This matter was successfully litigated and resulted in a $10 million settlement.

o   Representation of a Taft-Hartley pension fund in a securities fraud class action against Leap Wireless Inc. arising from material misrepresentations about Leap Wireless's financial condition and internal controls that resulted in a massive twelve quarter financial restatement. This matter was successfully litigated and resulted in a $13.75 million settlement and the implementation of various operational and corporate governance measures.

o   Representation of numerous Taft-Hartley pension funds in securities class actions arising from material misstatements in Registration Statements and Prospectuses issued in connection with their purchase of Residential Mortgage-Backed Securities (RMBS) collateralized with "toxic loans," including sub-prime, Alt-A and other fraudulently originated mortgages.

o   Representation of shareholders of Bank of America Corporation in a derivative action against the company's Board of Directors alleging breaches of fiduciary duties in connection with the merger of Merrill Lynch & Co., Inc.

o   Representation of shareholders of Huron Consulting Group in a derivative action against the company's Board of Directors alleging a breach of fiduciary duty in connection with the accounting firm's restatement of $63 million of revenue over a period of 12 fiscal quarters.

o   Representation of bank customers whose certificates of deposit were automatically renewed upon maturity at rates much lower than the bank was currently offering to new customers despite being assured that their CD would be invested at the current rate.

***Antitrust, Consumer, Environmental and Product Liability Class Actions***

o   Representation of a Taft-Hartley welfare fund as named plaintiff and serving as Interim Co-Lead Counsel in an antitrust class action lawsuit against Celgene Corporation arising from the defendant's anticompetitive scheme to delay the entry of generic version of Thalomid and Revlimid, two leading cancer treatments, into the market.

o   Representation of a putative class of New York personal injury, podiatric and medical malpractice plaintiffs against Oxford Health Plans and its subrogation recovery agent, The Rawlings Company, seeking a monetary damages and a declaration under NY G.O.L § 5-335 ("Anti-subrogation law") that Oxford/Rawlings does not have the right to seek subrogation of medical benefits against their settlements.

o   Representation of a Taft-Hartley welfare fund in an antitrust class action lawsuit against Pfizer, Inc. arising from defendant's anticompetitive scheme to delay the entry of generic versions of Lipitor into the market.

o   Representation of two Taft-Hartley welfare funds as named plaintiffs and serving the proposed class as a member of the Executive Committee in an antitrust class action lawsuit against Reckitt Benckiser, Inc. arising from defendants' anticompetitive scheme to delay the entry of generic versions of Suboxone into the market.

o   Representation of a Taft-Hartley welfare fund as a named plaintiff and serving the proposed class as a member of the Executive Committee in an antitrust class action lawsuit against the brand and generic manufacturers of Loestrin24 arising from defendants' anticompetitive scheme to delay the entry of generic versions of Loestrin24 into the market.

o   Representation of two Taft-Hartley welfare funds, as named plaintiffs and certified class representatives, in an antitrust class action lawsuit against Astrazenceca LP. arising from defendant's anticompetitive scheme to delay the entry of generic versions of Nexium into the market.  This matter was extensively litigated through a jury verdict; the End-Payor Plaintiffs obtained a $25 million settlement from generic manufacturer Dr. Reddy's Laboratories.

o   Representation of citizens of Paulsboro, New Jersey and the surrounding towns in a environmental mass tort case against Consolidated Rail Corporation ("Conrail") and other defendants where defendants' negligence caused a train derailment caused a tanker to breach

while crossing the Mantua Creek Bridge and spew who were exposed to 24,000 gallons (or 180,000 pounds) of Vinyl Chloride – a known human carcinogen.

o   Representation of purchasers of Volkswagen and Audi vehicles equipped with defective plenum drains, pollen filter seals and sunroof drains permitting water ingress which compromised the vehicles' brake booster, transmission control module, other electrical components and the vehicles interior.  This action was successfully litigated.

o   Representation of a class of silver bullion purchasers and holders that were being overcharged for the storage of unallocated silver bullion.  This matter was successfully litigated and resulted in a 100% recovery of storage charges.

