Caroline Tucker, Esq.
Tucker | Pollard
2102 Business Center Dr., Suite 130
Irvine, CA 92612
Office 949-253-5710
Fax 949-269-6401
ctucker@tuckerpollard.com

*Attorney for Objector*
SCOTT KRON

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEIL TORCZYNER, individually, on behalf of himself, and all others similarly situated,<br>　　　　Plaintiff,<br>vs.<br>STAPLES, INC.,<br>　　　　Defendant. | Case No. 16cv2965<br><br>**NOTICE OF OBJECTION** |

**OBJECTION**

　　Class member and objector, Scott Kron, ("hereinafter Objector") objects to the class action settlement. His address is 29222 Rancho Viego Road, Suite 114, San Juan Capistrano, CA 92675 and his email address associated with his Staples Rewards account is scott@kronandcard.com. His Reward Membership Number is 3957604964 and his phone number is 949-367-0520. He submitted a claim form on 7-18-17 with a claim number of 11601800801.

1

_____
**OBJECTION;** Neil Torczyner v. Staples, Inc.; 16cv2965

This Settlement is plagued with several problems. It is not fair, reasonable, and adequate as required by Federal Rule of Civil Procedure 23(e). First, class counsel has not posted its fee motion on the class action website as of the date of filing of this objection. The Court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion. Fed.R.Civ.P. 23, 2003 Advisory Committee Notes, ¶ 68.  The 9th Circuit has affirmed that the fee motion be available for class members to view before the objection deadline. *In re Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988, 993 (9th Cir. 2010). The parties should be ordered to send out additional notice to let class members know that the fee motion is available for review and give class members additional time to submit claims, object, or opt-out.

Second, assuming that Class Counsel requested the entire $500,000 for attorney's fees as indicated in the Class Notice, this Court should reduce the attorney's fees to 25 percent of what the class will actually recover. "This circuit has established 25% of the common fund as a benchmark award for attorney fees." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1029 (9th Cir. 1998). This Court should not award the entire $500,000 for attorney's fees unless class members will actually receive the maximum amount of $2 million available in Staples Rewards. The Settlement Agreement does not require Staples to make all $2 million available, but instead sets a "Floor Settlement Amount" of just $500,000. It is not fair for all class members to share as little as $500,000 in Staples Rewards while class counsel receives $500,000 in cash.

Finally, this settlement is essentially a coupon settlement and the rules surrounding coupon settlements should be applied. Class members will receive Staples Rewards which

___
**OBJECTION;** Neil Torczyner v. Staples, Inc.; 16cv2965

can only be used at Staples. These Rewards are the equivalent of a Staples coupon. This settlement is very similar to the case in *Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014) *cert. denied sub nom. Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (2015). Like in this case, the RadioShack class members received $10.00 that could only be used in RadioShack. The RadioShack appellate court determined that the vouchers were equivalent to coupons, and this Court should too.

For the foregoing reasons, the Court should deny final approval of the settlement.

Dated: July 20, 2017

_____
SCOTT KRON, Objector

Date:  July 20, 2017

TUCKER | POLLARD

By: _____
Caroline Tucker
*Attorney for Objector*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on July, 21, 2017, and served by the same means on all counsel of record.

/s/ Caroline Tucker

_____
Caroline Tucker

**OBJECTION;** Neil Torczyner v. Staples, Inc.; 16cv2965