Frank R. Schirripa Esq. (admitted pro hac vice)
**HACH ROSE SCHIRRIPA &**
**CHEVERIE LLP**
112 Madison Avenue, 10th Floor
New York, NY 10016
Tel.: (212) 213-8311
Fax: (212) 779-0028
*fschirripa@hrsclaw.com*

*Class Counsel for Plaintiff and the Settlement Class*

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL TORCZYNER, individually, on behalf of himself, and all others similarly situated,<br><br>                  Plaintiff,<br><br>  v.<br><br>STAPLES, INC.,<br><br>                  Defendant. | Case No. 16-cv-02965-JM-JLB<br><br>**CLASS ACTION**<br><br>**REPLY TO OBJECTOR SCOTT KRON'S RESPONSE IN OPPOSITION TO MOTION FOR BOND ON APPEAL**<br><br>Date: October 23, 2017<br>Time: 10:00 am<br>Judge: Hon. Jeffrey T. Miller<br>Courtroom: 5D |

## I. INTRODUCTION

Despite the record being quite clear that neither he nor his attorney were present at the August 28, 2017 fairness hearing, Objector Kron falsely represents to this Court that he raised valid objections.[1] But, as demonstrated in the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Bond on Appeal ("Plaintiff's Motion") filed September 21, 2017 (ECF No. 40), Objector Kron is a "professional objector" who raised no legitimate objections to the class action settlement in this case. Nevertheless, he now seeks to file a meritless appeal to withhold relief to the Class, potentially for a period of years. The appeal will fail, but not before the Class's recovery is unnecessarily delayed and Class counsel spends thousands of dollars and many hours opposing it. For these reasons, Plaintiff requests that an appellate bond of $50,000 be ordered.

## II. PLAINTIFF'S MOTION SHOULD BE GRANTED

Objector Kron falsely contends that Plaintiff's entire bond request solely includes interest and administrative expenses. Although these expenses were factored into the calculation of the bond amount, the costs identified in Rule 39(e) of the Federal Rules of Appellate Procedure were clearly addressed in Plaintiff's Motion. *See* Plaintiff's Motion at 4. Moreover, Rule 7 does not require a plaintiff to make a "delineated showing of costs for a bond motion." *In re Ins. Brokerage Antitrust Litig.*, MDL No. 1663, 2007 WL 1963063, at *3-5 (D.N.J. Jul. 2, 2007).

### A. <u>Administrative costs may be factored into an appeal bond.</u>

Objector Kron attempts to align the Ninth Circuit's approach to defining costs on appeal with that of the Supreme Court, yet the two Ninth Circuit cases he relies upon, *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007) and *In re Magsafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560, 563 (9th Cir. 2014), both solely address the issue of whether or not it is appropriate to include attorneys' fees in

---

[1] *See* Opposition to Plaintiffs' Motion For Bond On Appeal By Objector Scott Kron ("Objector's Opp.") filed on September 30, 2017 (ECF No. 42), at 6.

the calculation of appeal bonds. Because the inclusion of ***attorneys' fees is not and was never addressed*** by the Plaintiff, Objector Kron's reliance on the analyzation of the cost-shifting statutes within these cases is misguided. Moreover, many District Courts within this Circuit have found administrative costs incurred "to continue to service and respond to class members needs pending the appeal" may be properly included when calculating the appropriate amount for an appellate bond. *See Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (ordering a bond of $60,000 to cover Rule 39(e) costs and administrative costs); *In re Netflix Privacy Litig.,* No. 5:11-CV-00379-EJD, 2013 WL 6173772 (N.D. Cal. Nov. 25, 2013) (ordering a bond of $21,519 in administrative costs to cover Rule 39(e) costs and administrative costs); *Redwin v. Sino Clean Energy*, No. CV 11-3936 PA (SSx), 2013 U.S. Dist. LEXIS 197867, at *6 (C.D. Cal. Dec. 20, 2013) (finding administration costs of $16,510.50 attributable to the delay caused by the appeal to be reasonable). Accordingly, the Court may factor administrative costs into an appellate bond calculation.

