1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| NEIL TORCZYNER , | CASE NO. 16cv2965 JM(JLB) |
|---|---|

11

Plaintiff,     ORDER GRANTING MOTION FOR
BOND ON APPEAL

v.

12

STAPLES, INC.,

13

Defendant.

14

15      Plaintiff Neil Torczyner moves to require Objector Scott Kron ("Objector") to

16  post a bond as a condition for prosecuting his appeal.  The Objector opposes the

17  motion.  Pursuant to Local Rule 7.1(d)(1), the court finds the matter appropriate for

18  decision without oral argument.  For the reasons set forth below, the court grants the

19  motion for a bond on appeal in the amount of $5,000.  The cash or corporate surety

20  bond must be filed with the Clerk of Court within 14 days of entry of this order.

21                                **BACKGROUND**

22      On December 6, 2016, Plaintiff filed a class action complaint for damages

23  alleging three causes of action: (1) violation of Massachusetts's Regulation of Business

24  Practice and Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2, (Doc. No. 1 ¶¶

25  22–32); (2) breach of contract, (id. ¶¶ 33–36); and (3) breach of the implied duty of

26  good faith and fair dealing, (id. ¶¶ 37–40).  The complaint alleges, in short, that Staples

27  caused participants in its Staples Rewards Program to accrue fewer Rewards points

28  than represented by deducting the total of item-specific coupons proportionally across

1  all items in a single transaction before calculating the amount of Rewards points for the
2  transaction.

3      After conducting discovery, the parties participated in mediation discussions
4  before the Honorable Edward A. Infante.  Shortly thereafter, the parties settled their
5  dispute.  On August 28, 2017, after conducting a full fairness hearing, this court found
6  that "the settlement is fundamentally fair, reasonable, and adequate, and the fee request
7  is reasonable and well supported," and granted final approval of the class action
8  settlement and attorneys' fees in this matter pursuant to Federal Rule of Civil
9  Procedure 23(e) and all applicable Ninth Circuit authority.  See Order granting
10  Plaintiff's Motion for Final Approval of Class Settlement and Attorney's Fees ("Final
11  Approval Order"), entered on August 28, 2017.  (ECF No. 35).  In so ruling, this Court
12  considered and expressly rejected all objections to the settlement, including the
13  objections asserted by the Objector.  Id.  at 10 n.5.

14      On September 9, 2017, Objector filed a Notice of Appeal.  Plaintiff now moves
15  to require Objector to post a bond as a condition to prosecute his appeal.  Objector
16  opposes the motion.

### DISCUSSION

18      Plaintiff seeks the imposition of a $50,000 bond to cover the costs associated
19  with Objector's appeal.   Pursuant to Federal Rule of Appellate Procedure 7, "the
20  district court may require an appellant to file a bond or provide other security in any
21  form and amount necessary to ensure payment of costs on appeal." Fed. R.App. P. 7.
22  In general, the Ninth Circuit interprets the term "costs on appeal" to include "all
23  expenses defined as "costs" by an applicable fee-shifting statute." Azizian v. Federated
24  Dept. Stores, Inc., 499 F.3d 950, 958 (9th Cir. 2007).  "Costs" include those taxable
25  costs identified in Fed.R.App.P. 39 (copying costs, record preparation expenses, and
26  reporter's transcript).  "Costs" do not include an award of attorney's fees to the
27  prevailing party unless (1) a fee-shifting statute applies under the circumstances or
28  (2) the court of appeals award costs pursuant to Fed.R.App.P. 38, including attorney's

1   fees, for filing a frivolous appeal.[1]

2   The court concludes that a bond should be required to protect Plaintiff against
3   the risk of nonpayment of its costs.  In determining whether a bond should be required,
4   the court considers: (1) the appellant's financial ability to post a bond; (2) the risk that
5   the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits
6   of the appeal.  See Azizian, 499 F.3d at 961.  Objector does not reveal his financial
7   ability to pay, Plaintiff will incur additional costs caused by the delay attributable to
8   Objector's appeal, and, for the reasons set forth in the Final Approval Order, the issues
9   raised by the Objector on appeal are not substantial.

10   The amount of additional costs attributable to Objector's appeal is difficult to
11   assess, particularly in light of the unknown duration of the appeal.  The Rule 39 costs
12   (copying and record preparation costs) are not likely to exceed $1,000.  Plaintiff
13   contends, anticipating a two year duration on appeal, that the interest on the estimated
14   $2 million settlement value is about $52,000 at 1.3% interest and, therefore, a $50,000
15   is appropriate under the circumstances.[2]   The court rejects Plaintiff's proposal for a
16   $50,000 bond.

17   The value of the Settlement Rewards at issue is estimated at between $500,000
18   and $2,000,000 .[3]  The settlement is a non-cash settlement.  Plaintiff fails to identify
19   a basis for the imposition of interest charges on a non-cash settlement.
20   Notwithstanding, depending on the duration of the appeal, Plaintiff may incur
21   additional compensable administrative and miscellaneous expenses.   The court
22   concludes that a bond in the amount of $4,000 is sufficient to cover additional
23   administrative expenses, in addition to the estimated Rule 39(e) costs of $1,000.

24   

25   [1] Plaintiff does not identify any basis to award attorney's fees on appeal.

26   [2] The court notes that Plaintiff may request an expedited appeal to minimize any
27   additional costs to the Class.

28   [3] Of the 3.2 million Rewards members who received direct notice of the
Settlement, the claims administrator received about 123,511 timely claims, reflecting
at least $1.23 million in Settlement Rewards.  (ECF 31 at 2).

1    In sum, the court grants the motion for bond on appeal in the amount of $5,000.

2  Objector is instructed to deposit with the Clerk of Court either cash or a corporate

3  surety bond within fourteen days of entry of this order.

4      **IT IS SO ORDERED.**

5  DATED:  November 21, 2017

6  _____

7                              Hon. Jeffrey T. Miller
                               United States District Judge

   cc:          All parties

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28