***Employment: Discrimination and Wage & Hour Litigation***
o   Successfully represented thirteen entertainers in an action filed in federal court to recover unpaid wages and overtime alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").   This matter was settled for $1 million.

o   Successfully represented an American single mother in a national-origin and pregnancy discrimination action alleging violations of Title VII, New York City Human Rights Law ("NYCHRL") and the Pregnancy Discrimination Act against a Japanese financial services company operating in New York.  This matter was successfully resolved for $196,000.

o   Successfully represented a sixty-three year old engineer in an age discrimination lawsuit alleging violations of Title VII, New York State Human Rights Law ("NYSHRL") and NYCHRL against a dominant private New York City-based health services company.  This matter was settled for $175,000.

o   Successfully represented numerous female employees who were victims of unwelcomed sexual harassment in the workplace in violation of Title VII, NYSHRL and NYCHRL.  The firm has recovered multiple six-figure settlements for these clients.

o   Representing a conditionally certified collective class of licensed social workers employed at a major New York City-based hospital who were forced to work off-the-clock in violation of the FSLA and NYLL.

o   Representing a conditionally certified collective class of maintenance and service workers employed at all New York locations of a national cooperative residential housing company that improperly labeled workers time as "non-productive hours" and wrongfully denied overtime compensation in violation of the FSLA and NYLL.

o   Representing a group of 46 employees employed at an international television news network arising from the company and its owners' willful refusal to pay wages for multiple pay cycles and willfully failing to pay wages in a timely manner.

o   Representing seven African-American field technicians employed by Verizon New Jersey arising from Verizon violations of the New Jersey Law Against Discrimination.

### THE FIRM'S ATTORNEYS

**Gregory S. Hach,** *Partner*

Greg Hach is well-known for representing members of organized labor in mass tort actions including prescription drug liability, personal injury actions, and asbestos litigation. He is responsible for developing LOHRSOFT, or Labor Organization Healthcare Reimbursement Software. LOHRSOFT revolutionizes the way Taft-Hartley health plan and other third-party payors service their members and recover funds from responsible third-parties. This program is actively used in the marketplace today. Through his efforts, Mr. Hach has obtained millions of dollars for union families nationwide.  Mr. Hach was recently welcomed into the Who's Who 2010 Strathmore Roundtable.

He is a proud member of the International Union of Operating Engineers, the New York Bar Association, the New York State Trial Lawyers Association, and the Washington, D.C. Bar Association. Outside the office, Mr. Hach is an enthusiastic private pilot and aircraft owner. He is a member of the Aircraft Owners and Pilots Association and regularly flies to visit his clients in outlying areas.

Mr. Hach is admitted to practice in New York, Washington, DC, and the United States District Court for the Eastern and Southern District.  He received B.S. from John Jay College of Criminal Justice in 1996 and his J.D. from Ohio Northern University, Claude W. Pettit College of Law in 1999.

**Michael A. Rose,** *Partner*

Michael Rose focuses his practice on civil litigation.  Mr. Rose has had extensive experience prosecuting a broad range of cases on behalf of Taft-Hartley participants, dependents and other individuals, including personal injury, wrongful death, product liability and mass tort. He has tried numerous cases to verdict, handled appeals, and settled many claims resulting in tens of millions of dollars in recovery for clients. Many of these cases have resulted in seven figure jury verdicts and settlements.  Mr. Rose has recently tried two cases each of which resulted in eight-figure jury verdict.  And during a six-month timespan, Mr. Rose tried three cases each of which resulted in seven figure jury verdicts.

He is a frequent lecturer to members of the Bar Association, covering topics such as construction site accidents, vocational rehabilitation, and expert witness examinations. Mr. Rose is a lifetime member of the Million Dollar and Multi-Million Dollar Advocates Forum. Additionally, he is a member of the New York State Bar Association, The Association of the Bar of the City of New York, where he was a member of the Tort Litigation Committee, the New York State Trial Lawyers Association, and the Association of the Trial Law Lawyers of America.  Mr.

Rose is AV rated by Martindale Hubble.

Mr. Rose is admitted to practice in New York, Massachusetts, and the United States District Court for the Eastern and Southern Districts.  He received B.S. from Ithaca College in 1993 and his J.D. from New England School of Law in 1996.