### B. The Azizian factors favor the imposition of a bond.

Based on Objector Kron's false contention that Plaintiff's bond request only included interest and administrative expenses, he refused to address the *Azizian* factors[2], and offered no explanation as to why the factors would weigh against the imposition of a bond. As demonstrated in Plaintiff's Motion, however, all of the *Azizian* factors weigh in favor of imposing a bond: 1) Objector Kron has made no showing that neither he nor his counsel are financially unable to post the bond; 2) given the Objector's admitted

---

[2] When determining whether a bond should be posted, district courts in the Ninth Circuit consider: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. *Azizian*, 499 F.3d, at 961.

lack of any stake in the litigation[3], the risk that he will not pay is substantial; and 3) Objector Kron's appeal is meritless. *See* Plaintiff's Motion at 4-6.

### C. The requested bond is proper.

Without question Objector Kron's appeal lacks merit, and as Mr. Kron admits, "appeals found to be frivolous cannot command judicial respect." *In re Am. President Lines, Inc.*, 779 F.2d 714, 718 (D.D.C. 1985); *see* Objector's Opp., at 5. Although *Azizian* ultimately determined that courts should no longer consider the frivolity or bad faith of an appeal when determining whether to require a bond, the third factor of *Azizian* (*i.e.*, the merits of the appeal) remains. As such, case law uniformly demonstrates that this Court can and should consider the fact that the Objector is likely to lose his appeal. *Azizian*, 499 F.3d at 961; *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *7 (N.D. Cal. Oct. 21, 2008); *See also Miletak*, 2012 WL 3686785, at *1.

Objector Kron is destined to lose this appeal. He is a "professional objector" who clearly does not care about the individual members in the Case, nor has a problem with delaying or precluding their benefits altogether. He paradoxically contends that he raised "valid objections at the fairness hearing," yet **neither he nor his counsel were even present at the August 28, 2017 hearing**. Notably, at that same hearing, this Court found that none of Mr. Kron's so called "valid" objections merited rejection of the Settlement. *See* Final Approval of Class Settlement and Attorneys' Fees entered on August 28, 2017 (ECF No. 35).

The same then can be said for his appeal, it is simply without merit. Indeed, Objector Kron's argument that he poses a "legitimate, good faith appeal" and that Class Counsel's "[agenda is] not necessarily in the best interest of the class members," Objector Opp. at 6, is belied by his own statement that he has nothing to gain from the

---

[3] *See* Objector's Opposition, at 4-5 ("… Objector stands to pocket no money as a result of this appeal…").

appeal, and the fact that his objections, even if granted, only operate to further slow the Settlement administration, and admittedly would not improve the Class members' recovery under the Settlement. As such, Objector Kron proffers no legitimate argument why an appellate bond should not be required.

## III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests this Court grant Plaintiff's Motion for Bond on Appeal.

Dated: October 16, 2017

**HACH ROSE SCHIRRIPA & CHEVERIE LLP**

By: */s/ Frank R. Schirripa*
Frank R. Schirripa, Esq.
112 Madison Avenue, 10th Floor
New York, NY 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028
*fschirripa@hrsclaw.com*

*Class Counsel for Plaintiff and the Settlement Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
David R. Stickney, Esq.
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel.: 858-793-0070
Fax: 858-793-0323
*davids@blbglaw.com*

*Liaison Counsel for Plaintiff and Settlement Class*

# CERTIFICATE OF SERVICE

I, Frank R. Schirripa, certify that on October 16, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record registered with the CM/ECF system.

Dated: October 16, 2017       **HACH ROSE SCHIRRIPA & CHEVERIE LLP**

By: */s/ Frank R. Schirripa*
    Frank R. Schirripa, Esq.