**Frank R. Schirripa,** *Partner*

Frank Schirripa focuses his practice on representing institutional investors – predominantly Taft-Hartley pension and benefit funds – that have been damaged as the result of securities fraud or corporate malfeasance.  Throughout his career, Mr. Schirripa has specialized in handling highly complex multi-party litigation in federal and state courts throughout the United States and has served in a lead, co-lead or representative capacity across a full spectrum of industries (cellular and landline telecommunications, financial services, healthcare, insurance, manufacturing, pharmaceuticals, retail, stock broker and exchange, technology, and utilities) and practices (antitrust, consumer and investor fraud and protection, employment, and shareholder derivative actions) that encompass HRSC's complex litigation practice.  Mr. Schirripa has represented the rights of consumers, shareholders and investors in high profile and precedent-setting class action litigation involving such companies as BNY Mellon, Bombardier, Inc., Consolidated Rail Company, Darden Restaurants, Inc., Dynex Capital, Inc., Facebook, Inc., Leap Wireless, Inc., Nicor Corp., The Rawlings Company, SPX Corp., Tidel Technologies, Inc., Volkswagen AG, Westar Energy, Inc., and Williams Companies, Inc.

Prior to founding the Firm, Mr. Schirripa practiced securities and consumer class action law at two prominent New York class action law firms.

Mr. Schirripa's skills and expertise as a class action litigator have been recognized by colleagues, courts and private institutions.  Mr. Schirripa's skill, perseverance and diligent advocacy was acknowledged by the Courts.  Most recently, in *In re BNY Mellon FOREX Transaction Litigation*, MDL No. 2335 (S.D.N.Y. Sept. 24, 2015), Judge Kaplan noted:

> This really was an extraordinary case in which plaintiffs' counsel performed, at no small risk, an extraordinary service, ….  They did a wonderful job in this case, and I've seen a lot of wonderful lawyers over the years.  This was a great performance.
>
> \*        \*        \*
>
> This was an outrageous wrong committed by the Bank of New York Mellon, and plaintiffs' counsel deserve a world of credit for taking it on, for running the risk, for financing it and doing a great job.

In *In re SPX Corp. Securities Litigation*, 3:04-CV-99 (W.D.N.C.), the Court commended class counsel for its "skill perseverance[,] … diligent advocacy" and "aggressive representation" of the class in achieving "from a financial standpoint. A very fair settlement" aggregating $10 million, or approximately 22 percent of the maximum recoverable damages, noting that class counsel is among the "leading attorneys in the country in the area of class actions" and is "extremely competent" and "very experienced."

Mr. Schirripa has been recognized by his peers as a *New York Super Lawyer* in Securities and Class Action Litigation.  Mr. Schirripa regularly lectures to Taft-Hartley and multi-employer pension and welfare funds on securities and antitrust related legal issues.

Mr. Schirripa is a member of the American Bar Association, Litigation Section; the Federal Bar Council; New York State Trial Lawyers and the New York Court Lawyers' Association

Mr. Schirripa is admitted to the Bars of the states of New York and New Jersey, the United States District Courts for the District of Colorado, New Jersey, and the Eastern and Southern Districts of New York, and the United States Court of Appeals for the Second Circuit.  Mr. Schirripa received his B.S. in Business Administration with a concentration in Finance from the State University of New York at Albany in 1999 and his J.D., *cum laude*, from New York Law School in 2002, where he served as the Chairman of the Moot Court Association.  Mr. Schirripa was inducted into the Order of the Barristers.

**David R. Cheverie,** *Partner*

David Cheverie focuses on institutional investor and client outreach, as well as new case development.  Mr. Cheverie advises Taft-Hartley pension and benefit fund clients regarding their rights and fiduciary responsibilities with respect to their investments and taking an active role in shareholder litigation.  Mr. Cheverie assists clients in evaluating systems to identify and monitor shareholder litigation and the impact on their investments.  Mr. Cheverie also counsels them in evaluating the strength of such cases and to whether or not they should seek lead plaintiff status or otherwise actively participate in the litigation.  In addition to securities fraud and corporate governance matters, Mr. Cheverie advises and assists Taft-Hartley health funds in participating in pharmaceutical, product defect, and consumer class actions to recover fund losses.

**Daniel B. Rehns,** *Partner*

Mr. Rehns primarily represents institutional investors – predominantly Taft-Hartley pension and benefit funds – that have been damaged as the result of securities fraud or corporate malfeasance. Additionally, Mr. Rehns also represents investors and consumers who had been damaged by unfair business practices.

Throughout his career, Mr. Rehns has specialized in handling highly complex multi-party litigation in federal and state courts throughout the United States. His concentration is on large complex cases and shareholder actions, in which he focuses on all aspects of litigation ranging from case development through settlement and trial.  Notably, Mr. Rehns specializes in new case investigation, complex issue briefing and overseeing all aspects of large-scale discovery, including electronic discovery protocols and review, depositions and expert discovery.  Prior to joining HRSC, Mr. Rehns was an Associate in Cohen Milstein's Securities Litigation & Investor Protection Practice Group.  Mr. Rehns played an important role in litigating many of the most significant mortgage-backed securities (MBS) class-action lawsuits to emerge from the 2008 financial crisis, and was part of the team named an Elite Trial Lawyer Firm by the National Law Journal (in the MBS litigation category) in 2014 and 2015.  Mr. Rehns has be recognized by his

peers and has been named in *New York Super Lawyers*.

Mr. Rehns' MBS successes include:

- *Maine State Retirement System v. Countrywide Financial Corporation* (C.D. Cal): $500 million settlement with Bank of America, as successor to Countrywide Financial Corp.
- *In re Bear Stearns Mortgage Pass-Through Certificates Litigation (SDNY):* $505 million settlement with JPMorgan Chase as successor to Bear Stearns & Co., Inc.
- *New Jersey Carpenters Health Fund v. Residential Capital LLC* ("RALI") (SDNY): $335 million settlement with Ally Securities as successor to Residential Capital LLC, as well as Underwriters Citigroup Global Capital Markets, Inc., Goldman Sachs & Co. and UBS Securities LLC.
- *New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland plc* ("Harborview") (SDNY): $275 million settlement with RBS Securities LLC and related entities.
- *In re Washington Mutual MBS Litigation* (W.D. Wash): $26 million settlement in this complex class action lawsuit alleging violations of the Securities Act by Washington Mutual entities in connection with their issuance of residential MBS.
- *In re Dynex Capital, Inc. Securities Litigation* (SDNY): $7.5 million settlement where Defendants were alleged to have committed securities fraud in connection with the sale of asset-backed securities to the public.

In addition to the above, Mr. Rehns has served a central role on successful litigation teams in various securities and shareholder matters including: *In re Lehman Brothers MBS Litigation, New Jersey Carpenters Health Fund v. DLJ Capital, Inc., In re American Greetings Shareholder Litigation, HCL Partners Limited Partnership v. Leap Wireless International, Inc., In re Ebix Securities Litigation, Ladman Partners v. Globalstar, Inc., In re SPX Corp. Securities Litigation* and *In re BP plc Securities Litigation; Porat v. Bank Leumi Le-Israel* (Double Derivative); *Sokolowski v. Erbey* (Shareholder Derivative Action); *Louisiana Mun. Police Employees v. Stephen Wynn;*

Mr. Rehns is admitted to the Bars of the state of New York, the United States District Courts for the District of New Jersey, and the Eastern and Southern Districts of New York, and the United States Court of Appeals for the First, Second, Third and Ninth Circuits. Mr. Rehns is a member of the New York Bar Association, the New York County Lawyers' Association, the American Bar Association and the Federal Bar Council. Mr. Rehns began his career at Schoengold Sporn Laitman & Lometti, P.C., where he practiced in the areas of securities fraud and consumer class action litigation. Mr. Rehns attended Bucknell University, graduating with a double major in Economics and Finance, and minors in Legal Studies and Philosophy. He earned his J.D. at New York Law School, where he was a Dean's List recipient. Mr. Rehns was and continues to be an active member in the Sigma Alpha Epsilon Fraternity Organization and Big Brothers Big Sisters of America. Mr. Rehns also competed in Moot Court and co-authored the first edition of West's Nutshell on Corporate Financial Law.

**Jay P. Saltzman,** *Counsel*

Mr. Saltzman materially contributed to the litigation of dozens of highly complex securities class and derivative actions and consumer class actions throughout the country and helped recover

billions of dollars for injured shareholders and consumers, including *In re WorldCom, Inc. Securities Litigation* (S.D.N.Y.), which settled in 2005 for over $6.13 billion, among the largest securities fraud settlements of all time; *Silberblatt v. Morgan Stanley Dean Witter & Co.* (S.D.N.Y.) (recovering 100% of consumers' claimed overcharges for storage of silver bullion); *Danis v. USN Communications, Inc.* (N.D. Ill.) ($44.7 million recovery); *In re PNC Financial Services Group, Inc. Securities Litigation* (W.D. Pa.) ($46.675 million recovery).

Federal courts throughout the country have noted the ability to pursue successfully complex litigation where Mr. Saltzman took a prominent role, including:

> *Maley v. Del Global Technologies Corp*., 00-CV-8495 (S.D.N.Y.), where Judge McMahon commended the firm for "going the extra mile" in obtaining a settlement representing approximately 41 percent of the maximum recoverable damages incurred by the class, observing: "Through [Class Counsel]'s efforts, after intensive investigation, concentrated litigation and extensive arm's-length bargaining, and without the benefit of any governmental agency's investigation, Class Counsel have secured a settlement fund which confers an excellent benefit to the Class ... I can't ever remember having participated as a lawyer or a judge in a settlement of a securities fraud class action that yielded in excess of a forty percent rate of recovery."

> In *Behr v. APAC Teleservices, Inc.,* 97-CV-9145 (S.D.N.Y.), Judge Jones recognized the "long efforts" of counsel in litigating the case and their "thorough investigation" of plaintiffs' claims, concluding that the "substantial settlement" obtained "saved [the class] a lot of years of complex litigation."

Mr. Saltzman is admitted to practice in the courts of the States of New York and New Jersey, in the Southern and Eastern Districts of New York, the District of New Jersey and the U.S. Courts of Appeals for the Second and Third Circuits.

Mr. Saltzman graduated from Columbia University in 1983 with a Bachelor of Arts degree where he was on the Dean's List throughout his attendance.  From 1985-1990, Mr. Saltzman worked as an officer in the Corporate Trust department of the Bankers Trust Company, responsible for all aspects of Corporate Trust, from integrating new issues to ensuring the accuracy of dividends and stock splits.  Mr. Saltzman earned a Masters of Business Administration degree with a major in Corporate Finance from New York University's Stern School of Business in 1991.  He received his J.D. degree from the Benjamin N. Cardozo School of Law in June, 1994.  Mr. Saltzman was a member of the *Cardozo Law Review* for which he wrote his Note on International and Labor Law.  While at Cardozo, he was an intern with the New York State Attorney General's Office and with the Lawyers' Committee for Human Rights.


**John Blyth,** *Associate*

John Blyth is an associate at Hach Rose Schirripa & Cheverie and practices in the field of complex civil litigation. Mr. Blyth's focus is securities fraud, antitrust and consumer class actions, and employment law. His additional responsibilities at the firm include investigating new cases, drafting pleadings and motions, all aspects of discovery, as well as participating in court conferences, mediations and arbitration hearings.

Mr. Blyth is admitted to the Bars of the states of New York and New Jersey, and to the United States District Court for the District of New Jersey and the Southern and Eastern Districts

of New York. Mr. Blyth received a bachelor's degree in Communications from the State University of New York at Albany and worked as a personal banker for JPMorgan Chase & Co. prior to earning his J.D. from the Benjamin N. Cardozo School of Law. Mr. Blyth is a member of the New York City Bar Association and the New York State Trial Lawyers Association.  Prior to joining the firm, Mr. Blyth clerked for the Honorable Philip Straniere, supervising judge of the New York Civil Court, Richmond County.

**Seth M. Pavsner,** *Associate*

Seth M. Pavsner is an associate at Hach Rose Schirripa & Cheverie. Mr. Pavsner primarily focuses on discovery related aspects of the Firm's antitrust and consumer class actions.  His responsibilities at the Firm include investigating new cases; drafting pleadings and motions; document review; deposition preparation; drafting discovery related memoranda and legal research.

Mr. Pavsner is admitted to the Bars of the states of Massachusetts and New York and to the United States District Court for the Southern and Eastern Districts of New York.  Mr. Pavsner Graduated in 2005 from the University of Pennsylvania, B.A. in Psychology, *magna cum laude*, with departmental honors. Graduated in 2009 from the Boston University School of Law, J.D.  While in law school, Mr. Pavsner participated in Stone Moot Court Competition and Phi Alpha Delta legal fraternity.  Mr. Pavsner is a member of the New York State Bar Association.

**Denis Carey,** *Staff Attorney*

Denis Carey is a staff attorney at Hach Rose Schirripa & Cheverie.  Mr. Carey primarily focuses on portfolio monitoring and discovery related aspects of the Firm's securities fraud and antitrust class actions.  His responsibilities at the Firm include investigating new cases; drafting pleadings and motions; document review; deposition preparation; drafting discovery related memoranda and legal research.

Mr. Carey is admitted to practice law in the state of New York.  He received his B.A. from Hunter College (CUNY) and his J.D. from New York Law School where he participated in the Froessel Moot Court Competition.  He is a member of the New York State Bar Association and the New York County Lawyers' Association.

**Kathryn A. Hettler,** *Staff Attorney*

Kathryn Hettler is a staff attorney at Hach Rose Schirripa & Cheverie.  Ms. Hettler primarily focuses on discovery related aspects of the Firm's securities fraud, antitrust and consumer class actions.  Her responsibilities at the Firm include investigating new cases; drafting pleadings and motions; document review; deposition preparation; drafting discovery related memoranda and legal research.

Ms. Hettler is admitted to practice law in the states of New York and New Jersey. She received a B.S. in Business Management from Bucknell University in 2004 and an M.B.A. from Florida Atlantic University in 2007. In 2012, Ms. Hettler received her J.D. from Widener University, where she served as an executive member of the Moot Court Association. During law school, she also had the opportunity to intern with the King's County District Attorney's Office.

# EXHIBIT 4

David R. Stickney, Esq.
**BERNSTEIN LITOWITZ BERGER**
    **& GROSSMANN, LLP**
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel.: 858-720-3191
Fax: 858-793-0323
DavidS@blbglaw.com

*Liaison Counsel for Plaintiff and Class*

Frank R. Schirripa (*admitted pro hac vice*)
**HACH ROSE SCHIRRIPA &**
    **CHEVERIE LLP**
185 Madison Avenue, 14th Floor
New York, NY 10016
Tel: (212) 213-8311
Fax: (212) 779-0028
fschirripa@hrsclaw.com

*Class Counsel for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEIL TORCZYNER, individually, on behalf of himself, and all others similarly situated,<br><br>               Plaintiff,<br><br>           v.<br><br>STAPLES, INC.,<br><br>               Defendant. | Case No.  16-cv-2965-JM-JLB |

**DECLARATION OF NEIL TORCZYNER IN SUPPORT OF UNOPPOSED MOTION FOR (1) ATTORNEYS' FEES AND COSTS AND (2) INCENTIVE AWARD**

I, Neil Torczyner, declare as follows:

      1.    I am a commercial litigation attorney and the Proposed Class Representative for the Class.  I have personal knowledge of the facts stated herein and, if called to do so, could and would testify competently thereto.

      2.    I submit this declaration in support of Plaintiff's Unopposed Motion for (1) Attorneys' Fees and Costs, and (2) Incentive Award.

3.     I have dedicated significant time to being involved in this case, and I have worked diligently to represent the best interests of the Class.  I have stayed apprised of the litigation and helped to represent other Class members to the best of my ability.

4.     I have been involved in this case since its inception, and participated in numerous pre-litigation telephonic and in-perons meetings with Hach Rose Schirripa & Cheverie LLP ("Class Counsel") to discuss, investigate and develop the class allegations.

5.     After engaging Class Counsel, I actively participated in the prosecution of this action. For instance, I spent a substantial amount of time participating in interviews, meetings and telephone conversations with Class Counsel, who required considerable information pertaining to my enrollment in the Staples Rewards Program, as well as transaction history and receipts from my purchases at Staples.  I also assisted in case investigations.

6.     I spent numerous hours gathering information to support my claims and responding to inquiries from Class Counsel, and I was also subjected to informal discovery demands from Defendant.

7.     I was actively involved in settlement strategy and negotiations, and participated in the mediation telephonically.

8.     I took the initiative to be named in this lawsuit.  In so doing, I accepted substantial risks and responsibilities for the good of the Class.

9.     As the Proposed Class Representative, I willingly risked potential judgment against me if this case had been unsuccessful, and took on the risk of potential liability for the prevailing party's costs.

10.     After the agreement to settle this Action was reached, I approved the proposed fee as consistent with the written retainer agreement I entered into with Class Counsel at the outset of this litigation.

11.     I have also evaluated the Fee Application and fully support the fee requested.  The fee requested is similarly consistent with that described in the retainer agreement I entered into with Class Counsel.

12.     I believe the proposed fee is fair and reasonable in light of the quality of the result obtained, the work counsel performed and the risks of the litigation.

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed July 10, 2017.

Neil Torczyner

# EXHIBIT 5



**KCC**

7/10/2017
**Weekly Case Status Report**

3301 Kerner Blvd
San Rafael, CA 94901
(415) 461-0410

---

**Jay Geraci**
415-798-5919
jgeraci@kccllc.com

**Jenne Chernila**
415-798-5969
jchernila@kccllc.com

| | |
|---|---|
| Claims Filing Deadline: | 7/24/2017 |
| Objection Deadline: | 7/24/2017 |
| Opt-out Deadline: | 7/24/2017 |
| Final Approval Hearing: | 8/28/2017 |

**PLAINTIFF(S) COUNSEL**

Frank R. Schirripa,ESQ.     fschirripa@hrsclaw.com
**Hach Rose Schirripa & Cheverie LLP**

**DEFENSE COUNSEL**

Michelle Doolin, Esq     doolinmc@cooley.com
Darcie A. Tilly     dtilly@cooley.com
**Cooley LLP**

| Torczyner v. Staples, Inc Class Statistics | |
|---|---|
| Total class members | 3,289,078 |
| Total opt-outs: | 19 |
| % opt-outs: | 0.0006% |
| Total claim forms: | 103,863 |
| % claim forms: | 3.1578% |

| Date | Notification Mailings | | | | | Correspondence | | | | Claim Forms | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Notices Mailed | Notices Emailed | RUM[1] | RUM Remailed | FOE[2] | FOE Remailed | Timely Opt-Outs Received | Late Opt-Outs Received | Objections Received | * Total Timely Claims Received | Late Claims Received |
| 5/25/2017 | 490,182 | 2,797,075 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 5/30/2017 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 19,511 | 0 |
| 6/5/2017 | 0 | 0 | 54 | 0 | 0 | 0 | 0 | 0 | 0 | 21,844 | 0 |
| 6/12/2017 | 0 | 0 | 774 | 0 | 0 | 0 | 0 | 0 | 0 | 13,123 | 0 |
| 6/19/2017 | 738,759 | 0 | 0 | 0 | 0 | 0 | 6 | 0 | 0 | 17,909 | 0 |
| 6/26/2017 | 0 | 0 | 3391 | 0 | 0 | 0 | 2 | 0 | 0 | 15,001 | 0 |
| 7/3/2017 | 0 | 0 | 5413 | 0 | 2625 | 2625 | 0 | 0 | 0 | 9,908 | 0 |
| 7/10/2017 | 0 | 0 | 26,599 | 0 | 946 | 946 | 11 | 0 | 0 | 6,567 | 0 |
| **Total:** | **1,228,941** | **2,797,075** | **36,231** | **0** | **3,571** | **3,571** | **19** | **0** | **0** | **103,863** | **0** |

**NOTES**  [1]RUM is an acronym for Returned Undeliverable Mail, indicating mail returned by the United States Postal Service (USPS).
[2]FOE is an acronym for Forward Order Expired, indicating mail returned by the United States Postal Service (USPS) with a forwarding address.

The numbers and statistics on this report are for your reference only and will change throughout the administration process. Final numbers and statistics shall be provided by the Senior Project Manager once response deadlines have passed and all responses have been properly validated.